UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-20237-CR-GAYLES

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

GORDON LOUIS,

        Defendant.

_____/

## MOTION FOR DISCOVERY AND FOR AN EVIDENTIARY HEARING ON THE ISSUE OF SELECTIVE PROSECUTION

Gordon Louis, through undersigned counsel, respectfully moves for discovery and an evidentiary hearing on the issue of selective prosecution based on political affiliation. In support thereof, he states the following:

### I.    Relevant Facts

1.    In September 2020, the state of Florida initiated an investigation to determine if Mr. Louis voted in past elections and was registered to vote as a non-citizen.

2.    In September 2022, the state inspector assigned to the case, Antonio Lynn Mathews, recommended closing the case with no further action.

3.    On November 5, 2024, Republican candidate Donald Trump won the presidential election against Democratic candidate Kamala Harris.

4.    On January 20, 2025, President Trump started his second term in office.

1

5.      In May 2025, Mr. Louis was indicted in the Southern District of Florida on three counts: (1) Casting a False Ballot in violation of 52 U.S.C. § 20511(2)(B) on October 31, 2020; (2) Voting By an Alien in violation of 18 U.S.C. § 611(a) and (3) False Statement Related to Naturalization in violation of 18 U.S.C. § 1015(a). ECF No. [3].

## II.   Law

"Selectivity in the enforcement of criminal laws is . . . subject to constitutional constraints." *Wayte v. United States*, 470 U.S. 598, 608 (1985) (citation omitted).  "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution"—specifically, the equal protection component of the due process clause of the Fifth Amendment. *United States v. Armstrong*, 517 U.S. 456, 463–64 (1996). If "the administration of a criminal law is 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' th[en] the system of prosecution amounts to 'a practical denial' of equal protection of the law." *Armstrong*, 517 U.S. at 464–65 (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886)).

"[T]he decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification[.]'" *Armstrong*, 517 U.S. at 464–65 (citing *Oyler v. Boles,* 368 U.S. 448 (1962)). Basing the decision to prosecute on individuals' political affiliation is one such impermissible factor. *See United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (considering a motion to

dismiss the indictment for selective prosecution based on race and political affiliation by defendants accused of casting fraudulent absentee ballots and voting more than once);[1] *see also United States v. Torquato*, 602 F.2d 564, 568 (3d Cir. 1979); *United States v. Martinez*, 103 F. Supp. 3d 675, 679 (E.D. Pa. 2015) (stating a "defendant's claim of selective prosecution based on his political affiliation was legally valid . . . ." (citing *Torquato*, 602 F.2d at 568)). To prevail on the merits of a claim for selective prosecution, "[t]he claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Armstrong*, 517 U.S. at 465 (citations omitted); *see also Conley v. United States*, 5 F.4th 781, 789 (7th Cir. 2021).

Prior to moving forward with a selective prosecution claim, a claimant may seek discovery and an evidentiary hearing on the claim. To do so, a claimant must "sufficiently establish[] the essential elements of the selective prosecution test to prove a '*colorable entitlement*' to the defense." *United States v. Gordon*, 817 F.2d 1538, 1540 (11th Cir. 1987), *opinion vacated in part on reh'g on other grounds*, 836 F.2d 1312 (11th Cir. 1988) (emphasis added). In other words, a claimant must present "sufficient facts 'to take the question past the frivolous state and raise[] a reasonable doubt as to the prosecutor's purpose.'" *Id.*

---

[1] In *Smith*, the district court granted the defendants' motion for discovery on the selective prosecution claim and held an evidentiary hearing on the selective prosecution, though the issue was not presented to the Eleventh Circuit on appeal. *See United States v. Smith*, 231 F.3d 800, 808 n. 4 (11th Cir. 2000).

### III.   Argument

#### A. Discriminatory Effect

Mr. Louis can establish a colorable claim that the Southern District of Florida's prosecutorial policy on pursuing voter fraud "had a discriminatory effect" on individuals alleged to be unaffiliated with the Republican party, like Mr. Louis. *Armstrong*, 517 U.S. at 465.

