**EXHIBITS 13-22**

**Florida State Voter Fraud Cases**

<u>**Exhibit 13a**</u>

**Elections Fraud Complaint against Robert Rivernider Jr.**

# ELECTIONS FRAUD COMPLAINT

*Voter Fraud Hotline Telephone number 1-877-868-3737*

2023CF001211

Under section 97.012(15), Florida Statutes, the Department of State has authority to conduct preliminary investigations into any allegations of irregularities or fraud involving voter registration or voting, or candidate or issue petition activities. The Department may then report its findings to the Office of Statewide Prosecution or to the State Attorney for the judicial circuit in which the alleged violation occurred for prosecution, where warranted.

Please return the completed complaint form to:    Florida Department of State, Office of the General Counsel
1st Floor, R.A. Gray Building
500 S. Bronough Street
Tallahassee, Florida 32399-0250

You will receive a written response from the Department of State at the end of its investigation.

## PERSON BRINGING COMPLAINT

Name William Keen, Sumter County Supervisor of Elections     Day Phone █████     Evening Phone n/a

Address ████████████████████

County S███████████

E-mail A████████████

## PERSON OR ENTITY AGAINST WHOM COMPLAINT IS BROUGHT (limit one person/entity per form)

Name **Robert H. Rivernider, Jr.**     Work Phone ████████

████████ 1965  Last 4 SSN: ████

*Person's title of office or position held or sought if applicable*
████████████

Address ████████████

County **Sumter**     State **FL**

Name of Governmental Office or Private Entity/Office
City **Wildwood**     Zip Code **34785**

*(stamp: GLORIA R. HAYWARD CLERK OF CIRCUIT COURT / 2023 SEP 27 PM 1:20 / SUMTER COUNTY, FLA)*

Have you filed this complaint with the (check all that apply):

| | Yes | No |
|---|---|---|
| State Attorney's Office | ✓ | |
| Office of Statewide Prosecution | | ✓ |
| Florida Department of Law Enforcement | | ✓ |
| Florida Elections Commission | | ✓ |
| Florida Commission on Ethics | | ✓ |

**VIOLATION:** If you believe any irregularities or fraud involving voter registration or voting, or candidate or issue petition activities have been committed, please state the specific acts committed by the person or entity named in this complaint:

Fla. Stat. 104.041   Fraud in connection with casting vote.—Any person perpetrating or attempting to perpetrate or aid in the perpetration of any fraud in connection with any vote cast, to be cast, or attempted to be cast, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

**STATEMENT OF FACTS**

State in your own words exactly what happened. Please include details such as what happened, where the events or acts happened, when they happened (including dates and times), what you were told, who spoke to you and to whom you spoke, what you agreed or did not agree to, and who else saw or knows about what happened. Include the names, addresses and phone numbers of relevant persons. Also, give any reasons why you feel that the person or entity against whom you have brought this complaint knew that his or her actions were wrongful. The more specific information that you provide to us, the better we will be able to assist you.

Robert Henry Rivernider, Jr. is alleged to have signed the vote by mail ballot for his deceased father Robert Henry Rivernider, Sr. Robert Henry Rivernider, Sr. is believed to have died on October 19, 2020. The Vote By Mail envelope for Sr. was signed and dated October 16, 2020, but postmarked on 10-23-2020. Sr's Vote By Mail envelope was received by the Supervisor of Elections on 10-26-2020. Since the postmarked date was after the date of the death, the ballot was not counted. However, based on comparison of signatures for both Jr. and Sr. there appear to be similarities between the signatures in the 2020 election that match Jr.s signature, but not prior versions of Sr.s signature. On information and belief, it is alleged that Jr. signed the ballot of Sr in the 2020 election. Please see the attached documents.

☑ Check here if additional pages or documents are attached.

_____     8-8-2023
Signature of complainant                        Date Signed

**William Keen, Sumter County Supervisor of Elections**
Print or type name of complainant

It is a third-degree felony for any person to knowingly and willfully make any false, fictitious, or fraudulent statement or representation in any matter within the jurisdiction of the Department of State. *See* § 817.155, Fla. Stat.

*THIS COMPLAINT IS NOT CONFIDENTIAL. ONCE IT IS FILED WITH THE DEPARTMENT OF STATE, IT BECOMES A PUBLIC RECORD.*

**<u>Exhibit 13b</u>**

**State Information against Robert Rivernider Jr. charging Mr.**

**Rivernider with voter fraud**

**September 27, 2023**

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR SUMTER COUNTY

STATE OF FLORIDA

CASE NO 2023 CF 001211

vs.

ROBERT HENRY RIVERNIDER JR  (A) W/M, 08/26/1965

**INFORMATION**

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

WILLIAM M GLADSON, State Attorney for the Fifth Judicial Circuit of the State of Florida, in and for Sumter County prosecuting for the State of Florida, by and through the undersigned Assistant State Attorney, in the said County, under oath, information makes that, in the County of Sumter, and the State of Florida:

COUNT I:  FORGERY OF A PUBLIC RECORD, ETC (F3)
831.01

ROBERT HENRY RIVERNIDER JR on or about October 16, 2020, did falsely make, alter, forge, or counterfeit a return or attestation of any clerk or register of a court, public register, notary public, town clerk or any public officer, in relation to a matter wherein such return or attestation may be received as a legal proof, with the intent to injure or defraud any person, in violation of Florida Statute 831.01

COUNT II:  FRAUD IN CONNECTION WITH CASTING A VOTE (F3)
104.041

ROBERT HENRY RIVERNIDER JR on or about October 16, 2020, did perpetrate or aid in the perpetration of any fraud in connection with any vote cast, to be cast, or attempted to be cast, in violation for Florida Statute 104.041

STATE OF FLORIDA, COUNTY OF SUMTER

Personally appeared before me, WILLIAM M GLADSON, State Attorney for the Fifth Judicial Circuit, State of Florida, in and for Sumter County, or his duly designated Assistant State Attorney, who first being sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged.  Prosecution instituted in good faith and subscribed under oath, certifying he or she has received testimony under oath from the material witness or witnesses of the offense.

WILLIAM M GLADSON

S-2023-31277-A

PAGE 2
STATE OF FLORIDA VS ROBERT HENRY RIVERNIDER JR et al

State Attorney

JOSEPH O CHURCH
Assistant State Attorney
Fifth Judicial Circuit of Florida
Florida Bar No. 0115110

Sworn to and subscribed before me this __21st__ day of September, 2023.

Affiant Personally Known to Notary Public

> MARIA A. LARRIS
> Commission # HH 224448
> Expires February 25, 2026

FCIC REFERENCE NUMBERS:
1) FORGERY OF A PUBLIC RECORD, ETC 2502
2) FRAUD IN CONNECTION WITH CASTING A VOTE 2699

S-2023-31277-A

**<u>Exhibit 13c</u>**

**State Judgment Robert Ribernider Jr.**

Gloria R. Hayward, Sumter County Clerk of Court
Inst: 202460001474 Date: 01/12/2024 Time: 8:55AM
Page 1 of 9 B: 4583 P: 794 By: MC

In the Circuit Court, **FIFTH** Judicial Circuit, in and for **SUMTER** County, Florida

_ Probation Violator

_ Community Control Violator

_ Retrial

_ Resentence

Division: __**CIRCUIT CRIMINAL**

Case Number: **2023CF001211**

State of Florida

v.

**ROBERT HENRY RIVERNIDER JR**
Defendant

## JUDGMENT

The defendant, **ROBERT HENRY RIVERNIDER JR** _____, being personally before this court represented by **ANTHONY SABATINI, ESQ (AT TRIAL)** _____, the attorney of record, and the state represented by **JOSEPH CHURCH, ASA** _____, and having

**X**    Been tried and found guilty by jury/by court of the following crime(s)

_    Entered a plea of guilty to the following crime(s)

_    Entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offense Statute Numbers | Degree Of Crime | Case Number | OBTS Number |
|---|---|---|---|---|---|
| I | FORGERY OF A PUBLIC RECORD | 831.01 | 3 °☐F | 23CF1211 | 6002033152 |
| II | UTTERING FORGED PUBLIC RECORD | 831.02 | 3 °☐F | 23CF1211 | |
| III | FRAUD IN CONNECTION WITH CASTING A | 104.041 | 3 °☐F | 23CF1211 | 6002033152 |
| | VOTE | | ☐ | | |
| | | | ☐ | | |
| | | | ☐ | | |
| | | | ☐ | | |
| | | | ☐ | | |
| | | | ☐ | | |
| | | | ☐ | | |

**X**    and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

_    and being a qualified offender pursuant to section 943.325, Florida Statutes, the defendant shall be required to submit DNA samples as required by law.

_    And good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILTY BE WITHHELD.

DONE AND ORDERED in open court in BUSHNELL, SUMTER County, Florida, this 9th day of JANUARY, 2024.

_____
Judge

Page 1 of 9.

# IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR SUMTER COUNTY FLORIDA

STATE OF FLORIDA,
-vs-
**RIVERNIDER JR, ROBERT HENRY**

UCN: 602023CF001211CFAXMX
Case Number: 2023CF001211AXMX

**Fingerprint Form**

**Gloria R. Hayward, Sumter County Clerk of Court**
**Inst: 202460001474 Date: 01/12/2024 Time: 8:55AM**
**Page 2 of 9  B: 4583  P: 795  By: MC**

| 1 R Thumb | 2 R Index | 3 R Middle | 4 R Ring | 5 R Little |
|---|---|---|---|---|

Fingerprints taken by _____
Name

_____
Title

I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the defendant, RIVERNIDER JR, ROBERT HENRY, and that they were placed thereon by the defendant in my presence this __9__ day of *JAN*_____, 20 _24_

_____
Defendant

_____
Court Officer/Court Employee/Criminal Justice
Agency Employee

2 of 9

Gloria R. Hayward, Sumter County Clerk of Court
Inst: 202460001474 Date: 01/12/2024 Time: 8:55AM
Page 3 of 9 B: 4583 P: 796 By: MC

In the Circuit Court, **FIFTH** Judicial Circuit, in and for **SUMTER** County, Florida

State of Florida

V

**ROBERT HENRY RIVERNIDER JR**

Defendant

Division: **CIRCUIT CRIMINAL**

Case Number: **2023CF001211**

### CHARGES/COSTS/FEES

The defendant is hereby ordered to pay the following sums if checked:

**X**  $50.00 pursuant to section 938.03, Florida Statutes (Crimes Compensation Trust Fund).

**X**  $3.00 as a court cost pursuant to section 938.01, Florida Statutes (Criminal Justice Trust Fund).

**X**  $2.00 as a court cost pursuant to section 938.15, Florida Statutes (Criminal Justice Education by Municipalities and Counties) Sumter County Ordinance 82-12.

_  A fine in the sum of $_____ pursuant to section 775.0835, Florida Statutes. (This provision refers to the optional fine for the Crimes Compensation Trust fund and is not applicable unless checked and completed. Fines imposed as a part of a sentence to section 775.083, Florida Statutes are to be recorded on the sentence page(s).)

**X**  A sum of $100.00 pursuant to section 938.27(8), Florida Statutes (Costs of Prosecution).

_  A sum of $_____ pursuant to section 938.29, Florida Statutes (Public Defender/Appointed Counsel Fees).

_  Restitution in accordance with attached order.

_  $201.00 pursuant to section 938.08, Florida Statutes (Funding Programs in Domestic Violence).

_  A sum of $_____ for the cost of collecting the DNA sample required by section 943.325, Florida Statutes.

**X**  $50.00 pursuant to section 775.083(2), Florida Statutes (Crime Prevention) – COUNT 1.

**X**  A sum of $225.00 pursuant to section 938.05(1)(a), Florida Statutes (Additional Court Costs).

**X**  $65.00 pursuant to section 939.185(1)(a), Florida Statutes and Sumter County Ordinance 2004-18 (BOCC Additional Costs) EACH COUNT

**X**  $3.00 pursuant to section 938.19, Florida Statutes and Sumter County Ordinance 2008-11 (Teen Court) EACH COUNT

_  $_____ pursuant to section 27.52, Florida Statutes (Public Defender Application Fee).

_  $30.00 pursuant to section 318.18(13)(a), Florida Statutes and Sumter County Ordinance 2009-18 (Court Facilities)

_  $3.00 pursuant to section 318.18(17), Florida Statutes (State Radio System Surcharge)

_  $151.00 pursuant to section 938.085, Florida Statutes (Rape Crisis Trust Fund)

_  $151.00 pursuant to section 938.10, Florida Statutes (Crimes Against Minors)

_  $100.00 pursuant to section 938.055, Florida Statutes (FDLE Operating Trust Fund)

_  $5.00 pursuant to section 316.192(4), Florida Statutes (Emergency Medical Services)

_  $135.00 pursuant to section 938.07, Florida Statutes (DUI Assessment)

_  $15.00 pursuant to section 938.13, Florida Statutes and Sumter County Ordinance 98-3

_  $65.00 pursuant to section 318.18(20), Florida Statutes (DOH Administrative Trust Fund)

_  $_____ pursuant to section 938.27(1), Florida Statutes (Cost of Investigation).

Page 3 of 9.

Gloria R. Hayward, Sumter County Clerk of Court
Inst: 202460001474 Date: 01/12/2024 Time: 8:55AM
Page 4 of 9  B: 4583  P: 797  By: MC

- $1001.00 surcharge for Fraudulently Using Personal Identification Information pursuant to section 817.568(12)(a)(b)(c), Florida Statutes.

- $5000.00 sucharge for Commit Prostitution pursuant to section 796.07(6), Florida Statutes.

- $50.00 a day Cost of Incarceration pursuant to section 960.293(2), Florida Statutes – Lien of Record

- Other: _____

DONE AND ORDERED in open court in  BUSHNELL, SUMTER  County, Florida, this 9th day of JANUARY, 2024.

_David B. Eddy_
Judge

Page 4 of 9.

Gloria R. Hayward, Sumter County Clerk of Court
Inst: 202460001474 Date: 01/12/2024 Time: 8:55AM
Page 5 of 9 B: 4583 P: 798 By: MC

Defendant: __ROBERT HENRY RIVERNIDER JR__ Case Number: __2023CF001211__ OBTS Number: __6002033152__

## SENTENCE

(As to Count _I_)

The defendant, being personally before this court, accompanied by the defendant's attorney of record, __ANTHONY SABATINI, ESQ. (AT TRIAL)__ , and having been adjudicated herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,

(check one if applicable)

_ and the Court having on _____ deferred imposition of sentence until this date.
                           date

_ and the Court having previously entered a judgment in this case on _____ now resentences the
  defendant.                                                          date

_ and the Court having placed the defendant on probation/community control and having subsequently revoked the defendant's probation/community control.

**It is The Sentence of The Court That:**

X    The defendant pay a fine of $ __250.00__ , pursuant to section 775.083, Florida Statutes, plus $ __12.50__ as the 5% surcharge required by section 960.25, Florida Statutes; plus $ __20.00__ pursuant to section 938.06 Florida Statutes.

_    The defendant is hereby committed to the custody of the Department of Corrections.

X    The defendant is hereby committed to the custody of the Sheriff of __SUMTER__ County, Florida.

_    The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**To Be Imprisoned (check one; unmarked sections are inapplicable):**

_    For a term of natural life.

X    For a term of __180 (ONE HUNDRED EIGHTY) DAYS__ .

_    Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

If "split" sentence, complete the appropriate paragraph.

_    Followed by a period of _____ on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.

_    However, after serving a period of _____ imprisonment in ____, the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

Page _5_ of _9_ .

**Gloria R. Hayward, Sumter County Clerk of Court**
**Inst: 202460001474 Date: 01/12/2024 Time: 8:55AM**
**Page 6 of 9 B: 4583 P: 799 By: MC**

Defendant: __ROBERT HENRY RIVERNIDER JR__ Case Number: __2023CF001211__ OBTS Number: __6002033152__

## SENTENCE

### (As to Count __II AND III__)

The defendant, being personally before this court, accompanied by the defendant's attorney of record, __ANTHONY SABATINI, ESQ. (AT TRIAL)__, and having been adjudicated herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,

    (check one if applicable)

_ and the Court having on _____ deferred imposition of sentence until this date.
               date

_ and the Court having previously entered a judgment in this case on _____ now resentences the defendant.
                                 date

_ and the Court having placed the defendant on probation/community control and having subsequently revoked the defendant's probation/community control.

**It is The Sentence of The Court That:**

_ The defendant pay a fine of $ _____, pursuant to section 775.083, Florida Statutes, plus $ _____ as the 5% surcharge required by section 960.25, Florida Statutes; plus $ _____ pursuant to section 938.06 Florida Statutes.

_ The defendant is hereby committed to the custody of the Department of Corrections.

__X__ The defendant is hereby committed to the custody of the Sheriff of __SUMTER___ County, Florida.

_ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**To Be Imprisoned (check one; unmarked sections are inapplicable):**

_ For a term of natural life.

__X__ For a term of __180 (ONE HUNDRED EIGHTY) DAYS, EACH COUNT____.

_ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

If "split" sentence, complete the appropriate paragraph.

_ Followed by a period of _____ on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.

_ However, after serving a period of _____ imprisonment in _____, the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

Gloria R. Hayward, Sumter County Clerk of Court
Inst: 202460001474 Date: 01/12/2024 Time: 8:55AM
Page 7 of 9 B: 4583 P: 800 By: MC

Defendant: **ROBERT HENRY RIVERNIDER JR** Case Number: **2023CF001211**

## SPECIAL PROVISIONS

(As to Count **I, II AND III**)

By appropriate notation, the following provisions apply to the sentence imposed:

### Mandatory/Minimum Provisions

| | | |
|---|---|---|
| **Firearm** | – | It is further ordered that the 3-year minimum imprisonment provisions of section 775.087 (2), Florida Statutes is hereby imposed for the sentence specified in this count. |
| **Drug Trafficking** | – | It is further ordered that the _____ mandatory minimum imprisonment provision of section 893.135(1), Florida Statutes is hereby imposed for the sentence specified in this count. |
| **Controlled Substance Within 1,000 Feet of School** | – | It is further ordered that the 3-year minimum imprisonment provisions of section 893.13 (1) (c) 1, Florida Statutes is hereby imposed for the sentence specified in this count. |
| **Habitual Felony Offender** | – | The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084 (4) (a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court. |
| **Habitual Violent Felony Offender** | – | The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084 (4) (b), Florida Statutes. A minimum of _____ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court. |
| **Law Enforcement Protection Act** | – | It is further ordered that the defendant shall serve a minimum of _____ year(s) before release in accordance with section 775.0823, Florida Statutes. (Offenses committed before 1/1/1994.) |
| **Capital Offense** | – | It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082 (1), Florida Statutes. (Offenses committed before 10/1/1995.) |
| **Short-Barreled Rifle, Shotgun, Machine Gun** | – | It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes are hereby imposed for the sentence specified in this count. (Offenses committed before 1/1/1994.) |
| **Continuing Criminal Enterprise** | – | It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes are hereby imposed for the sentence specified in this count. (Offenses committed before 1/1/1994.) |
| **Taking a Law Enforcement Officer's Firearm** | – | It is further ordered that the 3-year mandatory minimum imprisonment provision of section 775.0875 (1), Florida Statutes is hereby imposed for the sentence specified in this court. (Offenses committed before 1/1/1994.) |

Gloria R. Hayward, Sumter County Clerk of Court
Inst: 202460001474 Date: 01/12/2024 Time: 8:55AM
Page 8 of 9 B: 4583 P: 801 By: MC

Defendant: **ROBERT HENRY RIVERNIDER JR** _____ Case Number: **2023CF001211**

## SPECIAL PROVISIONS

**Sexual Offender/Sexual Predator Determinations:**

| | | |
|---|---|---|
| **Sexual Predator** | — | The defendant is adjudicated a sexual predator as set forth in section 775.21, Florida Statutes. |
| **Sexual Offender** | — | The defendant meets the criteria for a sexual offender as set forth in section 943.0435(1)(a)1a1, b.,c., or d., Florida Statutes. |
| **Age of Victim** | | The victim was _years of age at the time of the offense. |
| **Age of Defendant** | | The defendant was _ years of age at the time of the offense. |
| **Relationship to Victim** | | The defendant is not the victim's parent or guardian. |
| **Sexual Activity** | — | The offense _ did _ did not involve sexual activity. |
| **Use of Force or Coercion** | | The sexual activity described herein _ did _ did not involve the use of force or coercion. |
| **Use of Force or Coercion/Unclothed Genital [F.S.800.04(5)]** | | The molestation _ did _ did not involve unclothed genital or genital area. The molestation _ did _ did not involve the use of force or coercion. |

**Other Provisions:**

| | | |
|---|---|---|
| **Criminal Gang Activity** | — | The felony conviction is for an offense that was found, pursuant to section 874.04, Florida Statutes to have been committed for the purpose of benefiting, promoting, or furthering the interest of a criminal gang. |
| **Retention of Jurisdiction** | — | The court retains jurisdiction over the defendant pursuant to section 947.16 (4), Florida Statutes (1983). |
| **Jail Credit** | X | It is further ordered that the defendant shall be allowed a total of 1 days as credit for time incarcerated before imposition of this sentence. |

**CREDIT FOR TIME SERVED IN RESENTENCING AFTER VIOLATION OF PROBATION OR COMMUNITY CONTROL**

— It is further ordered that the defendant be allowed _____ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served only pursuant to section 921.0017, Florida Statutes on case/count _____. (Offenses committed on or after January 1, 1994.)

— It is further ordered that the defendant be allowed _____ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served and unforfeited gain time previously awarded on case/count _____. (Offenses committed before October 1, 1989.)

— It is further ordered that the defendant be allowed _____ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served on case/count _____. (Offenses committed between October 1, 1989 and December 31, 1993.)

Gloria R. Hayward, Sumter County Clerk of Court
Inst: 202460001474 Date: 01/12/2024 Time: 8:55AM
Page 9 of 9 B: 4583 P: 802 By: MC

_ The Court deems the unforfeited gain time previously awarded on the above case/count forfeited under section 948.06(7), Florida Statutes.

_ The Court allows unforfeited gain time previously awarded on the above case/count. (Gain time may be subject to forfeiture by the Department of Corrections under section 944.28(1), Florida Statutes.)

**Consecutive/ Concurrent As to Other Counts**

X It is further ordered that the sentence imposed for **EACH** count shall run (check one):

_____ Consecutive to **X** Concurrent with the sentence set forth in **EACH** count of this case.

**Consecutive/ Concurrent As to Other Convictions**

_ It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run (check one):

_____ Consecutive to _____ Concurrent with (check one) the following:

_____ Any active sentence being served.
_____ Specific sentences: _____

In the event the above sentence is to the Department of Corrections, the Sheriff of _SUMTER_ County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal at the expense of the state on showing of indigency.

In imposing the above sentence, the court further orders: **DOWNWARD DEPARTURE SENTENCE. MOTION TO DISMISS ATTORNEY GRANTED AT SENTENCING.** *But trial counsel was appointed as standby counsel. DBE*

DONE AND ORDERED in open court at __BUSHNELL, SUMTER__ County, Florida, this 9th day of JANUARY, 2024.

_David B. Eddy_
Judge

Page 9 of 9.