In the past five years, in this district, available information shows only ineligible voters allegedly registered as Democrat or independent—with two unknowns—have been singled out for voter-related prosecutions. In the Southern District of Florida, a search for voting-related cases[2] brought from January 1, 2020 to the current time reveals that the only individuals charged with voter fraud allegedly registered as Democrats or as independents: five were registered as Democrats and one as independent.[3] Based on available information, since the beginning of President Trump's administration, no individual registered as a Republican was charged for voter fraud in the district. Further, seven out of the eight individuals prosecuted for ineligible voting in the district were charged after the start of the current Republican administration on January 20, 2025. In one case, though the Government was aware of an individual's voting behavior prior to a first

---

[2] These are cases brought under 18. U.S.C. § 611(a), 18 U.S.C. § 1015(f) and 52 U.S.C. § 20511.

[3] Two individuals' party affiliations are unknown to the defense and not publicly available. One individual whose political affiliation is unknown to the defense was charged in 2021, prior to the beginning of this presidential administration. The other individual whose affiliation is unknown was charged with voter fraud after the start of the Trump administration.

4

indictment filed in 2024, they did not bring voting-related charges until January 31, 2025: eleven days after the start of President Trump's administration.

Ineligible voters registered as Republicans do exist in the state of Florida. State voter fraud commissions have uncovered alleged voter fraud amidst Republicans, Democrats, and independents, including in Florida. *See* Justin Jouvenal, *GOP voter-fraud crackdown overwhelmingly targets minorities, Democrats*, The Washington Post (Dec. 20, 2023), available at https://archive.is/DwlsI#selection-799.0-799.219, (investigating state voter fraud divisions in Florida, Texas, Georgia, Virginia, Ohio and Arkansas from 2020 to 2023 and finding that "[r]egistered Democrats made up 58 percent of those charged whose party could be identified, while registered Republicans were 23 percent. In the rest of the cases, the defendant was not registered with a particular party.") In Florida from 2020 to 2023 (during the time Mr. Louis is accused of voting despite being ineligible), at least some ineligible voters were registered as Republican.[4] Yet not one ineligibly registered Republican voter was federally charged in this district.[5]

---

[4] For instance, both Nathan Hart and John Boyd Rivers were alleged to be ineligible voters, were registered as Republicans and were prosecuted by the state of Florida for voter fraud. *See, e.g.*, *State of Florida v. Nathan Hart*, No. 2022-CF-11041 (13th Jud. Cir., Hillsborough Cty., August 25, 2022); *State of Florida v. John Boyd Rivers*, No. 2022 CF 000924 A (8th Judicial Cir., Alachua Cty., Marc. 30, 2022); Sam Levine, *First case in DeSantis voter fraud crackdown ends with split verdict*, The Guardian (Feb. 8, 2023), available at https://www.theguardian.com/us-news/2023/feb/08/florida-desantis-election-crimes-nathan-hart; Bianca Fortis, *A government official helped them register. Now they've been charged with voter fraud*, WUSF (July 22, 2022), available at https://www.wusf.org/politics-issues/2022-07-22/florida-felonies-voter-fraud.

[5] Further, that no person ineligible to vote may have registered as a Republican voter in the district strains credulity. The Southern District of Florida comprises the

Here, there is evidence of "a pattern of Government activity in the voting fraud cases that were prosecuted[:]" pursuing only those whose political affiliations do not align with the party in power. *Gordon*, 817 F.2d at 1540. Mr. Louis has established a colorable entitlement to a selective prosecution claim as to discriminatory effect.

### B. Discriminatory Purpose

Mr. Louis also establishes a colorable entitlement to a selective prosecution claim as to discriminatory purpose. The current administration has consistently and falsely claimed that only people affiliated with the Democratic party committed voter fraud. On January 5, 2024, then-former president and presidential candidate Donald Trump told rally attendees in Sioux, Iowa, the following, referring to Democrats:

> Anybody that can cheat on an election like that is not stupid. Ok? Because they are professionals are cheating but anybody that can cheat like that, they're not stupid people. So there's two things and then a third, number one, they're stupid. Number two, right. Number two, they hate our country. **And number three, they want those people to vote. And that's a bad one. That's the one that scares us most. And I'm telling you they're signing people. That's what they're doing. And I believe now that that's why they are allowing these people to come in people that don't speak our language, they're signing them up to vote**. And I believe that's why you're having millions of people pour into our country and it could very well affect the next election . . . .