<u>Exhibit 13d</u>

**Federal judgment from Connecticut - Robert Rivernider**

**December 18, 2013**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | **JUDGMENT** |
| | 2013 DEC 23 A 10: 49 |
| V. | CASE NO. 3:10CR222(RNC) |
| | US DISTRICT COURT USM: 96006-004 |
| ROBERT RIVERNIDER | HARTFORD CT |

FILED

Government's Counsel:
John H. Durham
Christopher W. Schmeisser
U.S. Attorney's Office
157 Church Street, 23rd floor
New Haven, Connecticut 06510

Defendant's Counsel:
James W. Bergenn
Shipman & Goodwin
One Constitution Plaza
Hartford, Connecticut 06103-1919

The defendant pleaded guilty to Counts One through Eighteen of the Indictment. Accordingly, the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Counts |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | April 2008 | 1 & 9 |
| 18 U.S.C. § 1343 | Wire Fraud | April 2008 | 2-8 |
| 18 U.S.C. § 1343 | Wire Fraud | April 2008 | 10-18 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court imposes a non-Guidelines sentence. A lengthy period of imprisonment is necessary in this case to adequately serve the purposes of a criminal sentence under 18 U.S.C. § 3553 in view of the nature, scope and duration of the fraudulent conduct of the defendant and his co-conspirators, the defendant's role as the leader of the conspiracy, and the extensive harm, both economic and non-economic, that was foreseeably caused to the numerous victims of the defendant's fraudulent schemes, especially the individual victims and their families. The extraordinarily long sentence suggested by U.S.S.G. § 2B1.1 is harsher than necessary, however, because the defendant is a 48 year old first offender with two young children, which makes any period of incarceration particularly punitive for him; he did not set out to cause harm; the harm caused by his fraudulent conduct was greatly increased by the collapse of the real estate market; any financial benefit he derived from the fraudulent schemes was minimal compared to the losses; and although his request for a diminished capacity departure under U.S.S.G. § 5K2.13 has been denied, he does appear to suffer from an untreated mental health condition that is present to an unusual degree and likely was a factor in his offense conduct.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 144 months on each of Counts 1 through 18, all terms to be served concurrently. The defendant will self-surrender to the facility designated by the Bureau of Prisons no later than 11:00 a.m. on January 29, 2014. In the absence of a designation, the defendant will self-surrender to a Bureau of Prisons facility as directed by the United States Marshal for the Southern District of Florida.

## RECOMMENDATIONS TO THE BUREAU OF PRISONS

The Court recommends to the Bureau of Prisons that the defendant be designated to serve his term of imprisonment at the following facilities in this order of preference: 1) FCI Miami Satellite Camp; 2) FCI Coleman; and 3) FPC Pensecola, FL.

## SUPERVISED RELEASE

The defendant will be on supervised release for a term of three years on each of Counts 1-8 and 10-13, and five years on each of Counts 9, and 14-18, all terms to run concurrently, subject to the mandatory and standard conditions of supervised release set forth below. In addition, the following special conditions are imposed:

1.    The defendant will pay restitution at a rate of $500 per month. Monthly payments will be sent to the Clerk, U.S. District Court, 141 Church Street, New Haven, CT 06510. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the Court. The defendant will pay restitution in accordance with a restitution order that will be entered in this case at a later date.

2.    The defendant will not incur credit card charges of more than $250, open additional lines of credit or incur other indebtedness without the prior permission of the Probation Office.

3.    The defendant will provide the Probation Office with any requested financial information.

4.    As directed by the Probation Office, the defendant will notify third parties of risks that may be occasioned by his criminal record or personal history and characteristics, and will permit the Probation Office to make such notifications and to confirm the defendant's compliance with this notification requirement.

5.    The defendant will participate in a program of mental health evaluation, counseling and treatment under the direction of the Probation Office. The defendant will pay all or part of the costs associated with this treatment based on his ability to pay in an amount to be determined by the Probation Office.

6.    The defendant will perform 120 hours of community service under the direction of the Probation Office.

5.    The defendant will not possess a firearm or other dangerous weapon.

6.    The defendant will avoid all contact with the victims in this case, excluding members of his immediate family, without prior permission of the Probation Office.

## MONETARY PENALTIES

The defendant will pay a special assessment of $100 on each of Counts 1-18 for a total of $1,800.

## RESTITUTION

The defendant will pay restitution in accordance with the restitution order that will be entered in this case.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the restitution and special assessments imposed by this judgment are paid.

**DATE: December 18, 2013**
Date of Imposition of Sentence

/s/ Robert N. Chatigny, USDJ

Robert N. Chatigny, United States District Judge
Date: December 20, 2013

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

Joseph P. Faughnan
United States Marshal

By _____
Deputy Marshal

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE _____*
*Roberta D. Tabora, Clerk*
*BY: _____*
*Deputy Clerk*

**CONDITIONS OF SUPERVISED RELEASE**

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ■ (7) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment; or if such notification is not possible, then within five days after such change;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

**(Signed)** _____     _____

           **Defendant**                       **Date**

          _____     _____

           **U.S. Probation Officer/Designated Witness**        **Date**

<u>**Exhibit 13e**</u>

**Federal order transferring probation for Robert**

**Rivernider**

| TRANSFER OF JURISDICTION | DOCKET NUMBER (*Tran. Court*)<br>0205 3:10CR00222-001 |
|---|---|
| | DOCKET NUMBER (*Rec. Court*)<br>5:24-cr-138-TPB-PRL |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE<br><br>Robert Rivernider<br>Wellington, FL  33411 | DISTRICT<br>CONNECTICUT | DIVISION<br>HARTFORD |
|---|---|---|

|  | NAME OF SENTENCING JUDGE<br>Honorable Robert N. Chatigny, U.S. District Judge |  |  |
|---|---|---|---|
|  | DATES OF PROBATION/<br>SUPERVISED RELEASE: | FROM<br>05/14/2020 | TO<br>05/13/2025 |

**OFFENSE**
FRAUD BY WIRE - RADIO - OR TELEVISION

JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, violation of supervision)
Mr. Rivernider has established himself in Middle District of Florida.  He has no ties to Connecticut and no plans of returning to Connecticut.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE                    DISTRICT OF CONNECTICUT

     IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Middle District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

<u>    March 28, 2024    </u>
*Date*

<u>Robert N Chatigny</u> Digitally signed by Robert N Chatigny
Date: 2024.03.28 10:39:56 -04'00'
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE          MIDDLE          DISTRICT OF FLORIDA

     IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

<u>                    </u>
*Effective Date*

<u>                    </u>
*United States District Judge*

**Exhibit 13f**

**Article from Channel 6/ClickOrlando indicating that Mr. Rivernider is a**

**Republican party activist**



NEWS          WATCH LIVE          WEATHER          GETTING RESULTS.          TRAFFIC          FEATURES          SPORTS

TRENDING          ptied days after her death     |     Florida lawmakers OK 7 property tax amendments. Here's the list     |     Florida approves largest FPL rat

**POLITICS**

# GOP activist from The Villages found guilty of 2020 election voter fraud

Robert Rivernider Jr. was accused of forging a vote-by-mail ballot

**Christie Zizo**, Digital Journalist

Published: December 6, 2023 at 12:12 PM
Updated: December 6, 2023 at 1:35 PM

Tags: **The Villages, Lake County, Sumter County, Politics, Crime, Elections**



*Robert Rivernider. (Sumter County Sheriff's Office)*

FREE 65" SMART TV

FURNITURE

RESTRICTIONS APPLY

Robert Rivernider Jr., 58, is accused of signing his father's name to a vote-by-mail ballot. According to Sumter County Elections Supervisor Bill Keen, Rivernider's father died on Oct. 19, 2020. He had a ballot dated and signed on Oct. 16, 2020, and postmarked on Oct. 23, 2020.

*Recommended Videos*



However, Keen said the signature on the ballot was different than previous versions of the father's signature in the agency's records, and was also very similar to Rivernider's own signature in 2020.

Rivernider was found guilty of forgery to alter public records, fraud in connection with casting a vote, and pass counterfeit instrument, which are felony charges. He could face several years in prison.

Rivernider is a Republican Party activist, with a **website** that touts his experience with several party campaigns, including the Trump and Bush/Cheney presidential campaigns and the Laura Loomer congressional campaign in 2022.

*Advertisement*

*Advertisement*

Several residents from The Villages have faced charges in the last few years for voter fraud related to the 2020 election. News 6 has reported that **at least four Villages residents were charged with voting twice in the election**. All of them entered into a pre-trial intervention program to avoid potential prison time.

Rivernider's case, however, stemmed from a complaint filed through the Florida Office of Election Crimes and Security, which Gov. Ron DeSantis established in 2022. The case was then investigated and prosecuted through the state attorney's office for the Fifth Judicial Circuit.

**Get today's headlines in minutes with Your Florida Daily:**



Your Florida Daily
**Special Episode: Lap of Love**

SAVE TO SPOTIFY   SHARE   SUBSCRIBE   DESCRIPTION

IN THIS PLAYLIST                                                    10 OF 651 EPISODES

Special Episode: Lap of Love                                        12 min

Wednesday, February 5th 2025                                        4 min

Tuesday, February 4th 2025                                          5 min

Monday, February 3rd 2025                                           4 min

Friday, January 31st 2025                                           4 min

*Copyright 2023 by WKMG ClickOrlando - All rights reserved.*

Advertisement



### Christie Zizo

Christie joined the ClickOrlando team in November 2021.

✉ **email**

<
>

**Sisters find mother's Ocala apartment emptied days after her death**

▶ 0:29

**Shots fired at Deltona home after attempted break-in, deputies say**

▶ 0:45

## RELATED STORIES

**'Totes Legit' tipster found 282 possible voter fraud cases in Florida; few prosecuted outside The Villages**

Advertisement

GOP activist from The Villages found guilty of 2020 election voter fraud

**3rd resident of The Villages admits to voting twice in the 2020 election**

**4th resident of The Villages admits to voting twice in the 2020 election**

**2 residents of The Villages admit to voting twice in 2020 election**

| **AROUND THE WEB**                                    Powered by **REVCONTENT**

Advertisement

11/21/25, 9:48 AM
Case 1:25-cr-20237-DPG   Document 43-3   Entered on FLSD Docket 11/21/2025   Page 31 of 168
GOP activist from The Villages found guilty of 2020 election voter fraud



Copyright © 2025 ClickOrlando.com is managed by Graham Digital and published by Graham Media Group, a division of Graham Holdings.

Advertisement

**Exhibit 13g**

**Third Party Voter Registration – Robert Rivernider**

**Republican**

## Florida Residents Directory

# Robert Henry Rivernider

Age 60, ██████ 1965

Wildwood, 34785 Florida

Robert Henry Rivernider, 60 years old, is currently listed at ████████ ██ Wildwood, 34785 Florida and is affiliated with the Republican Party of Florida. He is an white, not hispanic male.

## Overview of Robert Henry Rivernider

Lives In: Wildwood, Florida

DOB: ████████████, 1965

Phone Number: ███████████   ████████████

View Robert Henry Rivernider's Background & Public Record Information ADS

## Robert Henry Rivernider Voter Profile

Party Affiliation:
Republican Party of Florida

Registered to vote since: ██████████

Voter Status: █████

Precinct: ███

Precinct Group: █

Precinct Split: ██████

Congressional District: ███

Senate District: ████

House District: ███

County Commission District: ██

School Board District: ████

Want to know more about Robert Rivernider?   ADS

Address History

Social Profiles

Public Records

View Court Records

View Driving Records

**SUMMARY** ⌃

Get Report

## Robert Henry Rivernider Addresses & Maps

Show Map

### Residential Address

Wildwood, 34785 Florida

### Parcel Details

### Neighbors for Robert Rivernider

Find Robert's social profiles

Home    Privacy Policy    Terms of Use    FAQ    Opt Out

Most information on this website is public information in the State of Florida as part of the voter registration database. Please see the Florida Department of State website for more information. This website is not affiliated with the State of Florida. This website is not a consumer reporting agency under the Fair Credit Reporting Act. Information on this website is not permissible to be used for purposes as laid out in the FCRA.
© 2025 FloridaResidentDirectory

**SUMMARY**

<u>**Exhibit 14a**</u>

**State Information - Nathan Hart**

**August 25, 2022**

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

STATE OF FLORIDA          CASE NUMBER: 2022-CF-11041

Plaintiff,

v.          OSP CASE NUMBER: 2022-0261-TPA

NATHAN HART
    Defendant.

_____/

**INFORMATION FOR:**

**COUNT 1: FALSE AFFIRMATION IN CONNECTION WITH ELECTION**
F.S. 104.011(1)
Third Degree Felony

**COUNT 2: VOTING BY UNQUALIFIED ELECTOR**
F.S. 104.15
Third Degree Felony

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA

**COUNT ONE**
**FALSE AFFIRMATION IN CONNECTION WITH ELECTION**

NICHOLAS B. COX, Statewide Prosecutor for the State of Florida, under oath, charges that between on or about March 3,2020 and March 9, 2020, in the Thirteenth and Second Judicial Circuits of Florida, to wit: Hillsborough and Leon Counties, Florida, as part of a related transaction occurring in two or more judicial circuits, **NATHAN HART** did willfully affirm falsely to an oath or affirmation in connection with or arising out of voting or elections, contrary to Section 104.011(1) Florida Statutes.

### COUNT TWO
### VOTING BY UNQUALIFIED ELECTOR

NICHOLAS B. COX, Statewide Prosecutor for the State of Florida, under oath, charges that on or about November 3, 2020, in the Thirteenth and Second Judicial Circuits of Florida, to wit: Hillsborough and Leon Counties, Florida, as part of a related transaction occurring in two or more judicial circuits, **NATHAN HART** did willfully vote in an election knowing that he is not a qualified elector, contrary to Section 104.15, Florida Statutes.

**ALL SAID OFFENSES BEING AGAINST THE PEACE AND DIGNITY OF THE STATE OF FLORIDA.**

Dated this 25th day of August, 2022

NICHOLAS B. COX
STATEWIDE PROSECUTOR
STATE OF FLORIDA

NATHANIEL S. BAHILL
ASSISTANT STATEWIDE PROSECUTOR
FLORIDA BAR NUMBER 111353
OFFICE OF THE ATTORNEY GENERAL
STATEWIDE PROSECUTION
Nathaniel.bahill@myfloridalegal.com
3507 E. FRONTAGE RD. SUITE 350
TAMPA, FL 33607
(813)287-7960

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

Personally appeared before me, Nathaniel Bahill, Assistant Statewide Prosecutor for the State of Florida, who, being first duly sworn, says that he has received testimony under oath from material witnesses which, if true, would constitute the offenses herein charged, and that this prosecution is instituted in good faith.

Sworn to and subscribed before me this 25th day of August, 2022 by Nathaniel Bahill who is personally known to me.

Notary Public
State of Florida at Large

SELFIDA CURTIS AUB
Commission # GG 274966
Expires December 21, 2022
Bonded Thru Troy Fain Insurance 800-385-7019

2

**DEFENDANT'S BIOGRAPHICAL INFORMATION:**

**NATHAN SHIRL HART**

RACE: White
SEX: Male
DOB: 03/05/1973
SSN: ██████████
LKA: 6107 Frog Hollow Unit 2  Gibsonton, FL 33534
DL: H630-637-73-085-0

3

**Exhibit 14b**

**Judgment and Sentence for Nathan Hart**

## IN THE CIRCUIT COURT IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA

CASE NO.      **22-CF-011041-A**

**STATE OF FLORIDA**

**VS**

Division          **I**

Offense Date:   **3/3/2020**

**Case Number: 22-CF-011041-A**
**HART, NATHAN SHIRL**
**6107 FROG HOLLOW TRL #2**
**GIBSONTON, FL 33534-4740**

Defense   **Case Number: 22-CF-011041-A**
Address:   **Case ID: 10359217**
**DEFENDER, PUBLIC**
**PO BOX 172910**
**TAMPA, FL 33672**

## JUDGMENT AND SENTENCE

**The above named Defendant is now before the Court:**

**Prosecutor:** STATE WIDE PROSECUTOR and having

___X__been tried and found guilty by jury/by court of the following crime(s)

_____entered a plea of guilty to the following crime(s)

_____entered a plea of nolo contendere to the following crime(s)

| Cnt | Charge Description | Lev Deg | Plea | Disp Date | Disposition |
|-----|-------------------|---------|------|-----------|-------------|
| 1 | 1040111 FALSE SWEARING | F3 | NOT GUILTY | 02/07/23 | ADJUDICATED GUILTY |
| 2 | 104.15 ELECTION VOTING BY UNQUALIFIED VOTER | F3 | NOT GUILTY | 02/07/23 | JUDGMENT OF ACQUITTAL/NOT GUILTY |

**Ct.1   SENTENCE: CRIMINAL**

Community Service (Hours: 100, Comment: @ 5 MO )
State Probation (24 Months )
Provisions
- NO VOTING

**Fees :**
- **$100.00**   CR-2399 COST OF PROSECUTION SAO REVENUE   **FS AUTH:** 938.27(8)
- **$200.00**   CF-R252 ADDITIONAL COURT COST - CLERK - CIR CRIM   **FS AUTH:** 938.05(1)(a)
- **$1.00**   CF-R617 CRIMES COMPENSATION FEE 938.03   **FS AUTH:** 938.03
- **$3.00**   CF-RA20 CRIME STOPPERS TRUST FUND FEE   **FS AUTH:** 938.06
- **$50.00**   CR-8081 CRIME PREVENTION   **FS AUTH:** 775.083(2)
- **$65.00**   CR-8097 ADDITIONAL COSTS (BOCC) - PROGRAMS   **FS AUTH:** 939.185(1)(a)/HILLSBOROUGH CNTY ORDINANCE 18-42(a)
- **$49.00**   CR-8311 FCCA CRIMES COMPENSATION TRUST FUND   **FS AUTH:** 938.03
- **$17.00**   CR-A362 CRIME STOPPERS TRUST FUND   **FS AUTH:** 938.06
- **$25.00**   CR-R413 DOR ADDL REV CHP 2008-111   **FS AUTH:** CHP 2008-111
- **$3.00**   CR-2616 STATE ASSESSMENT (ADDL CRT COST CLEAR) 938.01   **FS AUTH:** 938.01

HART, NATHAN SHIRL   22-CF-011041-A          SSN: ████████          Page 1 of 3          henry

- **$2.00**   CR-2629 LOCAL LAW ENFORCEMENT EDUCATION   **FS AUTH:** 938.15/ HILLSBOROUGH COUNTY ORDINANCE 97-17
- **$49.00**   CR-2780 PD APP FEE - INDIGENT CRIMINAL TRUST FUND   **FS AUTH:** 27.52(1)(b)
- **$0.20**   CR-4005 PD APP ADDL FEE - CLERK OF COURT T.F./DOR/GEN FUND   **FS AUTH:** 27.52(1)(b)
- **$0.80**   IN-3991 PD APP FEE- INDIGENT CRIM TR FEE 2%- CLERKS OF CT TF   **FS AUTH:** 27.52(1)(b)
- **$100.00**   CR-2810 DOR - JAC INDIGENT CRIMINAL DEFENSE TRUST FUND   **FS AUTH:** 938.29 - 27.562
- **$12.00**   ND-R220 PROBATION SERVICE FEE AO S-1999-092 (CR)   **FS AUTH:** 948.09(1)(a)
- **$6.00**   CF-R229 FELONY PREP FEE FOR CRIMINAL JUDGMENT - 28.24(8)   **FS AUTH:** FS 28.24(8)
- **$1.00**   CR-R229D FELONY PREP FEE FOR CRIMINAL JUDGMENT - 28.24(8)   **FS AUTH:** FS 28.24(8)
- **$6.00**   CF-R228 FELONY PREP FEE FOR CRIM SATISFACTION - 28.24(8)   **FS AUTH:** FS 28.24(8)
- **$1.00**   CR-R228D FELONY PREP FEE FOR CRIM SATISFACTION - 28.24(8)   **FS AUTH:** FS 28.24(8)
- **$10.00**   TF-1100S RECORDING FEE FOR CRIM SATISFCTN 28.24(12)(a)(b)(d)   **FS AUTH:** FS 28.24(12)(a)(b)(d)

**Fee Total : $701.00**

The defendant SHALL pay all mandatory and discretionary costs, fines, fees, penalties, & surcharges applicable to this matter, per Florida Statutes and Hillsborough County Ordinances; **in addition to any previously assessed monies.**

**If you are a "qualifying offender" under section 943.325, Florida Statutes, you are required to submit a DNA sample in a manner consistent with Florida law.**

**Probation:** If probation is ordered, the conditions of Probation will be provided to you on a separate written order prepared by the HCSO Probation Services or Florida Department of Corrections.

**Jail:** At the time of sentencing, if jail is ordered, the defendant may be taken into custody by the Sheriff of Hillsborough County, Florida or given a date to report for incarceration in the County Jail under supervision of the Board of Criminal Justice of Hillsborough County.

**Judgment For Money Ordered To Be Paid:** It is the order of the Court that a judgment is entered, on behalf of the Hillsborough County Clerk of Circuit and County Courts, on behalf of Hillsborough County, and on behalf of the State of Florida, on the money that is ordered to be paid as a result of the JUDGMENT AND SENTENCE to the charge(s) in this matter, **FOR WHICH LET EXECUTION ISSUE.**

Current Address of Lien Holder(s): State of Florida – **Payable to the: Clerk of the Circuit Court, PO Box 3360 – Tampa, FL 33601**

DONE AND ORDERED in open court in Hillsborough County, Florida on, 2/27/2023.

22-CF-011041-A 3/7/2023 10:33:56 AM

22-CF-011041-A 3/7/2023 10:33:56 AM

Laura E Ward, PRESIDING JUDGE

**Florida Statute 28.246(6), authorizes unpaid balances to be referred to a collection agent. This will add additional penalties of up to 40% of the amount owed. Pursuant to Florida Statute 322.245(5)(a), the Clerk of Court may notify the Department of Highway Safety Motor Vehicles (DHSMV) of your failure to pay financial obligations related to criminal offenses which will result in the suspension of your driver's license. To avoid additional costs, please remit payment in full immediately.**

HART, NATHAN SHIRL   22-CF-011041-A                    Page 2 of 3                    henry

## CERTIFICATE OF SERVICE

HART, NATHAN SHIRL   22-CF-011041-A                    Page 3 of 3                    henry

03/07/2023 10:33:57 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.                    Page 3

STATE OF FLORIDA

CASE NO. 22CF011041A

v.

HART, NATHAN SHIRL

DIVISION: I

(Defendant; [printed name])

**FILED**

# FINGERPRINTS OF DEFENDANT

FEB 27 2023

### 13th Judicial Circuit, Hillsborough County

CLERK OF CIRCUIT COURT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|

I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the Defendant,

(Name) NATHAN SHIRL HART and that they were placed there by the defendant in my

presence on (Date) 2·27·23 .