*See, e.g.*, *Former President Trump Holds Rally in Sioux Center, Iowa*, C-SPAN, Jan. 5, 2024, available at https://www.c-span.org/program/campaign-2024/former-

---

counties of Broward, Dade, Highlands, Indian River, Martin, Monroe, Okeechobee, Palm Beach, and St. Lucie. Of these, all but two—Broward and Palm Beach counties—had a majority of Republican votes at the 2024 presidential election. It is statistically implausible that there are no ineligibly registered voter affiliated to the Republican party in this judicial district.

president-trump-holds-rally-in-sioux-center-iowa/636609 (last accessed September 11, 2025). President Trump further shared this theory at a presidential debate on September 10, 2024:

> And a lot of these illegal immigrants coming in, they're trying to get them to vote. They can't even speak English. They don't even know what country they're in practically**. And these people are trying to get them to vote.** And that's why they're allowing them to come into our country.

*Republicans' non-citizen voting myth sets stage to claim stolen election*, The Guardian, available at https://www.theguardian.com/us-news/2024/oct/03/trump-republicans-non-citizen-voters-myth-stolen-election, Oct. 3, 2024 (last accessed September 23, 2025). Repeatedly, the current administration has advanced the narrative that voter fraud was committed by Democrats. It has accordingly selected a majority of Democrats in its prosecution efforts.[6]

Inevitably, when Mr. Louis was arrested, the current administration used his arrest to uphold its narrative of voter fraud by non-citizens. A video of Mr. Louis's arrest was posted by the official Youtube account of Immigrations and Customs Enforcement (@ICEgovofficial), discussing the fact that a Haitian permanent resident was "arrested for unlawful voting and casting a false ballot." 🚨 Watch #ICE Miami

---

[6] These efforts were mostly undertaken after President Trump ordered the Attorney General to prosecute voter fraud by Executive Order in March 2025, entitled "Preserving and Protecting the Integrity of American Elections." Exec. Order No. 14248, 90 Fed. Reg. 14005 (March 28, 2025), available at https://www.federalregister.gov/documents/2025/03/28/2025-05523/preserving-and-protecting-the-integrity-of-american-elections. The order states that "[t]he Attorney General shall prioritize enforcement of 18 U.S.C. 611 and 1015(f) and similar laws that restrict non-citizens from registering to vote or voting…". *Id.* at § 2(e).

arrest a Haitian permanent resident for voter fraud, Youtube by @ICEgovofficial, available at https://www.youtube.com/shorts/U7i99hPIqQM (last accessed on September 24, 2025). The U.S. Attorney's office has also advertised other voter fraud cases in the district, accompanying many voter fraud cases by an official press release.

Mr. Louis has established that (a) only individuals registered as Democrats and independents were prosecuted for voting when ineligible since the start of the current administration; (b) that some ineligible voters were registered Republicans in Florida; and (c) discriminatory purpose against Democrats. As such, Mr. Louis has "presented sufficient evidence to establish a 'colorable entitlement' for a selective prosecution claim, or as one court has held, sufficient facts 'to take the question past the frivolous state and raise[s] a reasonable doubt as to the prosecutor's purpose.'" *Gordon*, 817 F.2d at 1540 (vacating conviction after finding that defendant was "entitled to discovery of the relevant Government documents" and "entitled to an evidentiary hearing on the selective prosecution claim so the full facts may be known," based on his threshold showing). Like Mr. Gordon, Mr. Louis is "entitled to discovery of the relevant Government documents relating to the local voting fraud cases the Government has prosecuted and any voting fraud complaints which they have decided not to pursue[,]" internal communications relating to voter fraud cases, as well as an evidentiary hearing on the matter. *Gordon*, 817 F.2d at 1540.

Permitting criminal prosecutions based on political affiliation would "transform the prosecutorial function from one protecting the public interest through

impartial enforcement of the rule of law to one permitting the exercise of prosecutorial power based on personal or political bias." *Torquato*, 602 F.2d at 568. This type of political bias is of particular concern when a party in power seeks to target its political opponents. In pointing to a "credible showing" of different treatment for similarly situated persons, Mr. Louis has established his entitlement to discovery and an evidentiary hearing on his selective prosecution claim. *Armstrong*, 517 U.S. at 470.

Undersigned has conferred with AUSA Timothy Farina, who advised that the government opposes this motion.

WHEREFORE, Mr. Louis, through counsel, respectfully requests that the Court grant this motion, order discovery, and hold an evidentiary hearing on the matter.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By: */s/ Helene Barthelemy*
Helene Barthelemy
Assistant Federal Public Defender
Florida Bar No.: 1044459
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 530-7000
E-mail: Helene_barthelemy@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **October 14, 2025**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   */s/ Helene Barthelemy*
Helene Barthelemy