Brock #98905

Law Enforcement Employee's Signature

****TO BE COMPLETED BY LAW ENFORCEMENT EMPLOYEE TAKING DEFENDANT'S FINGERPRINTS****

Fingerprints taken by: C. Brock     Agency HCSO     PersID# 98905

Law Enforcement Employee's Printed Name

Verified by: ☒ # H630-637-73-085-0 or ☐ #

(DL/ID/Passport/Other Photo ID Type                    )     (Booking #; [verified visually by photo])

13TH Circuit Court Administration eff 06.14.2022
FS. 921.241 & FRCrP 3.986

<u>**Exhibit 14c**</u>

**Article from *The Guardian* indicating Mr. Hart was registered to vote as a Republican and had a prior conviction.**

Case 1:25-cr-20237-DPG   Document 43-3   Entered on FLSD Docket 11/21/2025   Page 47 of 168



https://archive.is/jKNTQ                                                                                                          1/33

Case 1:25-cr-20237-DPG Document 43-3 Entered on FLSD Docket 11/21/2025 Page 48 of 168



**Man arrested at gunpoint in DeSantis voter fraud crackdown, video shows**

 Read more

Voter fraud is extremely rare in the United States and voting rights advocates have decried the prosecutions as a thinly veiled effort to intimidate people from voting. The Florida Rights Restoration Coalition, a group that works with people with felonies to get their voting rights back, said they heard from several people ahead of last year's midterm election who chose not to risk voting because they were afraid of getting prosecuted.

Nathan Hart, 49, was convicted on Tuesday of false affirmation in connection with an election, a third-degree felony punishable by up to five years in prison. Prosecutors in the case are requesting he serve five years' probation in the case, according to the Tampa Bay Times. Sentencing is set for 27 February.

The Hillsborough county public defender's office, which is representing Hart, declined to comment on the verdict. Neither DeSantis nor the office of the statewide prosecutor immediately returned a request for comment.

The conviction comes as DeSantis is seeking additional personnel and funding for the office of election crimes and security, the new statewide agency that handled Hart's case.

Florida Republicans are also seeking expanded powers for the statewide prosecutor to charge people for it. Three of the 19 cases filed this summer have been dismissed because judges ruled that the statewide prosecutor did not have authority to bring the cases. But a new bill in the legislature would explicitly give the statewide prosecutor the power to do so.

Since 2019, Florida has allowed people with felonies to vote once they complete their sentence, unless they are convicted of murder or a sexual offense. Hart and the other 19 people charged all had prior crimes that fell into the latter two categories, but nearly all have said they did not know they were disqualified.

Hart registered to vote as a Republican in March 2020. He checked a box on the voter registration form acknowledging his prior conviction, but said his right to vote had been restored. The local election office in Hillsborough county approved Hart's application, sent him a voter registration card in the mail, and he voted in the 2020 elections.

Prosecutors charged Hart with two different felonies, one for lying on the voter registration form, and another for voting knowing he was ineligible. The jury on Tuesday convicted him on the registration charge but acquitted him of illegally voting.

During the trial, which lasted a day, Hart said that he registered at the urging of a man who approached him outside a driver's license office in 2020, according to the Times. The man, Hart said, told him that a new Florida law made people with felonies eligible to vote once they completed their sentence.

Hart recounted a similar version of events to police officers when they came to his house to arrest him last summer, according to body-cam footage obtained by the Times. One of the officers even appeared to sympathize with Hart, telling him "then there's your defense", one of the officers replied. "You know what I'm saying? That sounds like a loophole to me."

Joseph Kudia, Hart's lawyer, told jurors that prosecutors would not be able to prove Hart's actions were wilfully illegal, according to the Tampa Bay Times.

**Most viewed**


**Church of England votes in favour of blessings for same-sex unions**


**Burt Bacharach, master of pop songwriting, dies aged 94**


**Nikki Haley presidential run would sink DeSantis and hand Trump victory – poll**


**Missouri votes against banning children from carrying guns in public**


**California town hopes to put tourists off the scent as another super bloom looms**

First Florida Amendment 4 voter faces showdown ends with split verdict | Florida | The Guardian

But Nathaniel Bahill, the prosecutor in the case, pointed out that Hart had signed the voter registration form affirming his eligibility in 2020. He also questioned whether the story about being approached outside the driver's license office was true.

Hart previously turned down two plea agreements that would have resulted in light punishments. Prosecutors had offered him a shorter probation and the judge overseeing the case had offered no additional punishment beyond the time Hart had already served in jail. Hart rejected both, the Tampa Bay Times reported. "I don't think that I willingly did, or knowingly did, anything wrong," he said . "So I would like to fight to get it dismissed."

Michael Gottlieb, a Democratic state lawmaker who is representing one of the 19 other people charged, said that the illegal voting charge was easier to get an acquittal on.

"When they gave him the voter reg card and he goes and he votes, they're telling him you're OK to do this. So I think it's much harder to get a conviction in that regard," said Gottlieb, who said he did not follow Hart's trial. "To go to a jury trial and say, 'hey I'm a convicted felon I didn't know I was breaking the law when I registered to vote.' I think a lot of people are gonna look at that and say you knew or should have known the law but you didn't."

Neil Volz, the deputy director of the Florida Rights Restoration Coalition, said the conviction highlighted the need for the state to improve its system for flagging ineligible voters and creating a reliable system for Florida voters.

"This trial highlights the need for a better voter verification system. There would have been no need to spend tax dollars on arrests, investigations, court costs and trials if our election process actually verified and assured a voter of their eligibility on the front end," he said in a statement.

... as you're joining us today from Canada, we have a small favour to ask. Tens of millions have placed their trust in the Guardian's fearless journalism since we started publishing 200 years ago, turning to us in moments of crisis, uncertainty, solidarity and hope. More than 1.5 million supporters, from 180 countries, now power us financially - keeping us open to all, and fiercely independent. Will you make a difference and support us too?

Unlike many others, the Guardian has no shareholders and no billionaire owner. Just the determination and passion to deliver high-impact global reporting, always free from commercial or political influence. Reporting like this is vital for democracy, for fairness and to demand better from the powerful.

And we provide all this for free, for everyone to read. We do this because we believe in information equality. Greater numbers of people can keep track of the events shaping our world, understand their impact on people and communities, and become inspired to take meaningful action. Millions can benefit from open access to quality, truthful news, regardless of their ability to pay for it.

Whether you give a little or a lot, your funding will power our reporting for the years to come. **If you can, please support us on a monthly basis from just CA$2. It takes less than a minute to set up, and you can rest assured that you're making a big impact every single month in support of open, independent journalism. Thank you.**

| Single | **Monthly** | Annual |
|---|---|---|
| CA$5 per month | **CA$10 per month** | Other |

Continue → ( Remind me in March )   VISA  mastercard  AMERICAN EXPRESS  PayPal

Topics
**Florida** / **The fight for democracy**
**US politics** / news

f  𝕏  ✉  in       ( Reuse this content )

## The fight for democracy



**Voters' mail-in ballot requests cancelled as Florida passes new voting restrictions**

🕐 6d ago



**Arizona's top election official seeks investigation into Republican Kari Lake**

🕐 31 Jan 2023



**Revealed: Trump secretly donated $1m to discredited Arizona election 'audit'**

🕐 27 Jan 2023



**US voting rights champion Jasmine Crockett: 'I need everyone to feel a sense of urgency'**

🕐 27 Jan 2023

## More from **Headlines**



**Ukraine**
**Russia begins major offensive in east of country, Luhansk governor claims**

🕐 2h ago



**US**
**Chinese balloon was 'clearly' for spying, says anonymous state department official**

🕐 2h ago



**Live**
Turkey-Syria earthquake: toddler rescued from rubble after three days as death toll nears 20,000

20m ago



**Burt Bacharach**
**Master of pop songwriting dies age 94**

🕐 2h ago

## Most viewed

| **Across The Guardian** | | **In US News** | |
|---|---|---|---|
| **1** | Church of England votes in favour of blessings for same-sex unions | **6** | Friendly Ghost: white dog running with coyotes gets help from rescue group |
| **2** | Burt Bacharach, master of pop songwriting, dies aged 94 | **7** | 'This is huge': Nicaragua frees 222 political prisoners and flies them to US |
| **3** | Nikki Haley presidential run would sink DeSantis and hand Trump victory – poll | **8** | Why Marjorie Taylor Greene dressed like that at the State of the Union |

Case 1:25-cr-20237-DPG Document 43-3 Entered on FLSD Docket 11/21/2025 Page 51 of 168

| | | | |
|---|---|---|---|
| **4** | Missouri votes against banning children from carrying guns in public | **9** | Trump judge's ruling could ban abortion pill across the US |
| **5** | California town hopes to put tourists off the scent as another super bloom looms | **10** | The stress secret: 12 ways to meditate – without actually meditating |
| **1** | Chinese balloon was 'clearly' for spying, says US official | **6** | First Thing: 'homophobic and antisemitic' abuse and the Hunter Biden story |
| **2** | Missouri votes against banning children from carrying guns in public | **7** | US senator John Fetterman hospitalised after feeling 'lightheaded' |
| **3** | Nikki Haley presidential run would sink DeSantis and hand Trump victory – poll | **8** | 'Hot air': Marjorie Taylor Greene in State of the Union balloon stunt |
| **4** | Friendly Ghost: white dog running with coyotes gets help from rescue group | **9** | **Live** Biden heads to Florida to bash Republicans over Medicare and social security cuts – live |
| **5** | California town hopes to put tourists off the scent as another super bloom looms | **10** | Mississippi Republicans pass bill to create separate, unelected court in majority-Black city |

**Most commented**
Zelenskiy wants jets. The west should think very carefully before giving them to him
*Simon Jenkins*

**Most shared**
Burt Bacharach, master of pop songwriting, dies aged 94

US   World   Environment   Soccer   **US Politics**   Business   Tech   Science   Newsletters   Fight to vote

**News**        **Opinion**        **Sport**        **Culture**        **Lifestyle**

Original reporting and incisive analysis, direct from the Guardian every morning

**Sign up for our email →**

Help

Complaints & corrections

SecureDrop

Work for us

Privacy settings

Privacy policy

Cookie policy

Terms & conditions

Contact us

All topics

All writers

Digital newspaper archive

Facebook

YouTube

Instagram

LinkedIn

Twitter

Newsletters

Advertise with us

Search UK jobs

**Support the Guardian**

Available for everyone, funded by readers

**Support us →**

Back to top ∧

© 2023 Guardian News & Media Limited or its affiliated companies. All rights reserved. (modern)

**<u>Exhibit 14d</u>**

**Third Party Voter Registration – Nathan Hart**

**Republican**

## Florida Residents Directory

Home / Cities / 33594 Valrico / Innergary Pl / Nathan S Hart



# Nathan S Hart

Age 52, ██████ 1973

Valrico, 33594 Florida

Nathan S Hart, 52 years old, is currently listed at ████████████ Valrico, 33594 Florida and is affiliated with the Republican Party of Florida. He is an white, not hispanic male registered to vote in Hillsborough County. Our records indicate Jonathan Mcentire Hart (age 42, born Oct 1983) as possible relative.

## Overview of Nathan S Hart

Lives In: Valrico, Florida        DOB: ██████████, 1973

View Nathan S Hart's Background & Public Record Information

ADS

## Nathan S Hart Voter Profile

Party Affiliation:              Registered to vote in:
Republican Party of Florida     Hillsborough County

Want to know more about Nathan Hart?        ADS

Address History

Social Profiles

Public Records

View Court Records

**SUMMARY**   ⌃

View Background Reports

Get Report

## Nathan S Hart Addresses & Maps

Show Map

## Residential Address

████████████ , Valrico, 33594 Florida

## Parcel Details

## Neighbors for Nathan Hart

Possible Relatives



Home    Privacy Policy    Terms of Use    FAQ    Opt Out

Most information on this website is public information in the State of Florida as part of the voter registration database. Please see the Florida Department of State website for more information. This website is not affiliated with the State of Florida. This website is not a consumer reporting agency under the Fair Credit Reporting Act. Information on this website is not permissible to be used for purposes as laid out in the FCRA.
© 2025 FloridaResidentDirectory

SUMMARY                                                         ⌃

<u>**Exhibit 15a**</u>

**State Information - John Boyd Rivers**

**March 30, 2022.**

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

STATE OF FLORIDA          Case Number: 2022CF924A
      Plaintiff,

                                  Division III

vs.

JOHN BOYD RIVERS, W/M, 11/11/1977

CHARGES:

    I)      FALSE SWEARING OR SUBMISSION OF FALSE VOTER
           REGISTRATION INFORMATION
    II)     UNQUALIFIED ELECTORS WILLFULLY VOTING




**INFORMATION**

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:**

BRIAN S. KRAMER, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, alleges by information that JOHN BOYD RIVERS, in Alachua County, Florida, on or about February 5, 2020, did willfully swears or affirms falsely to any oath or affirmation in connection with or arising out of voting or elections, contrary to Section 104.011(1) Florida Statutes. (L1) (FDLE #8755)

COUNT II: And BRIAN S. KRAMER, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, alleges by information that JOHN BOYD RIVERSdou, in Alachua County, Florida, between October 19, 2020 and November 3, 2020, knowing that he is not a qualified elector, willfully voted in an election, contrary to Section 104.15 Florida Statutes. (L1) (FDLE # 46)

STATE OF FLORIDA
COUNTY OF ALACHUA

    Personally appeared before me the undersigned Omar Hechavarria, Assistant State Attorney, Eighth Judicial Circuit of Florida, who, being first duly sworn, says that the allegations set forth in the foregoing INFORMATION are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged, and is filed in good faith, and does hereby certify that he/she has received testimony under oath from the material witness or witnesses for the offense.



Brian S. Kramer
State Attorney

Omar Hechavarria
Assistant State Attorney
Florida Bar No.: 0768121
120 West University Avenue
Gainesville, FL 32601
(352) 374-3670
E-service: eservice@sao8.org
E-mail: hechavarriao@sao8.org

The foregoing instrument was acknowledged before me this day of March, 2022 by Omar Hechavarria, Assistant State Attorney, who is personally known to me and who did take an oath.



DESIREE B PFEIFFER
Commission # GG 254982
Expires September 3, 2022
Bonded Thru Budget Notary Services

NOTARY PUBLIC

<u>**Exhibit 15b**</u>

**State Judgment - John Boyd Rivers**

**May 16, 2023**

IN THE CIRCUIT COURT OF
THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

[ ] Community Control Violator
[ ] Probation Violator

STATE OF FLORIDA
VS

JOHN BOYD RIVERS
    Defendant.

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 3493306    1   PG(S)
5/31/2023 9:54 AM
BOOK 5094      PAGE   1795
J.K. JESS IRBY, ESQ.
Clerk of the Court, Alachua County, Florida
ERECORDED       Receipt #    1148599
Doc Stamp-Mort:   $0.00
Doc Stamp-Deed:   $0.00
Intang. Tax:   $0.00

Case: 01-2022-CF-000924-A
Division: F3

## JUDGMENT

The defendant, JOHN BOYD RIVERS, being personally before this court represented by ANDREW DARLING, the attorney of record, and the state represented by DAVID MARGULIES and having

[X] been tried and found guilty by jury/by court of the following crime(s)
[ ] entered a plea of guilty to the following crime(s)
[ ] entered a plea of nolo contendere to the following crime(s)
[ ] admitted to violating probation
[ ] been found in violation of probation at hearing

| Count | Crime | Offense Statute Number(s) | Degree of Crime |
|---|---|---|---|
| 2 | Unqualified Electors Willfully Voting | 104.15 | 3F |

[X] and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

[ ] and good cause being shown, IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

The qualifying offender per F.S. 943.325(1)(b)(5) is required to submit an FDLE-approved blood or biological specimen, F.S. 943.325(7). Unless the defendant has been declared indigent by the court, he/she shall pay the actual costs of collecting the approved biological specimens required under F.S. 943.325.

Case: 2022 CF 000924 A

DONE AND ORDERED May 16 2023.

JAMES M COLAW, Judge of the Circuit Court

Filed in Open Court May 16, 2023 by _____ D.C.

**TOSHIA WHITEHURST**

I HEREBY CERTIFY THAT A COPY OF THIS Judgment was furnished by U.S. Mail and/or hand delivery at the addresses of record to counsel for the state and defense/defendant pro se this _____ day of _____, 20___.

BY Deputy Clerk: _____

**Exhibit 15c**

**Article from *The Guardian* indicating John Boyd Rivers is registered as a**

**Republican and has a felony conviction**

# He voted in Florida for the first time in 2020. Then came the criminal charges

G **theguardian.com**/us-news/2023/may/19/florida-voter-registration-voter-fraud-formerly-incarcerated

Sam Levine                                                                                    May 19, 2023



Composite: The Guardian/Getty Images/Alachua police department

This article is more than **2 years old**
This article is more than 2 years old

John Boyd Rivers says he was misled by an election official who urged him to vote for the first time in 2020. Now he's been found guilty of voter fraud

Just as it had been all day, courtroom 3C at the Alachua county courthouse was mostly empty when members of the jury filed in on Tuesday evening. John Boyd Rivers, a mason who once laid the bricks of the courthouse, stood up to hear whether or not they would convict him on two counts of voter fraud.

Judge James Colaw read the verdict on the first charge: not guilty. Then he read the verdict on the second: guilty. Rivers stood quietly as he listened, a small hole visible in the red long-sleeve shirt he wore to court over khaki pants and work boots.

It was a result that was unimaginable to Rivers, 45, who voted for the first time in his life in 2020.

Rivers became interested in doing so in February of that year when he was being held in the county jail on a different charge. One day, TJ Pyche, the outreach director at the local elections office, came to his unit with voter registration forms.

An eager employee just a few weeks shy of his 25th birthday, Pyche told the inmates that Florida had recently changed its voting laws, making it easier for those with felony convictions to cast a ballot.

Rivers remembers asking Pyche if he could vote while in jail on a violation of his probation. As Rivers remembers it, Pyche said that he could as long as his prior convictions weren't for murder or sex offenses – crimes that result in the permanent loss of voting rights in Florida. Rivers hadn't been convicted of those crimes, so he filled out a voter registration application, registering as a Republican, and gave it to Pyche.

When Rivers eventually received a voter registration card in the mail, he believed he was eligible to vote. And he was thrilled, as it made him feel as if he was a part of something.

That fall, he cast his first ballot in the presidential election.

Nearly two years later, Rivers was indicted for voter fraud along with nine other people who registered with Pyche.

In dozensof cases in Florida, prosecutors have filed charges against people with felony convictions who believed they were eligible to vote, received voter registration cards in the mail and then later turned out to be ineligible because of their criminal history.

Many of those cases are being handled by a new statewide unit focused on voter fraud created by Governor Ron DeSantis. But no local prosecutor has brought more charges than Brian Kramer, the elected state attorney in Alachua county, who is prosecuting 10 people, including Rivers.

Voting advocates have decried the prosecutions across Florida as intimidating, designed to dissuade people who are uncertain about their eligibility from voting. And they are particularly alarmed at those prosecutions enabled by Pyche, an official elections office employee.

"They set up about a dozen people, essentially, set them up, sent them a voter registration card, encouraged them to register, sent them a voter registration card, and then when they registered, the supervisor of elections office – nobody's charged from [that office]," said Andrew Darling, Rivers' lawyer. "It sends a message that we don't want you voting."

> American states have a long, ugly history of using law enforcement to intimidate and suppress voters

"American states have a long, ugly history of using law enforcement to intimidate and suppress voters," said Blair Bowie, an attorney at the Campaign Legal Center who specializes in restoring voting rights for people with felony convictions. "This is clearly what is happening in Florida. We should be paying attention because other states may follow suit."

Kramer, a Republican elected in 2020, dismissed those concerns. He noted his office has started a program to help those with felonies figure out their voting eligibility, though he acknowledged few people had utilized it.

"My job is simply to enforce the law as it's written by the legislature and if it has a deterrent effect, that's fine," he said in an interview in his office in downtown Gainesville.

"All prosecutions are intimidating."

Rivers' case was just the second of the voter fraud cases in Florida to make it to trial. A central issue in the case was whether he knew he had to repay all of his outstanding debts related to prior criminal cases before he could vote. For the last few years, that repayment requirement has been the subject of intense scrutiny in Florida.

In 2018, voters overwhelmingly approved a constitutional amendment allowing people with felonies to vote once they completed their sentence. But in 2019, Republicans in the legislature imposed the new requirement that fines and fees would have to be paid off in order to vote.

Voting rights groups sued, saying the measure was essentially a poll tax. Florida did not have a centralized way to check voters' eligibility, so it would be extremely difficult for anyone to figure out what they owe. A federal judge struck down the law in 2019, but that ruling was later overturned by a federal appellate court, upholding the law. When the US supreme court allowed the law to go into effect for the 2020 election, Justice Sonia Sotomayor dissented, saying Florida had created a "pay to vote scheme" that would block people from voting because they were poor.



The Florida governor, Ron DeSantis, created a statewide office focusing on prosecuting voter fraud. Photograph: Joe Raedle/Getty Images

"The voting cases happening in Alachua county and across the state put a human face on our broken election system," said Neil Volz, the deputy director of the Florida Rights Restoration Coalition, the main group that pushed a 2018 constitutional amendment expanding voting rights for people with felonies. "The people of Florida deserve better."

When Rivers registered, he owed thousands of dollars in debts related to prior criminal cases.

Pyche testified that when he visited the jail, he repeatedly said that anyone who wanted to vote had to have completed their sentence and paid off all fines, fees and restitution. A jail employee who accompanied him on his visits corroborated what he said.

But Rivers says he never heard anything about fines and fees. An informational flyer that Pyche carried was also confusing – it said someone could vote when they completed all terms of their sentence, but didn't specify repaying outstanding debts. Pyche testified that he could not recall meeting Rivers or what specifically he said on the day Rivers registered.

"He didn't follow the rules," David Margulies, the prosecutor who handled the case, said during the trial. "Voting requires effort. Citizenship requires effort. John Rivers did not display effort."

Rivers faced two criminal charges. One for illegally signing up to vote and a second for illegally voting. Both were punishable by up to five years in prison and a $5,000 fine.

Sign up to Headlines US



Free newsletter
Get the most important US headlines and highlights emailed direct to you every morning

Enter your email address

**Privacy Notice:** Newsletters may contain information about charities, online ads, and content funded by outside parties. If you do not have an account, we will create a guest account for you on theguardian.com to send you this newsletter. You can complete full registration at any time. For more information about how we use your data see our Privacy Policy. We use Google reCaptcha to protect our website and the Google Privacy Policy and Terms of Service apply.
after newsletter promotion

Rivers' attorneys argued that he couldn't be held liable for illegally registering because he hadn't known about the requirement that he had to repay fines and fees in order to vote. Once he received his voter registration card in the mail, no one had told him he was ineligible.

The local elections office only reviewed his application to make sure that it was completely filled out before issuing him a voter registration card. Under Florida law, the secretary of state's office is supposed to review all new applications to determine someone's eligibility. In Rivers' case, it didn't raise any issues.

There was much confusion over the law at the time, Kim Barton, the county supervisor of elections, testified during the trial. The secretary of state's office was backlogged in reviewing applications.

To complicate matters further, in April 2020, after Rivers received his voter registration card in the mail, he pleaded guilty to a new felony and was placed on probation, once again losing his voting rights. But he still didn't receive any notice from the state telling him that and voted in November.

It wasn't until October 2021, nearly a year later, that the state notified the Alachua county elections office that Rivers was ineligible and removed him from the rolls.

Prosecutors maintained that Pyche had informed Rivers about the outstanding debt obligations and that it was Rivers' responsibility to know his eligibility. "They gave a voter registration card to everyone. That doesn't mean their rights have been restored," Margulies, the prosecutor, said.

Had he understood that he needed to repay outstanding debts, Rivers says he wouldn't have cast a ballot. He can't afford to repay the thousands of dollars he owes – he is out of work and has eight children. His driver's license is suspended and he had to rely on his lawyer to get to and from court on Tuesday.

"I can't give what I don't have," he said.

At the end of the trial on Tuesday, the seven member jury – three white women and four white men – deliberated for around an hour and a half. It had little trouble reaching consensus, said Janet Heern, a 64 year old retiree who served as the jury foreperson.

When it came to registering, they believed Rivers was genuinely confused. The language on the voter registration form wasn't clear and they took Rivers at his word when he said that he believed it to be an application that would be rejected if he was ineligible. She also said Rivers should have been able to rely on guidance from Pyche, who was in a position of authority.

But when it came to actual voting, the jurors were less forgiving. After he pleaded guilty to the April felony, Rivers was on house arrest. It wasn't plausible to Heern and the other jurors that he would continue to think he could vote.

"I vote all the time and I take it seriously. It's a right but you have to have some responsibility too," Heern said. She added that she didn't think Rivers should have been prosecuted in the first place. If prosecutors were going to go after Rivers, she said, they should also bring charges against the supervisor of elections.

After the verdict, Colaw turned to figuring out a sentence. On the one hand, he was concerned that Rivers had been acting at the request of the office of the supervisor of elections. On the other hand, Rivers had a lengthy criminal history and had repeatedly violated his probation.

Earlier in the trial, Margulies dismissed the suggestion that Pyche and Barton bore responsibility for registering Rivers. "Poor TJ," he said. "He was trying to do a good thing for the community."

Barton said she still thought her office did a good job running the program, even though 10 people had been charged with voter fraud. When she was asked whether her office would continue the jail outreach program, she took a short pause before saying softly: "I think I will."

"My office met its obligations per Florida statute and cooperated with the state of attorney's office and provided all information requested," Barton said in a statement. "Upon making a determination about Mr Rivers' potential ineligibility, we followed the procedures for removal ... My office remains committed to providing information to and working with any citizens who wants to exercise their right to vote."

Ultimately, Colaw sentenced Rivers to two years of supervised probation, requiring him to check in with a probation officer every month, as well as 50 hours of community service.

Rivers, who had been stoic for nearly all of the trial, quietly wiped away tears as Colaw read the sentence. It wasn't the worst possible punishment. But in the lead up to the trial, prosecutors had offered him an even better deal – one year of unsupervised probation – if he pleaded guilty to one of the charges. Rivers refused.

"I wasn't going to get rolled over this time," he said.

- This article was amended on 19 May 2023 to correct a name misspelling.

**<u>Exhibit 15d</u>**

**Third Party Voter Registration – John Boyd Rivers**

**Republican**

## Florida Residents Directory

Home / Cities / 32615 Alachua ███████ / John Boyd Rivers



# John Boyd Rivers

Age 48, ███████ 1977

Alachua, 32615 Florida

John Boyd Rivers, 48 years old, is currently listed at ████████████, Alachua, 32615 Florida and is affiliated with the Republican Party of Florida. He is an white, not hispanic male registered to vote in Alachua County. Our records indicate Joanna Hogg Rivers (age 42, born Nov 1983) as possible relative.

## Overview of John Boyd Rivers

Lives In: Alachua, Florida

DOB: ████████████, 1977

Phone Number: ███████  ██████████████

> View John Boyd Rivers's Background & Public Record Information [ADS]

## John Boyd Rivers Voter Profile

Party Affiliation:
Republican Party of Florida

Registered to vote in:
Alachua County

Registered to vote since:
███████████

Voter Status: ██████

Precinct: ██

Precinct Group: ██

Precinct Split: ████

Congressional District: ██

Senate District: ██

House District: ██

County Commission District: ██

School Board District: ██

> ## Want to know more about John Rivers? [ADS]
>
> Address History
>
> Social Profiles

**SUMMARY** ^

View Driving Records

View Background Reports

Get Report

## John Boyd Rivers Addresses & Maps

Show Map

## Residential Address

████████████████  Alachua, 32615 Florida

Show Map

See all results

Possible Relatives

Find John's social profiles

See More Results for **John Rivers**

- in Florida

See More Results for **Rivers**

- in Alachua FL

- in Florida

SUMMARY

**John Roy Rivers (53)**

*High Springs, FL*

View full result

**John Anthony Rivers (28)**

*Panama City, FL*

View full result

**John James Rivers (46)**

*Palm Bay, FL*

View full result

**John Avery Rivers (26)**

*Melbourne, FL*

View full result

**John T Rivers (39)**

*Cocoa, FL*

View full result

**John Henry Rivers (61)**

*Mims, FL*

View full result

Home    Privacy Policy    Terms of Use    FAQ    Opt Out

Most information on this website is public information in the State of Florida as part of the voter registration database. Please see the Florida Department of State website for more information. This website is not affiliated with the State of Florida. This website is not a consumer reporting agency under the Fair Credit Reporting Act. Information on this website is not permissible to be used for purposes as laid out in the FCRA.
© 2025 FloridaResidentDirectory

SUMMARY    ⌃

<u>Exhibit 16a</u>

**State Docket - Jay Ketcik**
**Charged November 29, 2021**

  

SumterCounty
CLERK OF COURTS
*Gloria R. Hayward*

New Search   Expand All

| Case Number | Filed Date | Case Type | Status | Contested |
|---|---|---|---|---|
| 602021CF001505CFAXMX [2021CF001505AXMX] | 11/29/2021 | Felony 22-D | CASE CLOSED | NO |

| | Charge Seq # | Description | Date | Phase | Trial |
|---|---|---|---|---|---|
| | 1 | CASTING MORE THAN ONE BALLOT AT ANY ELECTION | 03/29/2022 | Court Pre Trial Diversion | No Trial |

| | Date | Action | Statute / Text |
|---|---|---|---|
| Offense: | 10/08/2020 | Trial: No Trial | Traffic Disposition: Other |
| Initial: | 12/08/2021 | Charged | 104 18 / CASTING MORE THAN ONE BALLOT AT ANY ELECTION |
| Prosecutor: | 11/29/2021 | Filed | 104.18 / CASTING MORE THAN ONE BALLOT AT ANY ELECTION |
| Court | 03/29/2022 | Pre Trial Diversion | 104 18 / CASTING MORE THAN ONE BALLOT AT ANY ELECTION |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| HATCHER, MARY PAVLOFF | JUDGE | | |
| KETCIK, JAY RICHARD   Search This Party | DEFENDANT | INGRAM, ANDY JOSHUA | 17339 |

### Dockets

Page : 1    [  ] [  ]    10 ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 🔒 | 38 | 04/20/2022 | CERTIFIED MAIL RECEIPT | 1 |
| | 37 | 04/20/2022 | Payment received  $900 00 Receipt Number M 508161 | |
| | 36 | 04/20/2022 | Assessment 3 Total Assessed $500 00 Balance Remaining $0 00 | |
| | 35 | 04/20/2022 | Assessment 2 Total Assessed $400 00 Balance Remaining $0 00 | |
| 📄 | 34 | 04/08/2022 | REQUEST FOR ISSUANCE OF TRUST ACCOUNT WARRANT $1100.00 CASH BOND REFUND ck#64059 | 1 |
| 📄 | 33 | 04/05/2022 | COURTS ORDER FOR PRE-TRIAL INTERVENTION | 1 |
| | 32 | 04/05/2022 | Assessment 3 assessed at sum $500 00 | |
| | 31 | 04/05/2022 | Assessment 2 assessed at sum $400 00 | |
| | 30 | 04/04/2022 | Case Status set to CASE CLOSED | |
| | 29 | 03/29/2022 | Court Action  PRE TRIAL DIVERSION for CNT  1 | |

### Judge Assignment History

### Court Events

### Sentences

### Financial Summary

### Reopen History

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service  For additional information on specific records please contact the Clerk of Court.

Privacy - Terms

**<u>Exhibit 16b</u>**

**Order Referring Jay Ketcik to Pretrial Intervention**

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR SUMTER COUNTY, FLORIDA

STATE OF FLORIDA - VS –
JAY RICHARD KETCIK

**CASE #: 2021CF1505**

M   F       W   B   O

**1 CASTING MORE THAN ONE BALLOT AT ANY ELECTION**

| **TYPE OF PROCEEDING** | | **DEFENDANT** | | **ATTORNEY** |
|---|---|---|---|---|

[ ] Arraignment      [ ] Bond          [ ] Present                Represented By: ANDY J INGRAM
[ ] Pre-Trial         [ ] Jury          [ X ] Not Present                [ ] Waiver of Counsel
[ ] Sentencing       [ ] Plea          [ ] Issue Capias    [ ] Set Aside Capias     [ ] Not Qualified for PD    [ ] PD Appt.
[ ] VOP              [ ] Trial Priority   [ ] Bond Set $_____           [ ] $50.00 to be paid within ____ days
[ ] Status            [ ] Other          [ ] Estreate Bond    [ ] Set Aside Estreature   [ ] PD Motion to withdraw _____
                                                                          [ ] Conflict Counsel Appt'd _____

**MOTION TO** _____          **MOTION FOR CONTINUANCE**
[ ] Granted    [ ] Denied          [ ]Arraignment [ ]Status [ ]Pre-Trial [ ]Sentencing [ ]Trial [ ]VOP [ ]Plea [ ]Drug Ct [ ] Trial Priority
                                              [ ] Defendant Waives Speedy Trial

**PLEA**                                **VERDICT**
[ ] Not Guilty  [ ] Guilty  [ ] Nolo Contendere          [ ] Not Guilty  [ ] Guilty   [ ] Adj Withheld   [ ] By Jury
[ ] Admits  [ ] Deny  [ ] As Charged                    [ ] As Charged  [ ] Lesser   [ ] Dismissed  [ ] Found in Viol
[ ] Lesser and included Offense of: _____          Probation [ ] Revoked  [ ] Terminated  [ ]Probation Reinstated  [ X ]PTI
_____                                                [ ] Nolle Prosequi/No Information _____

**FINES AND COST**

Ct _1_   Fine _250_
[ ] Standard Costs $398/$203
[ ]$20 CStop    [ ]$65 DOH
[ ]5% tax       [ ]$15 DALO
[ ]$135/$5 EMTF  [ ]$201 DVTF
[ ]$151 CAM     [ ]$100 FDLE
[ ]$33 CF/LER   [ ]$151 RCTF
[ ]$1001 Surcharge CUID
[ X ]$Total  _250_
[ ]Restitution _____
[ ]$50 A Day Incarceration LOR
_____

Ct ____   Fine _____
[ ]$20CStop,5%tx,$65bcc,$3tc
[ ]$50/20 CP   [ ]$15 DALO
[ ]$135/$5 EMTF [ ]$201 DVTF
[ ]$151 CAM    [ ]$100 FDLE
[ ]$33 CF/LER  [ ]$151 RCTF
[ ]$1001CUID   [ ]$65 DOH
[ ]$Total _____
[ ]Restitution _____
[ ] PD Lien _____

Ct ____   Fine _____
[ ]$20CStop,5%tx,$65bcc,$3tc
[ ]$50/20 CP   [ ]$15 DALO
[ ]$135/$5 EMTF [ ]$201 DVTF
[ ]$151 CAM    [ ]$100 FDLE
[ ]$33 CF/LER  [ ]$151 RCTF
[ ]$1001CUID   [ ]$65 DOH
[ ]$Total _____
[ ]Restitution _____
[ ]$50.00 PD Appl Fee Due

Ct ____   Fine _____
[ ]$20CStop,5%tx,$65bcc,$3tc
[ ]$50/20 CP   [ ]$15 DALO
[ ]$135/$5 EMTF [ ]$201 DVTF
[ ]$151 CAM    [ ]$100 FDLE
[ ]$33 CF/LER  [ ]$151 RCTF
[ ]$1001CUID   [ ]$65 DOH
[ ]$Total _____
[ ]Restitution _____
[ X ]Cost of Prosecution $150

[ ] $5000.00 Civil Penalty for violation of FS 796.07(2)(f)  [ ] Investigation Costs $ _____
Pursuant to 903.286 the Clerk shall withhold all court fines, fees and cost from cash bond

[ ] Defendant is ordered to immediately report to the Clerk of Court to setup and comply with a payment agreement or determine indigency.
Failure to immediately report may result in an Order to Show Cause being issued

**SENTENCE**
[ ] Serve _____                    [ ] DOC   [ ] County Jail  [ ] Credit Time Served
[ ] Suspended Upon _____          [ ]Conc with _____   [ ] Cons with _____   [ ] any other sentence being served
[ ] Youthful Offender   [ ] Habitual Offender   [ ] DL Revoked/Suspended for _____   [ ] Court Orders  [ ] PSI  [ ] Pre-Plea PSI

**PROBATION**
[ ]Supervised Probation _____    [ ]Cons or  [ ]Conc to DOC/Jail  [ ]Ignition Interlock Device _____
[ ]Community Control _____    [ ]Drug Offender [ ]Sex Offender Conditions _____    [ ]Pay F/C During Term per payment  agreement
[ ]Pay PD Lien/Costs Pros o/term prob [ ]Submit to random testing [ ]Drug/Alch Eval/Treat   [ ]Mental health Evaluation [ ]No Contact w/victim
[ ]Community Service _____ Hours in Sumter County   [ ]All monetaries to be made Lien of Record [   ] DNA Sample for FDLE data bank
[ ] Court has no objection to obtaining any type of driver license from DMV of which the defendant may be eligible to receive

**REFER TO PRE TRIAL INTERVENTION CONTRACT FOR ALL CONDITIONS REQUIRED OF DEFENDANT** _____

Done, Ordered and Adjudged in open court or in chambers on this the ____ day of APRIL, 2022 in Sumter County Florida

_____

By signing above I am acknowledging receipt
of the above court date.

Mary P. Hatcher, Circuit Judge

Copies: ( )Jail  ( ) SA ( ) PD ( ) Prob  ( ) Def
( ) Bond  ( ) Def Atty  ( ) Cash   ( ) Minutes

UNOFFICIAL DOCUMENT

<u>**Exhibit 16c**</u>

**Voter Information Lookup - Jay Ketcik
Republican**

# Voter Information Lookup

Please find your voter registration information below.

Full Name:
**JAY RICHARD KETCIK**

Street Address:
████████████

City:
**THE VILLAGES**

Zip Code:
**32163**

County Name:
**SUMTER**

Voter Identification Number:
████████

Date Of Registration:
████████

Party:
**Republican Party of Florida**

Voter Status:
████████

*An active voter refers to a registered voter who is eligible to vote.

Access Ballot and Precinct Information available through your county Supervisor of Elections' (https://dos.fl.gov/elections/for-voters/check-your-voter-status-and-polling-place/voter-precinct-lookup/) website.

New Search (/en/CheckVoterStatus)

Please email BVRSHelp@dos.fl.gov (mailto:BVRSHelp@dos.fl.gov) for website assistance.

 



**Ron DeSantis, Governor
Cord Byrd, Secretary of
State**



# Florida Department of State

Privacy Policy (https://dos.fl.gov/privacy-policy/)
| Accessibility (https://dos.fl.gov/accessibility/)
| Site Map (https://dos.fl.gov/site-map/)
| Communications (https://dos.fl.gov/communications/)
| Connect (https://dos.fl.gov/communications/connect/)

## Questions or comments? Contact Us (mailto:BVRSHelp@dos.fl.gov)

Under Florida law, e-mail addresses are public records. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

Copyright (https://dos.fl.gov/copyright/) © 2025 State of Florida, Florida Department of State.

R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399-0250

**Voter Assistance Hotline:**
1.866.308.6739
**Hours:** Monday - Friday 8:00 AM - 5:00 PM (Eastern Time)
If hearing or speech impaired, please contact the Division using the **Florida Relay Service** (https://www.ftri.org/relay), 1.800.955.8771 (TTY) or 1.800.955.8770 (Voice) or 1-800-955-1339 (ASCII), or 1.877.955.8773 (español a español ).

**Exhibit 17a**

**News article from *Village-News.com* indicating that Joan Marie Halstead was convicted of voter fraud and entered into a pre-trial interventional contract**

# Villages-News.com

NEWS

# Villager who supported Trump ordered into civics class in election fraud case

by **Meta Minton**
August 18, 2022

A 73-year-old Villager who supported Donald Trump has been ordered back to civics class in a court deal aimed at avoiding prosecution in an election fraud case.

Joan Marie Halstead, of the Village of Palo Alto, entered into a pre-trial intervention contract Wednesday in Sumter County Court.

Halstead was accused of casting a 2020 general election ballot on Oct. 20, 2020 in person in Sumter County. She also cast a second ballot in New York by absentee, according to court documents She is a registered Republican and her social media activity suggests she is a supporter of former President Trump.



Joan Halstead

As part of the deal, Halstead must receive a grade of C or better in a class based on the "We the People; the Citizen and the Constitution" textbook and taught by Doug Oswald. The class will meet for two hours each week for 12 weeks. She must pay for all classroom materials.

Halstead was also ordered to perform 50 hours of community service, however the contract specifies she may "use verified hours previously served with veteran's organizations."

**Cardiologist: The Simple Trick to Shed Belly Fat After 50 (It's Genius!)**

Luum

**Learn More**

ordsSearcher.com

# Anyone's Public Records

She is the third Villager ordered into civics class as a result of election fraud charges. The others are:

• **Jay Richard Ketcik, 64, of the Village of Monarch Grove**, was charged with voter fraud in connection with the 2020 presidential election. The Manistique, Mich. native cast a ballot in Florida by mail on Oct. 13, 2020. He also cast a second ballot in Michigan via absentee ballot, according to an arrest report. He is a registered Republican. In addition to enrolling in the same civics class, he conceded that "the first step in rehabilitation is the admission of his wrongdoing."

• **Charles Franklin Barnes,** 64, who lives in the Callahan Villas in the Village of Osceola Hills, was accused of casting more than one ballot in the 2020 election. He was registered with No Party Affiliation. At the time, he had a primary address in Milford, Conn.

A fourth Villager charged with election fraud is still awaiting his fate. **John Rider, 61, of the Village of Virginia Trace**, cast his ballot in person during early voting Oct. 28, 2020 in Sumter County. He also cast an absentee ballot in New York, according to an arrest document. He is due back in Sumter County Court in December.

**Stay up-to-date with the latest happenings in The Villages, FL by subscribing to our Premium Newsletter. Get access to local news, events, and stories that matter to you. Don't miss out on important updates and become a part of our community today!**

© 2025 Florida Panther Media LLC

**<u>Exhibit 17b</u>**

**Voter Information Lookup - Joan Halstead
Republican.**

# Voter Information Lookup

Please find your voter registration information below.

Full Name:
**JOAN M HALSTEAD**

Street Address:

City:
**THE VILLAGES**

Zip Code:
**32159**

County Name:
**SUMTER**

Voter Identification Number:

Date Of Registration:

Party:
**Republican Party of Florida**

Voter Status:

*An active voter refers to a registered voter who is eligible to vote.

Access Ballot and Precinct Information available through your county Supervisor of Elections' (https://dos.fl.gov/elections/for-voters/check-your-voter-status-and-polling-place/voter-precinct-lookup/) website.

New Search (/en/CheckVoterStatus)

Please email BVRSHelp@dos.fl.gov (mailto:BVRSHelp@dos.fl.gov) for website assistance.






**Ron DeSantis, Governor**
**Cord Byrd, Secretary of State**



Privacy Policy (https://dos.fl.gov/privacy-policy/)
| Accessibility (https://dos.fl.gov/accessibility/)
| Site Map (https://dos.fl.gov/site-map/)
| Communications (https://dos.fl.gov/communications/)
| Connect (https://dos.fl.gov/communications/connect/)

# Florida Department of State

R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399-0250

## Questions or comments? Contact Us (mailto:BVRSHelp@dos.fl.gov)

Under Florida law, e-mail addresses are public records. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

**Voter Assistance Hotline:**
1.866.308.6739
**Hours:** Monday - Friday 8:00 AM - 5:00 PM (Eastern Time)
If hearing or speech impaired, please contact the Division using the **Florida Relay Service** (https://www.ftri.org/relay), 1.800.955.8771 (TTY) or 1.800.955.8770 (Voice) or 1-800-955-1339 (ASCII), or 1.877.955.8773 (español a español ).

Copyright (https://dos.fl.gov/copyright/) © 2025 State of Florida, Florida Department of State.

**Exhibit 18a**

**State Docket - Kevin Bolton**
**Charged on August 9, 2023**

# J.K. "Jess" Irby, Esq.



Clerk of Circuit Court



### General Index Search
« Search Form « Court Records Menu

- [Summary](#)
- [Parties](#)
- [Events](#)
- Dockets
- [Charges](#)
- [Alerts](#)
- [Bond](#)
- [Summons](#)
- [Ticklers](#)
- [Costs](#)

Docket List
**01 2022 CF 000902 A** - FELONY Closed - F1 (JUDGE KREIDER)
STATE OF FLORIDA -VS- BOLTON, KELVIN

155 records found                     Displaying records 1-50

Result Page: [1] 2 3 4 »

| File Date | Docket Text | Amount | Amount Due | Images | # of Pages |
|---|---|---|---|---|---|
| 11/22/2023 | DEPARTMENT OF CORRECTIONS COMMITMENT PACKET | | | 🔍 | 3 |
| 11/21/2023 | XXXX | | | | |
| | OBTS COURT ENTRY | | | | |
| | Count: 1 | | | | |
| | Charge Status: Same | | | | |
| 11/21/2023 | Final Plea: Nolo Contendere 11/21/2023 | | | | |
| | Court Action: Guilty Adjudication 11/21/2023 | | | | |
| | Disp. Judge: KREIDER, DAVID P | | | | |
| | Court Action: None - No Trial | | | | |

Date Imposed: 11/21/2023
Effective Date/Time: 11/21/2023
Type: State Prison Facility
Time YYY: 002 MM: 00 DD: 00
Credit Time Served DDDD: 0604
Defr Sentence: No
Costs: 621.00
Disp. Date: 11/21/2023
Pty Chrg Dsp: Adjudicated Guilty/Delinquent in Juvenile Court
OBTS PRE-COURT ENTRY
Count: 2, 3
PROSECUTOR PHASE

| Date | Description | | | | |
|---|---|---|---|---|---|
| 11/21/2023 | Charge Status: Same | | | | |
| | Filing Date: 11/21/2023 | | | | |
| | Final Decision Date: 11/21/2023 | | | | |
| | Final Action: Nolle Prosequi | | | | |
| 11/21/2023 | OIEN BATCH RECORD | | | | |
| 11/21/2023 | ASSESSMENT - CF ATTORNEY FEES, NO APPLICATION FILED | $100.00 | $100.00 | | |
| 11/21/2023 | ASSESSMENT - CF STATE ATTY COST OF PROSECUTION | $100.00 | $100.00 | | |
| 11/21/2023 | ASSESSMENT - $2 CF LCL LW ENFORCEMENT Charge #1: PERJURY: FALSE SWEAR OATH AFFIRM OR PROCURE ANOTHE | $2.00 | $2.00 | | |
| 11/21/2023 | ASSESSMENT - $419 CF BASE COSTS | $419.00 | $419.00 | | |
| 11/21/2023 | FINGERPRINTS OF DEFENDANT | | | 🔍 | 1 |
| 11/21/2023 | VICTIM NOTIFICATION DATA SHEET | | | 🔍 | 1 |
| 11/21/2023 | RESTITUTION ORDER - RESTITUTION NOT ORDERED | | | 🔍 | 1 |
| 11/21/2023 | ORDER ESTABLISHING MONETARY SUMS//KREIDER | | | 🔍 | 2 |
| 11/21/2023 | FELONY GUILTY - JUDGMENT AND SENTENCE | | | 🔍 | 3 |
| 11/21/2023 | PETITION TO ENTER PLEA GUILTY OR NOLO//ACCEPTED//KREIDER | | | 🔍 | 6 |
| 11/21/2023 | COURT ACTION MEMO | | | 🔍 | 1 |
| 11/21/2023 | SCORE SHEET | | | 🔍 | 5 |
| 11/09/2023 | ORDER GRANTING CONTINUANCE | | | 🔍 | 2 |

CRIMINAL COURT EVENT SET

The following event: Change of Plea scheduled for 11/14/2023 at 9:00 am has been rescheduled as follows:

| Date | Description | | | | |
|---|---|---|---|---|---|
| 11/09/2023 | Event: Change of Plea | | | | |
| | Date: 11/21/2023 Time: 9:00 am | | | | |
| | Judge: CIRCUIT, DIVISION 1 CRIMINAL Location: CJC Courtroom 3-B | | | | |
| | Result: HELD | | | | |
| 11/09/2023 | MOTION FOR CONTINUANCE | | | 🔍 | 2 |

CRIMINAL COURT EVENT SET
Event: Change of Plea
Date: 11/14/2023 Time: 9:00 am
10/25/2023 Judge: CIRCUIT, DIVISION 1 CRIMINAL Location: CJC
Courtroom 3-B

Result: RESCHEDULED

| Date | Description | | Count |
|---|---|---|---|
| 10/24/2023 | COURT ACTION MEMO | 🔍 | 1 |
| 10/24/2023 | ATTORNEY SIGNED NOTICE | 🔍 | 1 |
| 10/19/2023 | ORDER FOR PAYMENT OF EXPERT WITNESS | 🔍 | 2 |
| 10/16/2023 | PSYCHOLOGICAL EVALUATION | | |
| 09/28/2023 | ORDER APPOINTING EXPERT(S) | 🔍 | 4 |

CRIMINAL COURT EVENT SET
Event: Case Management
Date: 10/24/2023 Time: 2:00 pm
09/27/2023 Judge: CIRCUIT, DIVISION 1 CRIMINAL Location: CJC
Courtroom 3-B

Result: HELD

| Date | Description | | Count |
|---|---|---|---|
| 09/26/2023 | COURT ACTION MEMO | 🔍 | 1 |
| 09/26/2023 | DEFENDANT SIGNED NOTICE | 🔍 | 1 |
| 09/12/2023 | ORDER GRANTING CONTINUANCE | 🔍 | 2 |

CRIMINAL COURT EVENT SET

The following event: Case Management scheduled for
09/12/2023 at 2:00 pm has been rescheduled as follows:

09/12/2023 Event: Case Management
Date: 09/26/2023 Time: 2:00 pm
Judge: CIRCUIT, DIVISION 1 CRIMINAL Location: CJC
Courtroom 3-B

Result: HELD

| Date | Description | | Count |
|---|---|---|---|
| 09/11/2023 | MOTION FOR CONTINUANCE | 🔍 | 3 |
| 08/31/2023 | COURT ACTION MEMO | 🔍 | 1 |

CRIMINAL COURT EVENT SET

The following event: Case Management scheduled for
08/29/2023 at 2:00 pm has been rescheduled as follows:

08/31/2023 Event: Case Management
Date: 09/12/2023 Time: 2:00 pm
Judge: CIRCUIT, DIVISION 1 CRIMINAL Location: CJC
Courtroom 3-B

Result: RESCHEDULED

| Date | Description | | Count |
|---|---|---|---|
| 08/28/2023 | MOTION FOR APPOINTMENT OF EXPERT ADVISOR | 🔍 | 1 |
| 08/14/2023 | CERTIFICATE OF CANCELLATION | 🔍 | 1 |

OBTS POST-COURT ENTRY
Count: 1, 2, 3
08/12/2023 RE-ARREST PHASE
OBTS Number: 0108060543

| Date | Description | | |
|---|---|---|---|
| | Re-Arrest Date: 08/11/2023 | | |
| | Officer Agency: ALACHUA COUNTY SHERIFF'S OFFICE | | |
| | Charge Code: FTA (No Bond) | | |
| 08/12/2023 | FIRST APPEARANCE CRIMINAL HISTORY SUMMARY - SEE LAST PAGE OF FIRST APPEARANCE ORDER | | |
| 08/12/2023 | FIRST APPEARANCE ORDER - REVIEW *LINDAS* SYSTEM FOR ALL CONDITIONS | 🔍 | 4 |
| 08/12/2023 | ARREST FORM | 🔍 | 3 |
| 08/11/2023 | ALERT SERVED Capias served on: 08/11/2023 for: BOLTON, KELVIN | | |
| 08/09/2023 | ARREST BOND ENTRY<br><br>Ref: Bond/Pwr No.: PSE151047967<br>Initial Charge #: 3<br>Initial Action Code: FRAUD-ELECTION VOTING BY UNQUALIFIED VOTER<br>Prosecutor Count #: 3<br>Prosecutor Action Code: FRAUD-ELECTION VOTING BY UNQUALIFIED VOTER<br>Bonding Co.: ANDRAE BRYANT BAIL BONDS<br>Bond Amount: $10000<br>The following field(s) on arrest bond 3 have been modified:<br>New Bond Status Added: Released<br>New Bond Status Date Added: 08/09/2023 | | |
| 08/09/2023 | ARREST BOND ENTRY<br><br>Ref: Bond/Pwr No.: PSE151047966<br>Initial Charge #: 2<br>Initial Action Code: FRAUD-ELECTION VOTING BY UNQUALIFIED VOTER<br>Prosecutor Count #: 2<br>Prosecutor Action Code: FRAUD-ELECTION VOTING BY UNQUALIFIED VOTER<br>Bonding Co.: ANDRAE BRYANT BAIL BONDS<br>Bond Amount: $10000<br>The following field(s) on arrest bond 2 have been modified:<br>New Bond Status Added: Released<br>New Bond Status Date Added: 08/09/2023 | | |
| 08/09/2023 | ARREST BOND ENTRY<br><br>Ref: Bond/Pwr No.: PSE151047965<br>Initial Charge #: 1<br>Initial Action Code: PERJURY: FALSE SWEAR OATH AFFIRM OR PROCURE ANOTHE<br>Prosecutor Count #: 1<br>Prosecutor Action Code: PERJURY: FALSE SWEAR OATH AFFIRM OR PROCURE ANOTHE<br>Bonding Co.: ANDRAE BRYANT BAIL BONDS<br>Bond Amount: $10000 | | |

The following field(s) on arrest bond 1 have been modified:
New Bond Status Added: Released
New Bond Status Date Added: 08/09/2023

08/08/2023
ALERT ISSUED
Capias issued on: 08/08/2023
For: BOLTON, KELVIN
Bond Amt: 0
Bond Type:

| Date | Description | | |
|------|-------------|---|---|
| 08/08/2023 | Capias Issued (Do not delete) | 🔍 | 1 |
| 08/08/2023 | ORDER REVOKING BOND // KREIDER | 🔍 | 1 |
| 08/02/2023 | MOTION TO REVOKE BOND | 🔍 | 20 |
| 07/25/2023 | NOTICE OF CANCELLATION OF DEPOSITION(S) | 🔍 | 1 |
| 07/24/2023 | RETURN OF SERVICE - SERVED | 🔍 | 1 |

Result Page: [1] 2 3 4 »

Username: **public_i**
Log Out


Clerk's Home Page
Public Records Online



**Exhibit 18b**

**Article from *Georgia Recorder* indicating Kevin Bolton is registered as a Republican**

11/19/25, 9:59 AM    Florida gave voting rights to people with felony convictions. Now some face charges for voting. • Georgia Recorder

Case 1:25-cr-20237-DPG    Document 43-3    Entered on FLSD Docket 11/21/2025    Page 95 of 168

## GEORGIA RECORDER ≡

# Florida gave voting rights to people with felony convictions. Now some face charges for voting.

BY: **KIRA LERNER** - MAY 2, 2022    1:00 AM



📷 People march in Jacksonville to support Amendment 4 in 2018. Florida Rights Restoration Coalition photo.

Florida authorities arrested a Black man while he was staying in a homeless shelter and charged him with voting illegally in a case tied to Republicans' drive to root out election fraud.

But Kelvin Bolton's arrest raises questions about the rollout of Amendment 4, passed by Florida voters in 2018 to restore voting rights to Floridians with felony convictions.

The case is one of the first of its kind since Florida ended the Jim Crow-era voting policy that disproportionately affected Black citizens. Bolton's arrest shows how the constitutional amendment now is being weaponized against poor people who may not realize they are committing a crime.

When law enforcement found 55-year-old Bolton at the homeless shelter and arrested him for illegal voting, according to court records and as first reported by Fresh Take Florida at the University of Florida, he was on early release from jail but still serving two-and-a-half years for theft and simple battery.

Case 1:25-cr-20237-DPG   Document 43-3   Entered on FLSD Docket 11/21/2025   Page 96 of 168

Bolton, who is currently being held in the Alachua County jail on $30,000 bail, is one of 10 people recently charged in the Gainesville, Florida, area with third-degree felonies for illegal voting. Eight of the 10 are Black men.

They all registered to vote while in jail or mailed ballots from jail, but had unpaid fines and fees from prior felony convictions that barred them from voting under a 2019 law, according to the state attorney's office. Each is facing a potential five years in prison and a $5,000 fine.

Bolton currently owes $7,018 in unpaid court fines and fees, including $1,500 in attorney and indigent appearance fees, according to an analysis of court records.

## Voter registration

Bolton had registered to vote in July 2020 during a voter registration drive in the county jail conducted by Alachua County's Democratic elections supervisor, Kim Barton. Bolton cast a ballot by mail in August and November 2020.

"If someone in the prison came up to him and said, 'Hey, man, you know you can vote? Even though you're in prison,' Kelvin would vote," said Bolton's sister, Derbra Owete. "He wouldn't question it because somebody in authority told him he could vote."

She described her brother as gullible and impressionable. Although she is not aware of a formal diagnosis, she believes he is mentally ill. As a child and adult, he rarely had a stable home, she said. He was placed in foster care until his sister gained custody of him and two of their siblings.

Bolton registered as a Republican, but Owete said she doubts he knows the differences between the two parties.

Dedrick De'Ron Baldwin, another one of the 10 people facing illegal voting charges stemming from the voter registration drive, told Fresh Take Florida that he didn't know he was ineligible.

"They told us that if we weren't already convicted of our current crime then we were able to sign up and vote," he wrote from prison to Fresh Take Florida. "They probably signed 65 or 70 people up that day, so I don't understand how I can be charged with voter misconduct. All I was doing was what they told me I had a right to do."

Barton declined to comment on the voter registration drive, directing all questions to prosecutors. All employees of her office have been cleared of any wrongdoing in connection with the drive.

Darry Lloyd, chief investigator with the office of Republican State Attorney Brian Kramer, said that all individuals charged with illegal voting committed crimes because they knowingly registered to vote while ineligible, and then cast ballots.

11/19/25, 9:58 AM
Florida gave voting rights to people with felony convictions. Now some face charges for voting • Georgia Recorder

Case 1:25-cr-20237-DPG   Document 43-3   Entered on FLSD Docket 11/21/2025   Page 97 of 168

"They knew they didn't have the right to vote and they did it anyway," Lloyd said. "If you're a convicted felon and you have multiple felonies, then you know that you don't have the right to vote."

But that's no longer the law in Florida.

In 2018, nearly two-thirds of Florida voters approved Amendment 4, which restores voting rights to most people with felony convictions who have completed the terms of their sentence. The amendment originally restored the right to vote to roughly 1.4 million people.



Kim Barton

But shortly after the election, the state's GOP-controlled legislature passed a law requiring that people with felony convictions pay off all fines, fees, and restitution associated with their sentence before they are eligible to register to vote. After GOP Gov. Ron DeSantis signed the law in June 2019, roughly 774,000 people who would have been eligible to vote were no longer allowed.

Multiple voting rights groups brought legal challenges to the law, and in an opinion in May 2020, a federal judge said Republicans had created an "administrative train wreck" and ruled that the people blocked from voting could still participate in elections. But a federal appeals court overturned that order. The back-and-forth created widespread confusion and left many Floridians unclear about their eligibility to vote.

## Fines and fees

States Newsroom could not determine how much Bolton knew about his unpaid fines and fees. The county jail only permits reporters to schedule calls with detainees with permission from the individual's attorney, and Bolton's public defender declined to comment on ongoing litigation. They said they don't believe it's in their client's best interest to comment, either.

"We are disappointed that the State Attorney has chosen to prosecute any individuals under this statute, particularly considering the lack of clarity in law and the difficulty individuals face in determining if their sentences would be deemed 'complete' under the law," Stacy Scott, the office's lead public defender, wrote in an email.

Most of Bolton's bills for court fees have been forwarded to collection agencies, according to court records. But Bolton's sister said he hasn't had a stable address or home for many years and may have been hard to track down.

It's also unclear how Bolton could have determined that he owed unpaid fees while he was in the county jail, as he wouldn't have been able to reach out to the clerk's office to determine the

Case 1:25-cr-20237-DPG   Document 43-3   Entered on FLSD Docket 11/21/2025   Page 98 of 168

total.

Lloyd said that Kramer is developing an initiative with supervisors of elections so that citizens can verify their voting status if they're unsure, but no such system exists now.

"The state has an impenetrable system of records," said Jonathan Diaz, a voting rights attorney with the Campaign Legal Center, which filed suit against Florida challenging the law requiring the payment of fines and fees. Even veteran county clerks have trouble figuring out who is eligible to vote, according to Diaz.

This bureaucratic morass is "by design because that's the system that Florida created for this," he added. The arrests, he said, are "more an indictment of Florida than anything else."

## Intention of Amendment 4

Florida law requires that citizens determine for themselves whether they are eligible to vote.

But Neil Volz, deputy director of the Florida Rights Restoration Coalition that campaigned successfully for Amendment 4, said that's not consistent with what voters intended when they restored voting rights to people with felony convictions.

"This case exemplifies that our work to live up to the promise of Amendment 4 is far from over," he said, referring to Bolton. "If people in Florida cannot rely on the government for assurances that they can vote, who can they rely on?"

Florida has no centralized system for someone with a felony conviction to determine whether they owe fines or court costs. For a person with a record in multiple counties, determining eligibility would require contacting multiple county clerks, some of whom do not have any written record of how much outstanding money people owe.

It's common for people like Bolton, who lack a steady income and experience homelessness, to have unpaid court fines and fees, said Sarah Couture, Florida state director for the Fines and Fees Justice Center.

"In Florida statutes, judges are not given the ability at sentencing to take someone's individual situation into consideration and do what is called an ability to pay assessment," she said. "Most fines and fees are mandatory in assessment and their amounts are as well. Judges have very little discretion when it comes to fines and fees."

It's also not unique that Bolton owes $1,500 in attorneys fees, though he is indigent and needed public defenders provided by the state.

"Despite the Sixth Amendment to the United States Constitution, it is typical for indigent folks to not only pay for their public defense but also for their prosecution," Couture said. "They even have to pay a $50 application fee for their public defender."

11/19/25, 8:58 AM
Florida gave voting rights to people with felony convictions. Now some face charges for voting • Georgia Recorder
Case 1:25-cr-20237-DPG Document 43-3 Entered on FLSD Docket 11/21/2025 Page 99 of 168

Across the United States, 18 states charge an upfront application fee for a public defender and 43 states have authorization to charge for a public defender, according to FFJC.

## Citizen complaint

The charges in Alachua County stem from a citizen complaint, according to Lloyd. Florida resident Mark Glaeser notified officials about a list of potential illegal voters last year, according to the Gainesville Sun.

Lloyd said the state attorney's office sent the complaint to local law enforcement to investigate, but because the alleged offenses took place in the jail, which is operated by the sheriff, they passed the allegations on to the state.

The Florida Department of Law Enforcement, which is overseen by the governor and state Cabinet, comprising the independently elected attorney general, chief financial officer, and commissioner of agriculture and consumer services, conducted an eight-month investigation into the allegations.

More voters could also be charged with illegal voting as the investigation continues. And, advocates fear that, like Bolton, those who could be arrested may have no idea they're even committing a crime.

"I don't believe that he knew he was committing fraud," Bolton's sister said. " I do feel like he is a pawn."

<u>**Exhibit 18c**</u>

**Third Party Voter Registration – Kelvin Bolton**

**Republican**



Home  /  Cities  /  ██████████████████  /  Kelvin Bolton



# Kelvin Bolton

Age 59, ███████ 1966

Gainesville, 32609 Florida

Kelvin Bolton, 59 years old, is currently listed at ████████████ G4, Gainesville, 32609 Florida and is affiliated with the Republican Party of Florida. He is an black, not hispanic male registered to vote in Alachua County.

## Overview of Kelvin Bolton

Lives In: Gainesville, Florida          DOB: Wednesday, August 3, 1966

View Kelvin Bolton's Background & Public Record Information [ADS]

## Kelvin Bolton Voter Profile

Party Affiliation:
Republican Party of Florida

Get Report

Show Map

SUMMARY



**Background Records found for Kelvin Bolton**

full result

Home     Privacy Policy     Terms of Use     FAQ     Opt Out

Most information on this website is public information in the State of Florida as part of the voter registration database. Please see the Florida Department of State website for more information. This website is not affiliated with the State of Florida. This website is not a consumer reporting agency under the Fair Credit Reporting Act. Information on this website is not permissible to be used for purposes as laid out in the FCRA.
© 2025 FloridaResidentDirectory

**SUMMARY** ⌃

<u>**Exhibit 19a**</u>

**Information - Cheryl Hall**

**March 16, 2020**

Filing # 104930212 E-Filed 03/16/2020 12:12:52 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR LAKE COUNTY

THE STATE OF FLORIDA       CASE NO. 2020-CF-000612-A-03

vs       **INFORMATION**

CHERYL A HALL

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

BRAD KING, State Attorney of the Fifth Judicial Circuit of the State of Florida, in and for Lake County prosecuting for the State of Florida, by and through the undersigned Assistant State Attorney, in the said County, under oath, information makes that: CHERYL A HALL (R/G: W/F, DOB: 04/06/1956) in the County of Lake, and the State of Florida, on or about the 1st day of February in the year of Our Lord, twenty-twenty:

## COUNT I
## ELECTION LAW VIOLATION (F3)
104.011(2)

did willfully submit false voter registration information for Carol Straker to Florida First, to wit: false social security information, party affiliation and signature, which was provided by Florida First to the Supervisor of Elections for Lake County, Florida which is in violation of Section 104.011, Florida Statutes

## COUNT II
## ELECTION LAW VIOLATION (F3)
104.011(2)

and the Assistant State Attorney upon his oath aforesaid, further information makes that CHERYL A HALL (R/G: W/F, DOB: 04/06/1956) in the County of Lake, and the State of Florida, on or about the 1st day of February in the year of Our Lord, twenty-twenty, in the County and State aforesaid did willfully submit false voter registration information for Richard Ramer to Florida First, to wit: false social security information, party affiliation and signature, which was provided by Florida First to the Supervisor of Elections for Lake County, Florida which is in violation of Section 104.011, Florida Statutes

## COUNT III
## ELECTION LAW VIOLATION (F3)
104.011(2)

and the Assistant State Attorney upon his oath aforesaid, further information makes that CHERYL A HALL (R/G: W/F, DOB: 04/06/1956) in the County of Lake, and the State of Florida, on or about the 1st day of February in the year of Our Lord, twenty-twenty, in the County and State aforesaid did willfully submit false voter registration information for Gertrude Hottinger to Florida First, to wit: false social security information, party affiliation and signature, which was provided by Florida First to the

Electronically Filed L-2020-10576

PAGE 2
STATE OF FLORIDA
VS
CHERYL A HALL
2020-CF-000612-A-03

Supervisor of Elections for Lake County, Florida which is in violation of Section 104.011, Florida Statutes

## COUNT IV
### ELECTION LAW VIOLATION (F3)
104.011(2)

and the Assistant State Attorney upon his oath aforesaid, further information makes that CHERYL A HALL (R/G: W/F, DOB: 04/06/1956) in the County of Lake, and the State of Florida, on or about the 2nd day of February in the year of Our Lord, twenty-twenty, in the County and State aforesaid did willfully submit false voter registration information for John Holzli to Florida First, to wit: false social security information, party affiliation and signature, which was provided by Florida First to the Supervisor of Elections for Lake County, Florida which is in violation of Section 104.011, Florida Statutes

## COUNT V
### ELECTION LAW VIOLATION (F3)
104.011(2)

and the Assistant State Attorney upon his oath aforesaid, further information makes that CHERYL A HALL (R/G: W/F, DOB: 04/06/1956) in the County of Lake, and the State of Florida, on or about the 28th day of January in the year of Our Lord, twenty-twenty, in the County and State aforesaid did willfully submit false voter registration information for Bradley Stevens to Florida First, to wit: false social security information and signature, which was provided by Florida First to the Supervisor of Elections for Lake County, Florida which is in violation of Section 104.011, Florida Statutes

## COUNT VI
### ELECTION LAW VIOLATION (F3)
104.011(2)

and the Assistant State Attorney upon his oath aforesaid, further information makes that CHERYL A HALL (R/G: W/F, DOB: 04/06/1956) in the County of Lake, and the State of Florida, on or about the 2nd day of February in the year of Our Lord, twenty-twenty, in the County and State aforesaid did willfully submit false voter registration information for Caryl Hottinger/Cindy Hold to Florida First, to wit: false social security number, date of birth and signature, which was provided by Florida First to the Supervisor of Elections for Lake County, Florida which is in violation of Section 104.011, Florida Statutes

PAGE 3
STATE OF FLORIDA
VS
CHERYL A HALL
2020-CF-000612-A-03

## COUNT VII
### ELECTION LAW VIOLATION (F3)
104.011(2)

and the Assistant State Attorney upon his oath aforesaid, further information makes that CHERYL A HALL (R/G: W/F, DOB: 04/06/1956) in the County of Lake, and the State of Florida, on or about the 1st day of February in the year of Our Lord, twenty-twenty, in the County and State aforesaid did willfully submit false voter registration information for Laurie Stevens to Florida First, to wit: false social security information, party affiliation and signature, which was provided by Florida First to the Supervisor of Elections for Lake County, Florida which is in violation of Section 104.011, Florida Statutes

## COUNT VIII
### ELECTION LAW VIOLATION (F3)
104.011(2)

and the Assistant State Attorney upon his oath aforesaid, further information makes that CHERYL A HALL (R/G: W/F, DOB: 04/06/1956) in the County of Lake, and the State of Florida, on or about the 28th day of January in the year of Our Lord, twenty-twenty, in the County and State aforesaid did willfully submit false voter registration information for Karen Ortega to Florida First, to wit: false social security information and party affiliation, which was provided by Florida First to the Supervisor of Elections for Lake County, Florida which is in violation of Section 104.011, Florida Statutes

## COUNT IX
### ELECTION LAW VIOLATION (F3)
104.011(2)

and the Assistant State Attorney upon his oath aforesaid, further information makes that CHERYL A HALL (R/G: W/F, DOB: 04/06/1956) in the County of Lake, and the State of Florida, on or about the 18th day of January in the year of Our Lord, twenty-twenty, in the County and State aforesaid did willfully submit false voter registration information for Cameron Czerniakowski to Florida First, to wit: false social security information and party affiliation, which was provided by Florida First to the Supervisor of Elections for Lake County, Florida which is in violation of Section 104.011, Florida Statutes

PAGE 4
STATE OF FLORIDA
VS
CHERYL A HALL
2020-CF-000612-A-03

## COUNT X
### ELECTION LAW VIOLATION (F3)
104.011(2)

and the Assistant State Attorney upon his oath aforesaid, further information makes that CHERYL A HALL (R/G: W/F, DOB: 04/06/1956) in the County of Lake, and the State of Florida, on or about the 18th day of January in the year of Our Lord, twenty-twenty, in the County and State aforesaid did willfully submit false voter registration information for Samantha Czerniakowski to Florida First, to wit: false social security information and party affiliation, which was provided by Florida First to the Supervisor of Elections for Lake County, Florida which is in violation of Section 104.011, Florida Statutes

contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida.

STATE OF FLORIDA, COUNTY OF LAKE

Personally appeared before me, BRAD KING, State Attorney for the Fifth Judicial Circuit, State of Florida, in and for Lake County, State of Florida, or his duly designated Assistant State Attorney, who first being sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged. Prosecution instituted in good faith and subscribed under oath, certifying he has received testimony under oath from the material witness or witnesses of the offense.

Mark Dale Simpson, Assistant to BRAD KING State Attorney,
Fifth Judicial Circuit of Florida
Florida Bar No. 0889636

Sworn to and subscribed before me this _16_ day of _March_____, 2020.

Affiant Personally Known to Notary Public

SUZANNE M. KENNEY
Commission # GG 227793
Expires July 23, 2022
Bonded Thru Troy Fain Insurance 800-385-7019

**<u>Exhibit 19b</u>**

**Plea Agreement - Cheryl Hall**

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT, IN AND FOR LAKE
COUNTY, FLORIDA

CASE NO. 20-CF-612-A-04

STATE OF FLORIDA

v.

Cheryl A. Hall                         ,
              Defendant.
_____/

## WAIVER OF RIGHTS
## AND AGREEMENT TO ENTER PLEA

I, Cheryl A. Hall                    , Defendant herein, have been advised that

an Information has been filed against me in the above-styled Court charging me with the

following criminal offenses; to-wit:

· Cts. 1 - 10 : Election Law Violation (F3) × 10    FILED IN OPEN COURT

DEC 0 6 2021

CLERK OF THE CIRCUIT COURT
AND COMPTROLLER
LAKE COUNTY, FLORIDA

with a maximum sentence of:

| Count | Prison | Fine |
|---|---|---|
| · 1 - 10 | 5 yr's prison (each count) | $5,000 (each count) |

Pursuant to plea negotiations entered into between the State Attorney's Office, myself
and my defense counsel, I wish to withdraw my plea of Not Guilty and enter a plea of Guilty/Nolo
to the following criminal offense(s) and upon the following terms:

· All counts to run concurrent.
· Withhold Adjudication as to all counts.
· 12 months probation (concurrent) with the following special conditions:
· 50 hours community service.
· Submit DNA sample.
· $150 to the State Attorney's Office for cost of prosecution.
· Mandatory court costs.

The actual number of days to be awarded as time served credit will be calculated and awarded by the Lake County Jail and/or the Department of Corrections, as appropriate, unless specifically indicated otherwise above.

This sentence also includes the following fines and costs (check appropriate box):

[ ] Mandatory and discretionary costs, fines and assessments as itemized on the attached copy of the proposed Order Assessing Additional Charges, Costs, and Fines and Entering Final Judgement (If Indicated) To Be Recorded, which attached copy of the proposed Order assessing costs is incorporated herein by reference.

[ ] $2.00 per case, per month of supervision, to the D.O.C. Correctional Probation Officers= Training and Equipment fund.  Not applicable if your sentence involves only jail time or prison (Section 948.09 (1)(a) 2, Florida Statutes).

[ ] $30.00 Drug Testing Fee per defendant (not per case) if sentence involves probation. This fee is applicable to all defendants on probation, regardless of the charge and is not applicable if your sentence involves only jail time or prison.  (Section 948.09(6), Florida Statutes).

[ ] $65.00 Drug Testing Fee per defendant (not per case) if sentence involves community control.  This fee is applicable to all defendants on community control, regardless of the charge and is not applicable if your sentence involves only jail time or prison. (Section 948.09(6), Florida Statutes).

[ ] _____ per month (not per case) cost of supervision to the Department of Corrections, Probation and Parole Services.  Not applicable if sentence involves only jail time or prison. (Section 948.09(1)(a), Florida Statutes).

[ ] _____ determined to be the number of community service hours required to be performed. Not applicable if sentence involves only jail time or prison. (Sections 948.031(1) or 948.0345, Florida Statutes).

[ ] Defendant shall submit to random testing to determine the presence or use of alcohol or controlled substances.  (Section 948.03(1)(k), Florida Statutes).

[ ] Defendant shall submit to evaluation for outpatient drug counseling through T.A.S.C. (Section 948.03(6), Florida Statutes).

[ ] Defendant shall have no contact, directly or indirectly, with the victim in this cause. (Section 948.03(6), Florida Statutes).

[ ] Defendant shall submit to testing for human immunodeficiency virus and/or acquired immune deficiency syndrome.  (Sections 381.004(3)(i)6, 775.0877(1), 951.27(1), Florida Statutes).

[ ] Defendant shall submit two (2) specimens of blood to the F.D.L.E. to be registered with the D.N.A. data bank. (Sections 943.325(1)(a) and 948.03(5)(h), Florida Statutes)

[ ] Convicted felony offenders must, within 48 hours of entering any county of the State of Florida, register with the sheriff or Florida Department of Law Enforcement as a convicted felon.  The law provides that the term Aconvicted@ means, (with respect to a person=s felony offense), a determination of guilt, which is the result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld. (Section 775.13, Florida Statutes)

[ ] SEXUALLY VIOLENT PREDATORS ACT - SEXUALLY VIOLENT OFFENSES - DEFENDANT UNDERSTANDS THAT ANY PREVIOUS, CURRENT OR FUTURE CONVICTION OF A SEXUALLY VIOLENT OFFENSE AS SUCH OFFENSE IS DEFINED IN FLORIDA STATUTE 394.912, MAY SUBJECT DEFENDANT TO THE PROVISIONS

OF THE ASEXUALLY VIOLENT PREDATORS ACT@ (CHAPTER 394, FLORIDA STATUTES). DEFENDANT UNDERSTANDS THAT IF A COURT OR JURY DETERMINES HIM/HER TO BE A SEXUALLY VIOLENT PREDATOR UNDER THIS ACT, IT WILL RESULT IN HIS/HER CIVIL COMMITMENT TO THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES UNTIL SUCH TIME AS IT IS DETERMINED THAT HIS/HER PERSONALITY HAS CHANGED SO THAT IT IS SAFE FOR HIM/HER TO BE AT LARGE.

I understand that if the offense to which I am entering a plea is a criminal offense for possession or sale of, trafficking in, or conspiracy to possess, sell, or traffic in illegal drugs under Chapter 893, Florida Statutes, a conviction can result in the revocation of my driver's license by the Department of Highway Safety and Motor Vehicles (Sections (322.055, 322.056 and 322.27, Florida Statutes).

I am aware and fully understand the charge(s) against me and that a plea of guilty admits the truth of the charge, a plea of not guilty denies the charge and a plea of Nolo Contendere does not contest the charge.

My attorney has discussed with me the defense(s) that might be available to the charge(s) and has given me the benefit of his advice. I am satisfied that my attorney has represented me to the best of his ability, and has done all that can be expected of him.

I wish to enter my plea to the offense(s) as set forth above because I am guilty of/do not contest the charge(s) and I have no other reason. I stipulate and agree that there are sufficient facts that exist to support the charge(s) to which I am entering my plea. I do not require the State to tell the Judge the facts upon which the charge is based before the Judge accepts my plea, and I agree that the Judge may rely upon any probable cause statement or violation of probation affidavit in the court file for a factual basis to justify the acceptance of my plea or admission.

I acknowledge and agree that no one, including my attorney, has made any promises or assurances to me regarding the amount of gain time I will receive if my sentence involves prison or jail. I have not been promised, nor has it been suggested that I will be rewarded in any manner, or that I will be given probation or leniency other than the terms as set forth above in return for my plea. I understand that the Florida Department of Corrections is solely responsible for awarding gain time or any type of early release. I understand that any information I have received concerning gain time or early release is strictly an estimate and that it is not part of any plea discussion or agreement. No person has used any threats, force, pressure or intimidation to induce me to enter the plea outlined above.

I fully realize that by entering this plea I am waiving and relinquishing my right to trial by jury or the Court; my right to confront and cross-examine my accusers; my right to subpoena and have witnesses testify in my behalf; my right to remain silent or to testify in my own behalf; and the right to have the State prove the truth of the charge(s), including each element, beyond and to the exclusion of every reasonable doubt before I could be found guilty. I understand that I am waiving and forever relinquishing my right to assert any affirmative defenses which might be available to me, including—but not limited to any defense asserting that I did not commit the crime(s) to which I am entering my plea.

I understand that if I am placed on probation or community control and violate the terms, I could receive the maximum sentence for the charges for which I am on probation or community control.

I understand that a felony conviction could be used as a basis for future sentencing enhancement under Florida Statute 775.084, as a habitual offender. I understand that a prison sentence under this plea agreement could subject me to classification and enhanced penalty as a "prison releasee reoffender" under Section 775.082(8), Florida Statutes, for a new offense committed within three (3) years of the date of my release from prison.

I understand that my sentence is based on a guideline scoresheet. The guideline sentencing range that has been calculated by the prosecution is _____ .

I understand that even if adjudication of guilt is being withheld under this plea agreement, if I commit another felony offense at a later date, this charge might be considered as a "conviction" when calculating my "prior record" under the Criminal Punishment Code (Chapter 921, Florida Statutes).

I hereby waive extradition should circumstances warranting such action by the State of Florida ever exist during the period of any court-ordered supervision under this case.

If the Defendant is not a citizen of the United States, this plea will subject the Defendant to possible deportation subject to the laws and regulations of the Immigration and Customs Enforcement.

I understand that, pursuant to Fla. Stat. 938.29(5) and Fla. R. Crim. P. 3.720, that I may offer an objection and have the opportunity to be heard as to the amount of the attorney=s fees and costs assessed against me.

I have been advised by my attorney that I hereby waive my right to appeal the judgment and sentence of this Court, except appellate review of appropriate collateral issues. AAppropriate collateral issues@ would include, without limitation, the following:

1.  lack of subject matter jurisdiction by the Circuit Court, Fifth Judicial Circuit, Lake County, Florida;

2.  illegality of the sentence;

3.  failure of the State to abide by the foregoing plea agreement;

4.  the voluntary and intelligent nature of your plea.

You have the right to be represented by an attorney for the purpose of appeal. If you cannot afford a private attorney for the purpose of pursuing your appeal, the Office of the Public Defender will be appointed upon your request and determination of indigency. You have thirty (30) days from the date of sentencing in which to commence an appeal, otherwise your right to appeal will be deemed waived.

Dated this ___6 th___ day of ___December___ , 2021.

_____
Defendant

_____
Assistant State Attorney
Fifth Judicial Circuit
Florida Bar No. 0933325

_____
Attorney for Defendant
Fifth Judicial Circuit
Florida Bar No. 127437

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT, IN AND FOR LAKE
COUNTY, FLORIDA

STATE OF FLORIDA

CASE NO. 20-CF-612-A-04

vs.

Cheryl A. Hall                    ,

Defendant.

_____/

I have been advised as follows:

The Office of the Public Defender is requesting a Court Order setting attorney's fees and

costs in the amount of $ 100     .

I have a right to a hearing before the Court to contest the amount and reasonableness of

the requested costs and fees. At that hearing, I would have the right to be represented by an

attorney.

X  I agree that the costs and fees are reasonable and waive my right to a hearing.

_____ I request a hearing before the Court regarding the requested costs and fees.

Defendant

12/6/2021
Date

<u>**Exhibit 19c**</u>

**Article from *Orlando Sentinel* indicating Cheryl Hall is registered as a Republican**

**archive.today**
webpage capture

Saved from | https://www.orlandosentinel.com/2020/03/05/clermont-woman-charged-with- | search

no other snapshots from this url

All snapshots  from host www.orlandosentinel.com

19 Nov 2025 15:35:50 UTC

Webpage | Screenshot

🔗 share   ⬇ download .zip   💡 report bug or abuse   ❤ Buy me a coffee

# Orlando Sentinel

NEWS > POLITICS > ELECTION

# Clermont woman charged with falsifying voter records

 By **JOHN CUTTER**
PUBLISHED: March 5, 2020 at 6:23 PM EST | UPDATED: March 5, 2020 at 11:26 PM EST

Authorities charged a Clermont woman Thursday with submitting false registration information that switched party affiliations without voters' knowledge.

Cheryl A. Hall, 63, turned herself in Thursday, a day after officials announced that 119 voter forms were falsified, including some that changed registrations from Democrat or no party affiliation to Republican. Others had their party affiliation removed.

According to court documents, Hall was working for Florida First, an organization that helps register voters. She submitted forms to the Lake elections supervisor, which flagged them because they included incorrect information, such as driver's license numbers and dates of birth, authorities said.

Alan Hays, the Lake supervisor of elections, said in an interview this week that some forms appeared to have forged signatures. When his office alerted voters to the changes to their registration, 10 of them filed formal complaints, saying they had not made any changes.

All 119 false forms were assigned to Hall to collect, the Sheriff's Office said.

Hall, a registered Republican who worked for Florida First's Winter Park office, was arrested on 10 felony counts of Submission of False Voter Registration Information, court documents show. She was released from Lake County Jail after posting a $20,000 bond.

Florida First cooperated with the investigation, officials said.

"Florida First is actively working with the Lake County Supervisor of Elections to ensure every voter is properly registered to vote," Elicia Babac, Florida First State Director, said in an emailed statement. "Florida First will continue to work tirelessly to serve communities that may be underrepresented, and provide them access to voter registration services."

The organization said it was refraining from other comments at this time.

Hays said he was pleased with the arrest and reminded voters to check their registration information on lakevotes.com.

"If you see any inaccurate information on your voter file, please contact our office at 352-343-9734," Hays said. "Voters in Lake County can rest assured that every authorized voter will be able to cast a ballot and have their vote counted."

State elections officials this week said they knew of no other similar cases elsewhere in Florida.

Early voting in Lake started on Thursday. The presidential preference primary is March 17 as well as an election in Groveland.

*John Cutter can be reached at jcutter@orlandosentinel.com.*

   

## MOST POPULAR

**Florida Supreme Court justice resigning to take job at UF**

**Sanford grandfather, born in refugee camp, nabbed by ICE after 70 years in U.S.**

**Regina Hill wants Orlando's election results tossed, or to be declared winner**

**Maxwell: $925/hr legal bills, $494,000 per degree. The costs of cronyism at Florida universities**

**Orlando's largest vacation home is off the rental market after record-breaking sale**

**Kroger closing Groveland automated facility, impacting nearly 1,400 workers**

**OPD: Suspect killed in tattoo shop drug raid ID'd as tattoo artist**

**Sanford grandfather to remain in ICE custody while judge ponders case**

**Florida's Turnpike set to be widened, providing relief for growing southern Osceola**

**US Supreme Court turns down pregame prayer appeal from Florida Christian school**

## MORE IN POLITICS



**New sanctions target Russian web hosting service over suspected ransomware operations**



**Melania Trump and Usha Vance are making an early holiday visit with North Carolina military families**



**After 'alarming' Guana land swap idea, Florida lawmaker files bill for more transparency**



**'Quite a bit of baggage': Democrats hope to unseat scandal-plagued GOP Rep. Cory Mills**

2020 > March > 5

# Orlando Sentinel

**TRIBUNE PUBLISHING**

Chicago Tribune

The Morning Call of Pa.

Daily Press of Va.

New York Daily News

South Florida Sun-Sentinel

Hartford Courant

The Virginian-Pilot

Studio 1847

**COMPANY INFO**

Archives

Contact Us at the Orlando Sentinel

Community News Fund

Careers

**MANAGE ACCOUNT**

Newsletters

Daily e-Edition

Evening Edition

Help

**ADVERTISE WITH US**

Place an Ad

Auto Listings

Find a Job

**ABOUT THE ORLANDO SENTINEL**

Photo requests, reprints

Send us a News Tip

Subscriber Services & Help

Site Map

**CLASSIFIED**

Legal Notices

SUBSCRIBE NOW

Subscriber Terms and Conditions    Terms of Service    Privacy Policy    Cookie Policy    Cookie Preferences    CA Notice at Collection
CA Notice of Financial Incentive    Do Not Sell/Share My Personal Information    Copyright © 2025 Orlando Sentinel

<u>**Exhibit 20a**</u>

**Court Ordered Fines - Benjamin Paris**
**September 6, 2022**

GRANT MALOY, SEMINOLE COUNTY
CLERK OF CIRCUIT COURT & COMPTROLLER
CFN# 2022101246 Bk:10309 Pg:919-920(2Pgs)
REC: 09/02/2022 11:50:22 AM by csmith
RECORDING FEES $0.00

IN THE COUNTY COURT, IN AND FOR SEMINOLE COUNTY FLORIDA

Page: 1

09/01/2022 2:14 PM

Case # 2022MM001796A

STATE OF FLORIDA vs PARIS, BENJAMIN RICHARD

OBTS # 8888888888

FILED

## ORDER OF COURT COSTS/FINES/JUDGMENT

YOU WILL PAY THE FOLLOWING COURT COSTS/FINES TO:
CLERK OF THE COURT
P.O. BOX 850, SANFORD, FL 32772-0850
WWW.SEMINOLECLERK.ORG
STREET ADDRESS: 101 ESLINGER WAY, SANFORD, FL 32773

SEP - 6 2022

CLERK SEMINOLE COUNTY

FOR CHARGE: 1 MAKING ONE CONTRIBUTION THROUGH OR IN THE NAME OF ANOTHER IN ANY ELECTION
AS A SPECIAL CONDITION OF PROBATION/COMMUNITY CONTROL

```
     $60.00  ADDITIONAL COURT COSTS (FS 938.05(1)
     $65.00  ADDITIONAL COURT COSTS (FS 939.185(1)(A) & SEMINOLE COUNTY ORD 2004-37) (JUDGMENT)
     $50.00  CRIME COMPENSATION TF (FS 938.03(1))
      $3.00  CJT (FS 938.01) AND $2.00 CJE (FS 938.15)
      $3.00  TEEN COURT PROGRAM (FS 938.19(2))
     $10.00  COSTS PER ADMINISTRATIVE ORDER 18-02-S AMENDED
     $20.00  CRIME STOPPERS TF (FS 938.06(1))
    $213.00  SUBTOTAL STANDARD COSTS

     $50.00  COST OF PROSECUTION (FS 938.27)
  $42528.04  INVESTIGATIVE COSTS 1 PURSUANT TO FS (938.27(1)) FOR FDLE (FLORIDA DEPARTMENT OF
             LAW ENFORCEMENT) AS A SPECIAL CONDITION OF PROBATION.
  $42578.04  SUBTOTAL ADDITIONAL ASSESSMENTS

  $42791.04  TOTAL COSTS IMPOSED FOR CHARGE: 1 MAKING ONE CONTRIBUTION THROUGH OR IN THE NAME O
```

$42791.04 GRAND TOTAL COURT COSTS/FINES

ARRANGE PAYMENT PLAN THROUGH COMPLIANCE DEPT TODAY.

THE COURT FURTHER ORDERS THAT GRANT MALOY, CLERK OF THE CIRCUIT COURT, 301 N. PARK AVENUE,
SANFORD, FLORIDA 32771-1243, ON BEHALF OF THE STATE OF FLORIDA, RECOVER FROM THE DEFENDANT,
BENJAMIN RICHARD PARIS, 551 EAST CHURCH AVE, LONGWOOD, FL 32750,
ALL THE ABOVE COSTS, AND PREVIOUSLY UNPAID COSTS, IN THE TOTAL SUM OF $65.00, WHICH SHALL
BEAR INTEREST AT THE RATE OF 4.34% PER YEAR, FOR WHICH LET EXECUTION ISSUE.

THE DEFENDANT WAS ADVISED OF THE RIGHT TO APPEAL FROM THIS JUDGMENT BY FILING NOTICE
OF APPEAL WITH THE CLERK OF THE CIRCUIT COURT WITHIN 30 DAYS FOLLOWING THE DATE
SENTENCE IS IMPOSED OR PROBATION IS ORDERED PURSUANT TO THIS ADJUDICATION. THE
DEFENDANT WAS ALSO ADVISED OF THE RIGHT TO THE ASSISTANCE OF COUNSEL IN TAKING SAID
APPEAL AT THE EXPENSE OF THE STATE UPON SHOWING OF INDIGENCY.

IN THE COUNTY COURT, IN AND FOR SEMINOLE COUNTY FLORIDA

Page: 2

09/01/2022 2:14 PM
STATE OF FLORIDA vs **PARIS, BENJAMIN RICHARD**

Case # **2022MM001796A**
OBTS # **8888888888**

DONE AND ORDERED AT SANFORD, SEMINOLE COUNTY, FLORIDA, 09/01/2022

JUDGE: _____

CERTIFIED COPY - GRANT MALOY
CLERK OF THE COURT
SEMINOLE COUNTY, FLORIDA

BY _____ DEPUTY CLERK
Date_____

SEP 0 2 2022

UNOFFICIAL

**Exhibit 20b**

**Motion for New Trial - Benjamin Paris**

Filing # 157141282 E-Filed 09/11/2022 09:47:04 AM

IN THE COUNTY COURT OF THE 18th JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

STATE OF FLORIDA,
     Plaintiff,

vs.

BENJAMIN RICHARD PARIS,
     Defendant.

_____/

CASE NO.: 2022-MM-1796-A

## MOTION FOR NEW TRIAL
## PURSUANT TO FLA. R. CRIM. P. 3.600

**THE DEFENDANT**, Benjamin Richard Paris, by and through his undersigned attorney, respectfully moves this honorable Court to enter an order granting the defendant a new trial, setting aside his conviction, and vacating his sentence for the reasons set forth below:

1. The defendant, Benjamin Paris, was charged with the offense of Making One Contribution Through or in the Name of Another under sections 106.08(5)(a), and 106.08(7)(a).

2. A trial on the charge was held on August 29th & 31st, and September 1st, of 2022.

3. The jury returned a verdict of guilty and the defendant was sentenced.

4. The defendant now files this motion for a new trial.

5. The grounds for the motion are:

    a. The court erred in deciding matters in this trial including but not limited to permitting certain testimony, allowing the State's improper closing, which thus allowed misconduct, and not granting the defendant's motion for judgment of acquittal;

1

b. The court erroneously instructed the jury on a matter of law or refused to give a proper instruction requested by the defendant; and

c. Because the defendant did not receive a fair and impartial trial.

## CLOSING ARGUMENTS

6.     On September 1st, 2022, the parties gave their closing arguments.  The State's rebuttal argument was improper, and thus was misconduct.

7.     The State stated "how did this information get on this paper, magic...," (referring to the contributor report). The defendant objected to shifting the burden of proof. Referring to "magic" implies that the defendant had a burden to explain what was on the paper and how it got on the paper.  The State could have conceded that they do not know how this information got on this document but cannot sarcastically state that it was magic. This denigrates the defense while also shifting the burden for the defendant to explain how the information got on the document.

In Bell v. State, 108 So.3d 639, 648-49, (Fla. 2013), the Florida Supreme Court held that the prosecutor cannot imply that the defendant had a burden of proof or of producing any evidence.  The specific statement from the prosecutor in Bell was "if you are looking for a reason not to believe [the victim] there isn't one.  Because there is no evidence that she would have made this up at this particular time under these particular circumstances."  The Court explained that this statement "highlighted Bell's failure to present any evidence…" and "thereby implied that Bell had a burden of proof regarding the witnesses credibility."  Id.  The Court further expressed that "the prosecutor did not correct any false impression by reminding the jury that the State at all times retains the burden of proof."  Id.

2

Here the prosecutor stated: "How did it get on here? Magic?" This statement implied that the defendant had a burden to prove how the information got on the document. The prosecutor did not correct this burden shifting. This statement by the prosecutor highlighted Paris' failure to present any evidence on how the information was placed on the document and thereby implied Paris had the burden of proof regarding how the information was placed on the document. And, just like in Bell, the State did not correct this false impression by reminding the jury that the State at all times retains the burden of proof.

And, while shifting the burden of proof, the use of the term magic denigrated the defendant's defense. In Redish v. State, 525 So.2d 928, 931, (Fla. 1st DCA 1988), the First DCA found that the prosecutions reference to "cheap tricks" was beyond the bounds of proper closing argument. The use of the word "magic" here, is beyond the bounds of proper closing argument.

8. The State went on to state "and this matters...the reason this matters is because..." and the defendant objected stating that this was improper argument, that the State was not permitted to impose upon the jury it's opinion of why this case mattered. This objection was overruled.

In Pacifico v. State, 642 So.2d 1178, 1184 (Fla. 1st DCA 1994), the First DCA expressed that "because a jury can be expected to attach considerable significance to a prosecutor's expressions of personal beliefs, it is inappropriate for a prosecutor to express his or her personal belief about any matter at issue." (Citing Singletary v. State, 483 So.2d 8, 10 (Fla. 2d DCA 1985). The First DCA's opinion in Pacifico explains how the prosecutor stating this improper opinion correlates to arguing facts not in evidence.

3

In other words, the prosecutor's opinion of why "this matters" is not in evidence and thus is the improper sharing of the prosecutor's opinion with the jury.  And in fact, the State conceded that its argument was improper when it asserted at the bench that it was just like the defendant's improper argument.

Even if this Court were to believe the defendant made the incorrect objection, which the defendant is not conceding, the Fifth DCA has explained "that trial courts have a duty, even without hearing an objection, to bring a swift and sure end to prosecutorial misconduct in closing argument…" Rodriguez v. State, 210 So.3d 750 (Fla. 5th DCA 2017) (**Emphasis added.**).  Thus, even if the court believes the defendant raised the wrong objection it was incumbent upon the court to end the prosecutorial misconduct.

9.      With this objection being overruled the prosecutor continued… the citizens get to elect those who make choices on policies on our behalf in elections.  We all know the pledge of allegiance.  I pledge allegiance to the flag of the United States of America to the republic for which it stands…This goes to the integrity of elections and it is so incredibly important because voting is sacred and sanctified.  Transparency in campaign finance is a fundamental tenant in our elections.  We need to know where the money is coming from so everyone is playing on an even playing field.  Just $200.00; that's where faith and confidence in our system erodes.  Without faith and confidence in our elections we don't have our democratic republic.  (*Paraprhased*).

This argument is improper because it asks the jury to convict the defendant not for a violation of the alleged crime but to protect our democracy.  It is "appealing to the jury's sympathy, emotions and sense of community conscience or civic responsibility." See Sampson v. State, 213 So.3d 1090, 1097, (Fla. 3d. DCA 2017).  Mentioning the

4

pledge of allegiance to protect our democratic republic is not only appealing to a sense of community conscience or civic responsibility, but also "impermissibly inflames the passions and prejudices of the jury with elements of emotion and fear;" fear that if we do not convict we may very well lose our democracy and that we have pledged otherwise. Cruz v. State, 320 So.3d 695, 720 (Fla. 2021), see also Campbell v. State, 679 So.2d 720, 724 (Fla. 1996)(The prosecution should not "make an obvious appeal to the emotions and fears of the jurors." And in this case the appeal was to the emotion and fear of losing our democracy.). "There should be no suggestion that a jury has a duty to decide one way or the other; such an appeal is designed to stir passion and can only distract a jury from its actual duty; impartiality." Redish at 930 citing United States v. Young, 470 U.S. 1, 5-6 (1985).

This line of argument is also asking the jury to convict the defendant for a reason other than a violation of the law, for some public policy, to send a message to those who are involved in elections. In Servis v. State, 855 So.2d 1190, 1194 (Fla. 5th DCA 2003), the Fifth DCA exclaimed:   Statements like here are "improper because counsel is not permitted to suggest that evidence which was not presented at trial provides additional grounds for finding the defendant guilty." Here, the State states, more than suggest, that our democracy is at stake if this behavior is allowed.  There was no evidence admitted that our democracy is at stake.  This is providing an additional ground to find the defendant guilty, all while appealing to the jury sense of civic duty.

It is worth noting that the Fifth DCA has held "when properly preserved comments are combined with the unobjected-to acts of prosecutorial overreaching, 'the integrity of the judicial process has been compromised and the resulting convictions and

5

sentences irreparably tainted.'"  Brinson v. State, 153 So.3d 972, 980 (Fla. 5th DCA 2015).

In Ruiz v. State, 743 So.2d 1, 2 (Fla. 1999), the Florida Supreme Court explained:

> A criminal trial is a neutral arena wherein both sides place evidence for the jury's consideration; the role of counsel in closing argument is assist the jury in analyzing that evidence, not to obscure the jury's view with personal opinion, emotion or non-record evidence….An attorney "may not suggest that evidence which was not presented at trial provides additional grounds for finding the defendant guilty."

That is exactly what occurred here.  The State asked the jury, after suggesting its allegiance to our democracy, to consider evidence that allowing this crime would irreparably harm our democracy over and above asking the jury to convict the defendant for a violation of the law alleged.  In this day and age, where election integrity is the hot topic, and considering the rhetoric surrounding it, the prosecutor's plea or suggestion of allegiance to our republic in addition to a violation of the law is highly inflammatory and designed to appeal to the jury's emotions and sense of civic duty.  This line of argument compromises the integrity of the judicial process, and thus, the resulting conviction and sentence is irreparably tainted.  Thus, this Court should order a new trial.

10.    Exasperating this issue, is the fact that the defendant filed a Motion in Limine which was granted to the extent that the State could not introduce or comment on, including in closing argument, an effect on an election.  The State violated this Court's order with the above statements made during closing argument.  And for this reason, as well, the above reasons, this Court should enter an order granting the defendant a new trial.

6

## INVESTIGATOR COPE'S TESTIMONY

11.   The admission of two lines of questioning of Investigator Troy Cope elicited by the State over the Defendant's objection was in error.  The two lines of questioning are:  1.  A question regarding when the crime is committed; i.e., that the crime is not committed until the report is filed; and 2.  Questions that start with based on your investigation did you determine …., an example of which is based on your investigation did you determine Eric Foglesong held himself out as person who assist with campaigns.

12.   Addressing the first question to Investigator Cope, at what point is the crime committed, the defendant objected to this line of questioning and the response therein stating it was an improper opinion that led to the witness instructing the jury on the law.

13.   In Gamble v. State, 644 So.2d 1376, 1377-1378, (Fla. 5th DCA 1994), the Fifth DCA held that even expert testimony can invade the province of the jury.  The Fifth DCA went on to hold that a witness, expert or otherwise, should not be permitted to act as the judge and instruct the jury to find that a particular fact meets the definition of the law.  Specifically, in Gamble, the court found that the agent's testimony "that the amount of drugs found in Gamble's possession was inconsistent with personal use, and was, therefore, intended for sale", invaded the province of the jury and the judge.  Id, see also Spry v. State, 946 So.2d 630 (Fla. 2d. DCA 2007)(Even an expert witness cannot provide an opinion that invades the province of the jury, i.e., that a specific fact is evidence of violation of the charge); and see Hunt v. State, 284 So.3d 1092 (Fla. 4th DCA 2019)("A police officer's testimony or comments suggesting a defendant's guilt invades the province of the jury to decide guilt or evidence"); see also Scott v. Barfield, 202 So.2d 591, HN 10, (Fla. 4th DCA 1967); and also Floyd v. State, 569 So.2d 1225, 1231-32, (Fla.

7

1990)("Generally, a lay witness may not testify in terms of an inference or opinion, because it usurps the function of the jury.). And see Nardone v. State, 798 So.2d 870, 872 (Fla. 4th DCA 2001)("When facts are within the ordinary experience of jurors, conclusions to be drawn therefrom are to be left to those jurors.")

14. Here, the question to Investigator Cope asking when the crime occurs, i.e., on the date of the filing improperly invades the province of the jury whose role is to make this finding, and invades the province of the court who is responsible for instructing the jury on the law. Thus, the objection should have been sustained, and because it was not a new trial should be granted.

15. As to the second line of questioning, asking the investigator for conclusions based on his investigation without testifying to the underlying evidence that led to the conclusion over the defendant's objection was in error. The defendant objected to lack of foundation and that it may well be hearsay, but that without the foundation laid the defendant could not make proper objections. The objection was overruled.

16. In Carter v. State, 951 So.2d 939, 943 (Fla. 4th DCA 2007), the Fourth DCA explained that a lack of foundation objection along with a hearsay objection is sufficient to preserve the issue for review of "the failure of the proponent of the evidence to lay a proper predicate." Here, a proper predicate for how Investigator Cope's conclusion was reached was grounds for the proper objection of lack of foundation, and prohibited the defendant from making proper objections such as hearsay. In other words, this testimony is conclusory without basis.

17. Due to these two errors on the admission of testimony the defendant should be granted a new trial. Also, combined with the closing argument issue above the

cumulative effect should lead to the defendant being granted a new trial.

## JESTINE IANNOTTI'S TESTIMONY

18.     The state elicited testimony from Jestine Iannotti that Eric Foglesong completed and filed the campaign contributor report.  The basis for how she came to this conclusion was not elicited.  Thus, the testimony should not have been allowed as it lacked a foundation on how Ms. Iannotti reached this conclusion.  This testimony should not have been allowed under the same reasoning paragraph 15 above, the testimony was conclusory without a basis.

19.     The admission of this testimony allowed the State of Florida to establish that Eric Foglesong, who was shown to be involved in all the communications at issue in the trial, completed and filed the campaign contribution report at issue.  Without this testimony, who completed and filed the campaign report at issue would not have been established.  Without this evidence, the motion or judgment of acquittal under the basis of insufficient evidence under the circumstantial evidence standard is even stronger and should have been granted.  As a result of the evidence being admitted wrongfully, the defendant should be granted a new trial.

20.     Further, the cumulative effect of all of the above resulted in Mr. Paris not receiving a fair and impartial trial.  Thus, he should be granted a new trial.

## JURY INSTRUCTIONS

21.     There is no standard instruction for the offense charged here, making a donation in another's name.

22.     The State requested and the Court gave the following instruction:

> To prove the crime of Making One Contribution Through or in the Name of Another in Any Election, the State must prove the following element

9

beyond a reasonable doubt:

Benjamin Richard Paris, as a principal or active participant, did knowingly and willfully make one contribution by or through the name of another, directly or indirectly, <u>in any election</u>.

23.     The defendant requested that the words in any election above read in the District Nine Election as stated in the information.  The defendant also made this request noting it went to his theory of defense, the defense that the State did not prove that Mr. Paris made the donation in another's name for the District Nine Election.  That, Mr. Paris, could have provided the name for a different election based on the evidence and lack of evidence presented, and that was what he was charged with.

24.     In <u>Brown v. State</u>, 11 So.3d 428, 433 (Fla. 2d DCA 2009) the Second DCA explained:  "'[A] charge taken from a **statute** must be justified by the evidence; it must be pertinent to the case; it must be confined to the issues in the case; and it must **not** mislead the jurors." (Emphaiss added).  The giving of an instruction-even one taken directly from a **statute**-that violates these basic safeguards may result in reversible error.  In this case, our task is to determine whether the special instruction based directly on <u>section 794.011</u>(2) had the potential to mislead the jurors or was otherwise improper."

25.     Here, the court essentially read from the Statute.  Although this is not necessarly erroneous the fact that the jury instruction was not "confined to the issues in the case" is.  The Florida Supreme Court has explained that "the …. instruction must constitute the Court's complete law of the case <u>insofar as the material elements of the crime charged is concerned</u>, [and…] the Court [must] fully and properly instruct the jury <u>on the essential elements required to be proven under the issues presented by the information</u> before conviction could legally be obtained.  <u>Gerds v. State</u>, 64 So. 2d 915,

10

916 (Fla. 1953).

26.     The jury instruction must "advise or inform the jury" of the "element of the offense charged in the **indictment, [information**]." Finch v. State, 116 Fla. 437 (Fla. 1934).   In Reyes v. State, 34 Fla. 181, 184 (Fla. 1894), the Florida Supreme Court explained that the eleventh section of the bill of rights of the Florida Constitution "provides that every person accused of a crime 'shall be heard to demand the nature and cause of the accusation against him." "The indictment [information] should state the circumstances which constitute the definition of the offense." Id.  No judgment can be entered upon a verdict that does not abide by the circumstances of the case. Id.

27.     "It is well-settled in Florida that a criminal defendant is entitled to have the jury instructed on the law applicable to his theory of defense if the theory is legally valid and there is any evidence in the record to support it." Cliff Berry v. State, 116 So.3d 394, 407 (Fla. 2012).  The defendant requested that the jury instruction track the information, i.e, that the jury instruction state specifically in the district nine campaign.   The defense was that the State did not prove that the request to use Steven Smith's name for a campaign was proof that Mr. Paris meant to use Steve Smith's name in the district nine election specifically.  By not giving this instruction the jury was allowed to consider if the request to use the name in any election is a violation of the law, without the name being used in that specific election.  In other words, the jury could have convicted the defendant for assisting Eric Foglesong by providing Eric Foglesong a name to be used for a donation to be used in another election, aside from the district nine election, despite that being the specific charge in the information.  "[T]he use of a standard instruction does not relieve the trial court of its duty to ensure that the instruction accurately and adequately conveys

11

the law applicable to the <u>circumstances of the case</u>.  <u>Id</u>.  The defendant's request for the instruction to be specific is supported by the evidence or lack of evidence in the case; the broad instruction did not cover the defendant's theory of defense; and the specific instruction requested was a correct statement of the law and not misleading or confusing. <u>Id</u>. (Sets the standard for a requested defense instruction.). Another way to look at this is because the State was permitted to ask the jury to convict for any assistance in giving another name for any contribution in any election, venue may not have been proper.  The defendant raised lack of venue in his motion for judgment of acquittal.   The state responded because the internet was used in the district nine election in the Ianotti campaign and that district nine included Seminole County, that venue had been established.   However, the broad jury instruction allowed the jury to consider that the intent of giving the name was for any contribution in any election regardless of the jurisdiction for where such assertion occurred or by how it occurred, meaning if the internet was actually used at all for the specific or any campaign which the jury found the defendant guilty.

28.     Because the jury instruction requested by the defendant should have been given and was not, a new trial should be ordered.

## MOTION FOR JUDGMENT OF ACQUITTAL

29.     The defendant moved for judgment of acquittal on several grounds.  The defendant does not address all the grounds argued trial here, but reserves the right to amend this motion to add the additional grounds, and to appeal the grounds not addressed in this motion.

30.     The defendant is charged with a violation of sections 106.08(5)(a) and

106.08(7)(a) by acting as a principal.

31.     Subsection (7)(a) states:

> Any person who knowingly and willfully makes or accepts no more than one contribution in violation of subsection (1) or subsection (5), or any person who knowingly and willfully fails or refuses to return any contribution as required in subsection (3), commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. If any corporation, partnership, or other business entity or any political party, affiliated party committee, political committee, or electioneering communications organization is convicted of knowingly and willfully violating any provision punishable under this paragraph, it shall be fined not less than $1,000 and not more than $10,000. If it is a domestic entity, it may be ordered dissolved by a court of competent jurisdiction; if it is a foreign or nonresident business entity, its right to do business in this state may be forfeited. <u>Any officer, partner, agent, attorney, or other representative of a corporation, partnership, or other business entity, or of a political party, affiliated party committee, political committee, electioneering communications organization, or organization exempt from taxation under s. 527 or s. 501(c)(4) of the Internal Revenue Code,</u>[1] <u>***who aids, abets, advises, or participates in a violation of any provision punishable*** under this paragraph commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.</u>

32.     The defendant moved for judgment of acquittal arguing that an individual cannot be convicted of being a principal to making a donation in another's name in an election because it is not a crime.  The defendant made this argument because section 106.08 sets forth specifically when a person can be convicted of aiding, abetting, advising or participating in a violation of section 106.08, Florida Statutes, in subsection (7).  In Adams v. Culver, 111 So.2d 665 (Fla. 1959), the Florida Supreme Court held that "[i]t is a well settled rule of statutory construction, however, that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms."  The specific statute here is section 106.08,

Florida Statutes, which covers the particular subject of making a contribution in the name of another.  The general statute is the statute governing principals is section 777.011, Florida Statutes.

Section 777.011, the general statute states that one who aids, abets, counsels, hires, or otherwise procures such offense to be committed … is a principal in the first degree.  The statute covering the particular subject matter is section 106.08(7)(a), which states:  "<u>Any officer, partner, agent, attorney, or other representative of a corporation, partnership, or other business entity, or of a political party, affiliated party committee, political committee, electioneering communications organization, or organization exempt from taxation under s. 527 or s. 501(c)(4) of the Internal Revenue Code,</u>[1] <u>**who aids, abets, advises, or participates in a violation of any provision punishable**</u> <u>under this paragraph…</u>"  Absent from this specific statute as to the subject matter is that an individual, who is not acting as an officer, partner, agent, attorney or representative of a corporation, etc…who aids, abets, advises or participates in any provision punishable under this paragraph commits any crime.

In <u>Adams</u>, the Florida Supreme Court stated:  "It has been said that this rule 'is particularly applicable to criminal statutes in which the specific provisions relating to particular subjects carry smaller penalties than the general provision.'"  (Citations omitted).  Because this is a criminal statute, the specific provision, section 106.08, is the applicable provision.  And because section 106.08 sets forth specifically when a person is aiding, abetting, advising or participating is a violation of the section it is only to when specified that a violation of the section can be found.  This doctrine in the application of the law and its interpretation is known as <u>inclusio unus est exlusio alterius</u>.  "Under this

14

doctrine, when a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded." <u>Gay v. Singletary</u>, 700 So.2d 1220, 1222 (Fla. 1997).

Here, because section 106.08 expressly describes the particular situation when aiding, abetting, counseling or participating should apply and inference must be drawn that where the aiding and abetting language is not included by specific reference such a violation was intended to be omitted or excluded.  Thus, because the language regarding aiding and abetting was not included when addressing individuals in section 106.08, it must be inferred that an individual who aids and abets is not in violation of the law.  Benjamin Paris is named as an individual, not as an officer or other party listed in section 106.08, and the state has not proven that Benjamin is anything other than an individual.  Thus, because Mr. Paris is nothing more than an individual, and the legislature specifically excluded individuals who allegedly aid or abet in a violation of section 106.08, Mr. Paris cannot be found guilty for such an allegation.  Thus, this court should order a new trial, and grant the defendant's Motion for Judgment of Acquittal.

33.     Additionally, the defendant's Motion for Judgment of Acquittal on the grounds that the State did not present sufficient evidence of the specific charge Mr. Paris was prosecuted for; i.e., the State did not present sufficient proof that Mr. Paris aided Mr. Foglesong, or anyone, with giving the name Steve Smith in the **District 9 campaign/general election**.  The State may have proved that Benjamin Paris sought to use Steve Smith's name for a contribution, but it did not prove Benjamin Paris that Benjamin Paris sought to use Steve Smith's name specifically for the District 9

campaign/general election.

To prove that a person is a principal to a crime the State must prove that the defendant had a conscious intent that the criminal act be done. See Fla. Standard Criminal Jury Instruction, 3.5(a), and the jury instruction given in this case. Here, the criminal act alleged was that Mr. Paris aided, did some act, said some word, that assisted someone "in the 2020 General Election for Florida State Senate District 9." Thus, to be convicted as a principal, the State had to show that Mr. Paris obtained permission to use Steve Smith's name and intended it be used specifically for the 2020 General Election for Florida State Senate District 9. At best, the State proved that Benjamin Paris secured Steve Smith's name to be used in an election, just not this specific election, the specific election for District 9, for which he was accussed.

Certainly, the evidence that should not have been admitted but was, as explained above, would illuminate this lack of proof, this lack of proof of the specific charge of assisting in giving a name for the 2020 General Election for Florida State Senate District 9. However, even considering this evidence, along with all the other evidence in this case the state still has not proven that Mr. Paris intended the specific criminal act he was charged with be done, the specific act of using the name of another for the **2020 General Election for State Senate District 9**. And thus, this Court should order a new trial and grant the defendant's motion for judgment of acquittal.

## NOT A FAIR AND IMPARTIAL TRIAL

34. Everything above, or any formulation thereof, shows that the defendant did not receive a fair and impartial trial, and thus Mr. Paris should be granted a new trial.

**THUS, THE DEFENDANT**, Benjamin Richard Paris, by and through his

undersigned attorney, respectfully moves this honorable Court to enter an order granting the defendant a new trial, setting aside his conviction, and vacating his sentence for the reasons set forth above.

Respectfully submitted this 11th day of September, 2022.

_____
MATTHEWS R. BARK, ESQUIRE
Florida Bar NO. 0034743

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic Delivery to the Office of the State Attorney, SemMisd&Traffic@sa18.org, 101 Eslinger Way, Sanford, Florida 32773, this 11th day of September 2022.

_____
MATTHEWS R. BARK, ESQUIRE
sue@mrbarklaw.com
Florida Bar NO. 0034743
Attorney for Defendant
MATTHEWS R. BARK, P.A.
999 Douglas Avenue, Suite 3317
Altamonte Springs, FL 32714
T/ 407-865-8888
F/ 407-865-9197

**Exhibit 20c**

**Article from WUSF/NPR indicating that Benjamin Paris was the chairman
of the Republican Party in Seminole County**



Seminole County Courthouse in Sanford.



**Your Florida**

We're here to help you better understand how state government works.

Read More

# Ben Paris was sentenced to a year of supervised probation and 200 hours of community work.

A local Republican Party chairman in central Florida has been found guilty of a misdemeanor campaign finance violation that prosecutors say was part of a larger scheme to siphon off votes from a Democrat in a state senate race.

A judge in Seminole County on Thursday sentenced Ben Paris to a year of supervised probation and 200 hours of community work.

In May, prosecutors filed charges against Paris, the chair of the Seminole County GOP; political consultant James "Eric" Foglesong; and Jestine Iannotti.

Prosecutors say Iannotti ran as an independent candidate in the central Florida state Senate race but did not campaign.

The alleged goal of the scheme was to help Paris' former boss, Republican Sen. Jason Brodeur, win his election by using a so-called ghost candidate to siphon off votes from his competitor. It's unclear whether the scheme helped Brodeur maintain his seat.

In his opening statement, Paris' attorney, Matthews Bark, said the state lacks evidence.

"That's the crime — making the donation," Bark said. "One thing that you will not hear is that Benjamin Paris made a donation at all. Benjamin Paris did not make a donation. What I'm telling you [the jury] is to look for that lack of evidence."

Still, prosecutors said Paris broke the law.

"The state will have been able to prove to you that the defendant, as a principle, or active participant, did commit the crime of making a campaign contribution by or through the name of another," said Assistant State Attorney Stacey Straub Salmons in her opening statement.

*WMFE reporters Brendan Byrne and Danielle Prieur contributed to this report.*

**Subscribe to Wake Up Call**

**Our daily news update, sent to you Monday-Friday**

* indicates required

**Email Address** *

Subscribe

**Tags**  Politics    Seminole County    Voter Fraud

Ghost Candidate



**More Politics**



**Health News Florida**

Duval DOGE requests documents on Jacksonville telehealth programs



**Politics**

Florida takes early steps to advance recreational marijuana question to ballot

**Associated Press**

See stories by Associated Press



**Politics**

Broward stays Broward: Referendum on renaming to 'Lauderdale County' not happening in 2026



**Education**

She was blacklisted during McCarthyism. Now she's speaking out against Florida's teaching standards

## Related Stories

Clinics urge the Florida Supreme Court to take up the state's 15-week abortion ban

New Florida Ethics Institute aims to ensure public office is a public trust

Police chiefs and judges join scholars in criticizing DeSantis over Warren suspension

After hearing from an activist, UN committee says US should ensure right to peaceful assembly



**Editorial Integrity and Code of Ethics**

Read More



**WUSF Social Media Commenting Policy**

Read More

Thanks to you, WUSF is here — delivering fact-based news and stories that reflect our community. Your support powers everything we do.

Donate Now



Stay Connected

© 2025 All Rights reserved WUSF

About Us

Contact Us

Newsletter

Editorial Integrity and Code of Ethics

Social Media Commenting Policy

Careers

Internships

The Florida Channel

Governance and Public Reports

FCC Public Files

Public File Assistance

2025 EEO Report

Digital Stream Help

Donate Your Vehicle

Corporate Sponsor

Download Our App

Ways To Support

Privacy Policy

WUSF Brand Guidelines

Schedule A Tour

 

**<u>Exhibit 21a</u>**

**Information - Charles Barnes**
**November 29, 2021**

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR SUMTER COUNTY

STATE OF FLORIDA                             CASE NO *2021 CF 1504*

vs.

CHARLES FRANKLIN BARNES JR (A) W/M, 11/09/1957

## INFORMATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

WILLIAM M GLADSON, State Attorney for the Fifth Judicial Circuit of the State of Florida, in and for Sumter County prosecuting for the State of Florida, by and through the undersigned Assistant State Attorney, in the said County, under oath, information makes that, in the County of Sumter, and the State of Florida:

COUNT I:  CASTING MORE THAN ONE BALLOT AT ANY ELECTION (F3)
104.18

CHARLES FRANKLIN BARNES JR on or about October 9, 2020, did willfully vote more than one ballot at any election, in violation of Florida Statute 104.18

STATE OF FLORIDA, COUNTY OF SUMTER

Personally appeared before me, WILLIAM M GLADSON, State Attorney for the Fifth Judicial Circuit, State of Florida, in and for Sumter County, or his duly designated Assistant State Attorney, who first being sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged.  Prosecution instituted in good faith and subscribed under oath, certifying he or she has received testimony under oath from the material witness or witnesses of the offense.

_____
JOSEPH O CHURCH
Assistant to William M Gladson State Attorney,
Fifth Judicial Circuit of Florida
Florida Bar No. 0115110

Sworn to and subscribed before me this ____ day of November, 2021.

S-2021-32439-A

PAGE 2
STATE OF FLORIDA
VS
CHARLES FRANKLIN BARNES JR et al



Affiant Personally Known to Notary Public

MARIA A. LARRIS
Commission # GG 175390
Expires February 25, 2022
Bonded Thru Troy Fain Insurance 800-385-7019

FCIC REFERENCE NUMBERS:
1) CASTING MORE THAN ONE BALLOT AT ANY ELECTION 2699

S-2021-32439-A

**Exhibit 21b**

**State of Florida Announcement of *Nolle Prosequi* - Charles Barnes**

Filing # 154902639 E-Filed 08/08/2022 05:00:20 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
OF THE STATE OF FLORIDA, IN AND FOR SUMTER COUNTY

STATE OF FLORIDA

VS.

CHARLES FRANKLIN BARNES JR/

CASE NO. 2021-CF-001504-A
AGENCY #:

CHARGE:
1 - CASTING MORE THAN ONE BALLOT
AT ANY ELECTION[FDLE: 2699]

## NOLLE PROSEQUI

Comes now the State of Florida, by and through its undersigned Assistant State Attorney, and enters its announcement of nolle prosequi against the Defendant, CHARLES FRANKLIN BARNES JR, in the above-entitled cause based on the following grounds:

The defendant has completed all the terms and conditions of his Pre-Trial Intervention agreement.

DATED this 8th day of August, 2022.

I HEREBY CERTIFY that a copy of the above has been furnished to VICTOR MEAD 2153 LEE RD WINTER PARK, FL 32789 by hand or mail delivery or electronic service, and the  by hand or mail delivery or electronic service or facsimile this 8th day of August, 2022.

WILLIAM M GLADSON
STATE ATTORNEY
FIFTH JUDICIAL CIRCUIT OF FLORIDA

BY /s/ JOSEPH O CHURCH
JOSEPH O CHURCH
Assistant State Attorney
Fla. Bar No. 0115110
215 E McCollum Ave
Suite 102
Bushnell, FL 33513
(352) 569-6650
eservicesumter@sao5.org

Electronically Filed Sumter Case # 2021CF001504AXMX 08/08/2022 05:00:20 PM

S-2021-32439-A

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail/Hand Deliver/Email to:

**STATE PROBATION**
**Via Courthouse mail**

**VICTOR O. MEAD, ESQ.**
**2153 Lee Road**
**Winter Park, FL  32789**

**CHARLES FRANKLIN BARNES JR**
**4183 Universal Ave**
**The Villages, FL  32163**

**DATED THIS 9TH DAY OF AUGUST, 2022**

GLORIA R. HAYWARD
CLERK OF CIRCUIT COURT

By: _Katrina Beraldi_
Deputy Clerk

**Exhibit 21c**

**Article from Click Orlando/ Channel 6 indicating that Charles Barnes was not affiliated to a political party and that the FBI was involved in investigating him**

**archive.today**
webpage capture

Saved from  https://www.clickorlando.com/news/local/2022/01/20/the-villages-fraud-suspe   [search]
no other snapshots from this url

All snapshots  from host www.clickorlando.com

19 Nov 2025 15:59:09 UTC

Webpage    Screenshot

share    download .zip    report bug or abuse    Buy me a coffee



**78°**

Join Insider     Sign In

NEWS     WEATHER     NEWS 6+     GETTING RESULTS.     TRAFFIC     FEATURES     SPORTS     CONTACT US

*Advertisement*

## LOCAL NEWS

**Mike DeForest**, Investigative Reporter

Published: **January 20, 2022, 5:44 PM**
Updated: **January 20, 2022, 7:21 PM**

Tags: **The Villages, Crime, Lake County, Sumter County, Voter Fraud**

6

# The Villages fraud suspect 'wanted to vote twice,' FBI says

Charles Barnes is the fourth Villages resident arrested for casting multiple ballots

## RELATED STORIES

**4th resident of The Villages arrested for allegedly casting multiple ballots**

**3 residents of The Villages arrested for casting multiple votes in 2020 election**

**UPDATE: Anonymous email prompted voter fraud arrests in The Villages**

## LATEST NEWS

**34 MINUTES AGO**
**Self-driving cars coming to Orlando. Here's when Waymo launches**

**2 HOURS AGO**
**Road improvements continue in Osceola County as the population grows**

**2 HOURS AGO**
**Orlando Pirates: Indoor football returns to downtown as Massachusetts team**

**3 HOURS AGO**

**Gunshots fired at New Smyrna Beach intersection; no one injured**

## ClickOrlando Community Events



**19 NOV**

Wed, Nov 19 @ 6:00 pm

**UCF Knights Volleyball vs. Arizona State Sun Devils…**

The Venue at UCF

Learn More | See All Events | Add Event

Sign up for our events newsletter:

Enter your email

Sign Up

**THE VILLAGES, Fla.** – A Connecticut native who also owns a home in Florida admitted to casting ballots in both states during the 2020 election, newly released court records indicate.

Charles Franklin Barnes, 64, was questioned by FBI agents after a Connecticut elections official identified records indicating Barnes may have voted twice.

**[TRENDING: Name of teen, charges released in shooting at Seminole High School | 45 years ago this week, snow fell in Central Florida | Become a News 6 Insider (it's free!)]**

"When asked why he voted both in Florida and Connecticut during the November 2020 presidential election, Barnes stated that he did so because he just wanted to vote twice and wanted to see if he could vote twice," an unclassified FBI report said.

Barnes is among four residents of The Villages who were recently arrested for allegedly violating a Florida law that prohibits voters from casting more than one ballot in an election. The crime is a third-degree felony punishable by up to five years in prison.

Barnes, John Rider, Jay Ketcik and Joan Halstead have pleaded not guilty to the charges. Their attorneys have not provided statements to News 6.

Barnes was not affiliated with a political party in 2020, voter records show.  Rider, Ketcik and Halstead were registered as Republicans.

Florida Secretary of State Laurel Lee recently launched a **new elections integrity website** where citizens can report voter fraud.

"Governor [Ron] DeSantis and I have made elections integrity a defining priority and a cornerstone of this administration," Lee said on the website.

The Secretary of State's Division of Elections did not initially uncover the voter fraud allegedly committed by the four residents of The Villages, court records show.

Instead, people outside of the state agency identified potential cases of double voting and reported it to Florida elections officials for further investigation and prosecution, records indicate.

As **News 6 first reported**, anonymous emails sent to Florida's Secretary of State in May 2021 by someone using the pseudonym "Totes Legit Votes" prompted the voter fraud investigations into Rider, Ketcik and Halstead.

11/19/25, 9:36 AM
Case 1:25-cr-20237-DPG   Document 43-3   Entered on FLSD Docket 11/21/2025   Page 155 of 168
The Villages man arrested, wanted to vote twice, FBI says

Using publicly available voter data, the anonymous tipster claims to have provided Florida elections officials with about 290 examples of potential double voting.

A spokesperson for Florida's Secretary of State has not confirmed that figure and has not answered questions first submitted by News 6 in December inquiring about the state's response to the anonymous emails.

Barnes's alleged crime was first uncovered in June 2021 by Kerry Rowland, the registrar of voters in Milford, Connecticut, newly released records show.

Rowland determined Barnes had doubled voted while using a system provided by the **Electronic Registration Information Center**, or ERIC, a nonprofit organization that helps states improve the accuracy of America's voter rolls.

Florida is among more than 30 states that participate in the program.

"In 2019, Florida joined ERIC as part of the DeSantis administration's ongoing efforts to enhance the security and integrity of Florida's elections," the governor's spokesperson previously told News 6.

Florida's secretary of state and the governor's office did not immediately respond to questions from News 6 inquiring why the Connecticut election official may have uncovered Barnes's alleged crime before Florida officials did, despite both states being ERIC members.

Upon learning of Barnes's double votes, Rowland said she notified Connecticut's Election Enforcement Commission, records show.

"I believe in the integrity of our voting process, and I will do what is needed to defend and protect it," Rowland stated in a recent email to Florida prosecutors while agreeing to appear as a witness against Barnes.

In August 2021, an investigator with the Connecticut Election Enforcement Commission exchanged evidence with the Sumter County Supervisor of Elections Office related to the Barnes case, court records indicate.

That evidence included an application for a Connecticut absentee ballot, allegedly signed by Barnes, indicating he was eligible to vote in the November 2020 election but was unable to appear at a polling place due to the COVID-19 pandemic.

According to investigators, Barnes mailed in his Connecticut absentee ballot using an envelope he signed on October 7, 2020.

Three weeks later, on October 28, Barnes reportedly signed an early voting certificate confirming he cast a ballot in Florida while at the Rohan Recreation Center in The Villages, court records show.

Sumter County Supervisor of Elections Bill Keen was in contact with the office of State Attorney Bill Gladson about Barnes's alleged crime by September 2021, records show.

In November 2021, FBI agents questioned Barnes at his home in Connecticut. Court records do not indicate why the FBI was involved in the case.

Barnes originally told the agents he did not recall voting in Connecticut but stated, "it won't happen again," according to an FBI report.

After being reminded that it was a federal crime to lie to FBI agents, Barnes reportedly admitted that he did vote in both Connecticut and Florida in 2020.

Barnes also confirmed his signature was on the Connecticut absentee ballot envelope, the FBI report states.

Less than two weeks after Barnes reportedly confessed to the FBI, Florida prosecutors filed a felony charge against Barnes and a judge issued an arrest warrant.

Barnes was taken into custody in Florida on Jan. 4 while visiting the Wildwood Police Department, court records show. He was later released from the Sumter County jail on a $2,000 bond.

*Copyright 2022 by WKMG ClickOrlando - All rights reserved.*

**ABOUT THE AUTHOR**



### Mike DeForest

Emmy Award-winning investigative reporter Mike DeForest has been covering Central Florida news for more than two decades.

✉ email    f facebook    X twitter



Medicare users leave billions of...
▶ 0:36

Pregnancy and parking: Florid...
▶ 0:43

Roblox steps up age checks and...
▶ 0:31

Neighbors concerned after...
▶ 1:01

## RELATED STORIES

**4th resident of The Villages arrested for allegedly casting multiple ballots**

**3 residents of The Villages arrested for casting multiple votes in 2020 election**

**UPDATE: Anonymous email prompted voter fraud arrests in The Villages**

# Conversation    FOLLOW                                         LOG IN | SIGN UP

Join the conversation

ALL COMMENTS  6                                                  NEWEST ⌄  🔔

**Nobody**  JANUARY 21, 2022

So if we already have a system in place to ferret out these fraudsters, why do we need a special police force for election integrity? And what has the Gov or his admin done about the fraud perpetrated during three Florida Legislature races involving fake independent candidates?

REPLY    1 REPLY    👍 4    👎 1

**Scoutshadow**  JANUARY 22, 2022
Reply to **Nobody**

Hopes he gets a "special police force". Open the gates for anyone in the future to design their own "special police force". Might just bite him where it counts.

REPLY    👍 0    👎 2

Load More Comments

**Marketplace** Sell Your Items - Free to List                    Visit Full Marketplace

Powered by **Sellwild**

BACK TO TOP

TV Listings                Email Newsletters            RSS Feeds

Contests and Rules         Contact Us / Follow on        Careers at WKMG
                           Social Media

Closed Captioning / Audio  Public File                  Current EEO Report
Description

Terms of Use               Privacy Policy               Do Not Sell My Info

**FOLLOW US**

FCC Applications          EEO Report                    Disability Assistance

Cookie Preferences

If you need help with the Public File, call **(407) 291-6000**

At WKMG, we are committed to informing and delighting our audience. In our commitment to covering our communities with innovation and excellence, we incorporate Artificial Intelligence (AI) technologies to enhance our news gathering, reporting, and presentation processes. **Read our article** to see how we are using Artificial Intelligence.

GRAHAM MEDIA GROUP    Graham Digital Logo    Copyright © 2025 ClickOrlando.com is managed by Graham Digital and published by Graham Media Group, a division of Graham Holdings.

**Exhibit 22a**

**Information - John Rider**

**November 29, 2021**

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR SUMTER COUNTY

STATE OF FLORIDA

CASE NO *2021 CF 1506*

vs.

JOHN DAVID RIDER (A) W/M, 10/02/1960

**INFORMATION**

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

WILLIAM M GLADSON, State Attorney for the Fifth Judicial Circuit of the State of Florida, in and for Sumter County prosecuting for the State of Florida, by and through the undersigned Assistant State Attorney, in the said County, under oath, information makes that, in the County of Sumter, and the State of Florida:

COUNT I:  CASTING MORE THAN ONE BALLOT AT ANY ELECTION (F3)
104.18

JOHN DAVID RIDER On or between August 24, 2020 and November 3, 2020, did willfully vote more than one ballot at any election, in violation of Florida Statute 104.18

STATE OF FLORIDA, COUNTY OF SUMTER

Personally appeared before me, WILLIAM M GLADSON, State Attorney for the Fifth Judicial Circuit, State of Florida, in and for Sumter County, or his duly designated Assistant State Attorney, who first being sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged.  Prosecution instituted in good faith and subscribed under oath, certifying he or she has received testimony under oath from the material witness or witnesses of the offense.

JOSEPH O CHURCH
Assistant to William M Gladson State Attorney,
Fifth Judicial Circuit of Florida
Florida Bar No. 0115110

Sworn to and subscribed before me this __29th__ day of November, 2021.

S-2021-32046-A

PAGE 2
STATE OF FLORIDA
VS
JOHN DAVID RIDER et al

_____
Affiant Personally Known to Notary Public

MARIA A. LARRIS
Commission # GG 175390
Expires February 25, 2022

FCIC REFERENCE NUMBERS:
1) CASTING MORE THAN ONE BALLOT AT ANY ELECTION 2699

S-2021-32046-A

**Exhibit 22b**

**State of Florida Announcement of *Nolle Prosequi* - John Rider**

Filing # 166499075 E-Filed 02/09/2023 03:02:37 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
OF THE STATE OF FLORIDA, IN AND FOR SUMTER COUNTY

STATE OF FLORIDA

VS.

JOHN DAVID RIDER/

CASE NO.  2021-CF-001506-A
AGENCY #:

CHARGE:
1 - CASTING MORE THAN ONE BALLOT
AT ANY ELECTION[FDLE: 2699]

## NOLLE PROSEQUI

Comes now the State of Florida, by and through its undersigned Assistant State Attorney, and enters its announcement of nolle prosequi against the Defendant, JOHN DAVID RIDER, in the above-entitled cause based on the following grounds:

Defendant successfully completed the terms and conditions of Pre Trial Intervention.

DATED this 9th day of February, 2023.

I HEREBY CERTIFY that a copy of the above has been furnished to Jaimie Washo Spivey 535  W Main St  Tavares, FL 32778     by hand or mail delivery or electronic service, and the  by hand or mail delivery or electronic service or facsimile this 9th day of February, 2023.

WILLIAM M GLADSON
STATE ATTORNEY
FIFTH JUDICIAL CIRCUIT OF FLORIDA

BY /s/ JOSEPH O CHURCH
JOSEPH O CHURCH
Assistant State Attorney
Fla. Bar No. 0115110
215 E McCollum Ave
Suite 102
Bushnell, FL 33513
(352) 569-6650
eservicesumter@sao5.org

Electronically Filed Sumter Case # 2021CF001506AXMX 02/09/2023 03:02:37 PM

S-2021-32046-A

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail/Hand Deliver/Email to

JOHN DAVID RIDER
904 MOSES LOOP
THE VILLAGES, FL 32162

JAIMIE WASHO SPIVEY
535 W. MAIN ST
TAVARES FL 32778

**DATED THIS 10TH DAY OF FEBRUARY, 2023**

GLORIA R. HAYWARD
CLERK OF CIRCUIT COURT

By: *Rebecca Sullivan*
Deputy Clerk

<u>**Exhibit 22b**</u>

**Voter Information Lookup - John Rider**
**No Party Affiliation**

# Voter Information Lookup

Please find your voter registration information below.

Full Name:
**JOHN DAVID RIDER**

Street Address:
██████████

City:
**THE VILLAGES**

Zip Code:
**32162**

County Name:
**SUMTER**

Voter Identification Number:
██████

Date Of Registration:
██████

Party:
**No Party Affiliation**

Voter Status:
**Active\***

\*An active voter refers to a registered voter who is eligible to vote.

Access Ballot and Precinct Information available through your county Supervisor of Elections' (https://dos.fl.gov/elections/for-voters/check-your-voter-status-and-polling-place/voter-precinct-lookup/) website.

New Search (/en/CheckVoterStatus)

Please email BVRSHelp@dos.fl.gov (mailto:BVRSHelp@dos.fl.gov) for website assistance.






**Ron DeSantis, Governor**
**Cord Byrd, Secretary of State**



# Florida Department of State

Privacy Policy (https://dos.fl.gov/privacy-policy/)
| Accessibility (https://dos.fl.gov/accessibility/)
| Site Map (https://dos.fl.gov/site-map/)
| Communications (https://dos.fl.gov/communications/)
| Connect (https://dos.fl.gov/communications/connect/)

R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399-0250

## Questions or comments? Contact Us (mailto:BVRSHelp@dos.fl.gov)

**Voter Assistance Hotline:**
1.866.308.6739
**Hours:** Monday - Friday 8:00 AM - 5:00 PM (Eastern Time)
If hearing or speech impaired, please contact the Division using the **Florida Relay Service** (https://www.ftri.org/relay), 1.800.955.8771 (TTY) or 1.800.955.8770 (Voice) or 1-800-955-1339 (ASCII), or 1.877.955.8773 (español a español ).

Under Florida law, e-mail addresses are public records. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

Copyright (https://dos.fl.gov/copyright/) © 2025 State of Florida, Florida Department of State.