<u>**Exhibit 23**</u>

**Executive Order 14248**

**March 25, 2025**

**"Preserving and Protecting the Integrity of American Elections"**

**Federal Register** / Vol. 90, No. 59 / Friday, March 28, 2025 / Presidential Documents     **14005**

# Presidential Documents

Executive Order 14248 of March 25, 2025

## Preserving and Protecting the Integrity of American Elections

By the authority vested in me as President by the Constitution and the laws of the United States of America, it is hereby ordered:

**Section 1**. *Purpose and Policy.* Despite pioneering self-government, the United States now fails to enforce basic and necessary election protections employed by modern, developed nations, as well as those still developing. India and Brazil, for example, are tying voter identification to a biometric database, while the United States largely relies on self-attestation for citizenship. In tabulating votes, Germany and Canada require use of paper ballots, counted in public by local officials, which substantially reduces the number of disputes as compared to the American patchwork of voting methods that can lead to basic chain-of-custody problems. Further, while countries like Denmark and Sweden sensibly limit mail-in voting to those unable to vote in person and do not count late-arriving votes regardless of the date of postmark, many American elections now feature mass voting by mail, with many officials accepting ballots without postmarks or those received well after Election Day.

Free, fair, and honest elections unmarred by fraud, errors, or suspicion are fundamental to maintaining our constitutional Republic. The right of American citizens to have their votes properly counted and tabulated, without illegal dilution, is vital to determining the rightful winner of an election.

Under the Constitution, State governments must safeguard American elections in compliance with Federal laws that protect Americans' voting rights and guard against dilution by illegal voting, discrimination, fraud, and other forms of malfeasance and error. Yet the United States has not adequately enforced Federal election requirements that, for example, prohibit States from counting ballots received after Election Day or prohibit non-citizens from registering to vote.

Federal law establishes a uniform Election Day across the Nation for Federal elections, 2 U.S.C. 7 and 3 U.S.C. 1. It is the policy of my Administration to enforce those statutes and require that votes be cast and received by the election date established in law. As the United States Court of Appeals for the Fifth Circuit recently held in *Republican National Committee* v. *Wetzel* (2024), those statutes set ''the day by which ballots must be both cast by voters and received by state officials.'' Yet numerous States fail to comply with those laws by counting ballots received after Election Day. This is like allowing persons who arrive 3 days after Election Day, perhaps after a winner has been declared, to vote in person at a former voting precinct, which would be absurd. Several Federal laws, including 18 U.S.C. 1015 and 611, prohibit foreign nationals from registering to vote or voting in Federal elections. Yet States fail adequately to vet voters' citizenship, and, in recent years, the Department of Justice has failed to prioritize and devote sufficient resources for enforcement of these provisions. Even worse, the prior administration actively prevented States from removing aliens from their voter lists.

Additionally, Federal laws, such as the National Voter Registration Act (Pub. L. 103–31) and the Help America Vote Act (Pub. L. 107–252), require States to maintain an accurate and current Statewide list of every legally registered voter in the State. And the Department of Homeland Security is required to share database information with States upon request so they

**14006**   **Federal Register** / Vol. 90, No. 59 / Friday, March 28, 2025 / Presidential Documents

can fulfill this duty. See 8 U.S.C. 1373(c). Maintaining accurate voter registration lists is a fundamental requirement in protecting voters from having their ballots voided or diluted by fraudulent votes.

Federal law, 52 U.S.C. 30121, prohibits foreign nationals from participating in Federal, State, or local elections by making any contributions or expenditures. But foreign nationals and non-governmental organizations have taken advantage of loopholes in the law's interpretation, spending millions of dollars through conduit contributions and ballot-initiative-related expenditures. This type of foreign interference in our election process undermines the franchise and the right of American citizens to govern their Republic.

Above all, elections must be honest and worthy of the public trust. That requires voting methods that produce a voter-verifiable paper record allowing voters to efficiently check their votes to protect against fraud or mistake. Election-integrity standards must be modified accordingly.

It is the policy of my Administration to enforce Federal law and to protect the integrity of our election process.

**Sec. 2**. *Enforcing the Citizenship Requirement for Federal Elections.* To enforce the Federal prohibition on foreign nationals voting in Federal elections:

(a)(i) Within 30 days of the date of this order, the Election Assistance Commission shall take appropriate action to require, in its national mail voter registration form issued under 52 U.S.C. 20508:

(A) documentary proof of United States citizenship, consistent with 52 U.S.C. 20508(b)(3); and

(B) a State or local official to record on the form the type of document that the applicant presented as documentary proof of United States citizenship, including the date of the document's issuance, the date of the document's expiration (if any), the office that issued the document, and any unique identification number associated with the document as required by the criteria in 52 U.S.C. 21083(a)(5)(A), while taking appropriate measures to ensure information security.

(ii) For purposes of subsection (a) of this section, "documentary proof of United States citizenship" shall include a copy of:

(A) a United States passport;

(B) an identification document compliant with the requirements of the REAL ID Act of 2005 (Pub. L. 109–13, Div. B) that indicates the applicant is a citizen of the United States;

(C) an official military identification card that indicates the applicant is a citizen of the United States; or

(D) a valid Federal or State government-issued photo identification if such identification indicates that the applicant is a United States citizen or if such identification is otherwise accompanied by proof of United States citizenship.

(b) To identify unqualified voters registered in the States:

(i) the Secretary of Homeland Security shall, consistent with applicable law, ensure that State and local officials have, without the requirement of the payment of a fee, access to appropriate systems for verifying the citizenship or immigration status of individuals registering to vote or who are already registered;

(ii) the Secretary of State shall take all lawful and appropriate action to make available information from relevant databases to State and local election officials engaged in verifying the citizenship of individuals registering to vote or who are already registered; and

(iii) the Department of Homeland Security, in coordination with the DOGE Administrator, shall review each State's publicly available voter registration list and available records concerning voter list maintenance activities as

required by 52 U.S.C. 20507, alongside Federal immigration databases and State records requested, including through subpoena where necessary and authorized by law, for consistency with Federal requirements.

(c) Within 90 days of the date of this order, the Secretary of Homeland Security shall, consistent with applicable law, provide to the Attorney General complete information on all foreign nationals who have indicated on any immigration form that they have registered or voted in a Federal, State, or local election, and shall also take all appropriate action to submit to relevant State or local election officials such information.

(d) The head of each Federal voter registration executive department or agency (agency) under the National Voter Registration Act, 52 U.S.C. 20506(a), shall assess citizenship prior to providing a Federal voter registration form to enrollees of public assistance programs.

(e) The Attorney General shall prioritize enforcement of 18 U.S.C. 611 and 1015(f) and similar laws that restrict non-citizens from registering to vote or voting, including through use of:

(i) databases or information maintained by the Department of Homeland Security;

(ii) State-issued identification records and driver license databases; and

(iii) similar records relating to citizenship.

(f) The Attorney General shall, consistent with applicable laws, coordinate with State attorneys general to assist with State-level review and prosecution of aliens unlawfully registered to vote or casting votes.

**Sec. 3**. *Providing Other Assistance to States Verifying Eligibility.* To assist States in determining whether individuals are eligible to register and vote:

(a) The Commissioner of Social Security shall take all appropriate action to make available the Social Security Number Verification Service, the Death Master File, and any other Federal databases containing relevant information to all State and local election officials engaged in verifying the eligibility of individuals registering to vote or who are already registered. In determining and taking such action, the Commissioner of Social Security shall ensure compliance with applicable privacy and data security laws and regulations.

(b) The Attorney General shall ensure compliance with the requirements of 52 U.S.C. 20507(g).

(c) The Attorney General shall take appropriate action with respect to States that fail to comply with the list maintenance requirements of the National Voter Registration Act and the Help America Vote Act contained in 52 U.S.C. 20507 and 52 U.S.C. 21083.

(d) The Secretary of Defense shall update the Federal Post Card Application, pursuant to the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. 20301, to require:

(i) documentary proof of United States citizenship, as defined by section 2(a)(ii) of this order; and

(ii) proof of eligibility to vote in elections in the State in which the voter is attempting to vote.

**Sec. 4**. *Improving the Election Assistance Commission.* (a) The Election Assistance Commission shall, pursuant to 52 U.S.C. 21003(b)(3) and 21142(c) and consistent with applicable law, take all appropriate action to cease providing Federal funds to States that do not comply with the Federal laws set forth in 52 U.S.C. 21145, including the requirement in 52 U.S.C. 20505(a)(1) that States accept and use the national mail voter registration form issued pursuant to 52 U.S.C. 20508(a)(1), including any requirement for documentary proof of United States citizenship adopted pursuant to section 2(a)(ii) of this order.

(b)(i) The Election Assistance Commission shall initiate appropriate action to amend the Voluntary Voting System Guidelines 2.0 and issue other appropriate guidance establishing standards for voting systems to protect election

integrity. The amended guidelines and other guidance shall provide that voting systems should not use a ballot in which a vote is contained within a barcode or quick-response code in the vote counting process except where necessary to accommodate individuals with disabilities, and should provide a voter-verifiable paper record to prevent fraud or mistake.

(ii) Within 180 days of the date of this order, the Election Assistance Commission shall take appropriate action to review and, if appropriate, re-certify voting systems under the new standards established under subsection (b)(i) of this section, and to rescind all previous certifications of voting equipment based on prior standards.

(c) Following an audit of Help America Vote Act fund expenditures conducted pursuant to 52 U.S.C. 21142, the Election Assistance Commission shall report any discrepancies or issues with an audited State's certifications of compliance with Federal law to the Department of Justice for appropriate enforcement action.

(d) The Secretary of Homeland Security and the Administrator of the Federal Emergency Management Agency, consistent with applicable law, shall in considering the provision of funding for State or local election offices or administrators through the Homeland Security Grant Programs, 6 U.S.C. 603 *et seq.,* heavily prioritize compliance with the Voluntary Voting System Guidelines 2.0 developed by the Election Assistance Commission and completion of testing through the Voting System Test Labs accreditation process.

**Sec. 5**. *Prosecuting Election Crimes.* To protect the franchise of American citizens and their right to participate in fair and honest elections:

(a) The Attorney General shall take all appropriate action to enter into information-sharing agreements, to the maximum extent possible, with the chief State election official or multi-member agency of each State. These agreements shall aim to provide the Department of Justice with detailed information on all suspected violations of State and Federal election laws discovered by State officials, including information on individuals who:

(i) registered or voted despite being ineligible or who registered multiple times;

(ii) committed election fraud;

(iii) provided false information on voter registration or other election forms;

(iv) intimidated or threatened voters or election officials; or

(v) otherwise engaged in unlawful conduct to interfere in the election process.

(b) To the extent that any States are unwilling to enter into such an information sharing agreement or refuse to cooperate in investigations and prosecutions of election crimes, the Attorney General shall:

(i) prioritize enforcement of Federal election integrity laws in such States to ensure election integrity given the State's demonstrated unwillingness to enter into an information-sharing agreement or to cooperate in investigations and prosecutions; and

(ii) review for potential withholding of grants and other funds that the Department awards and distributes, in the Department's discretion, to State and local governments for law enforcement and other purposes, as consistent with applicable law.

(c) The Attorney General shall take all appropriate action to align the Department of Justice's litigation positions with the purpose and policy of this order.

**Sec. 6**. *Improving Security of Voting Systems.* To improve the security of all voting equipment and systems used to cast ballots, tabulate votes, and report results:

(a) The Attorney General and the Secretary of Homeland Security shall take all appropriate actions to the extent permitted by 42 U.S.C. 5195c

and all other applicable law, so long as the Department of Homeland Security maintains the designation of election infrastructure as critical infrastructure, as defined by 42 U.S.C. 5195c(e), to prevent all non-citizens from being involved in the administration of any Federal election, including by accessing election equipment, ballots, or any other relevant materials used in the conduct of any Federal election.

(b) The Secretary of Homeland Security shall, in coordination with the Election Assistance Commission and to the maximum extent possible, review and report on the security of all electronic systems used in the voter registration and voting process. The Secretary of Homeland Security, as the head of the designated Sector Risk Management Agency under 6 U.S.C. 652a, in coordination with the Election Assistance Commission, shall assess the security of all such systems to the extent they are connected to, or integrated into, the Internet and report on the risk of such systems being compromised through malicious software and unauthorized intrusions into the system.

Sec. 7. *Compliance with Federal Law Setting the National Election Day.* To achieve full compliance with the Federal laws that set the uniform day for appointing Presidential electors and electing members of Congress:

(a) The Attorney General shall take all necessary action to enforce 2 U.S.C. 7 and 3 U.S.C. 1 against States that violate these provisions by including absentee or mail-in ballots received after Election Day in the final tabulation of votes for the appointment of Presidential electors and the election of members of the United States Senate and House of Representatives.

(b) Consistent with 52 U.S.C. 21001(b) and other applicable law, the Election Assistance Commission shall condition any available funding to a State on that State's compliance with the requirement in 52 U.S.C. 21081(a)(6) that each State adopt uniform and nondiscriminatory standards within that State that define what constitutes a vote and what will be counted as a vote, including that, as prescribed in 2 U.S.C. 7 and 3 U.S.C. 1, there be a uniform and nondiscriminatory ballot receipt deadline of Election Day for all methods of voting, excluding ballots cast in accordance with 52 U.S.C. 20301 *et seq.,* after which no additional votes may be cast.

Sec. 8. *Preventing Foreign Interference and Unlawful Use of Federal Funds.* The Attorney General, in consultation with the Secretary of the Treasury, shall prioritize enforcement of 52 U.S.C. 30121 and other appropriate laws to prevent foreign nationals from contributing or donating in United States elections. The Attorney General shall likewise prioritize enforcement of 31 U.S.C. 1352, which prohibits lobbying by organizations or entities that have received any Federal funds.

Sec. 9. *Federal Actions to Address Executive Order 14019.* The heads of all agencies, and the Election Assistance Commission, shall cease all agency actions implementing Executive Order 14019 of March 7, 2021 (Promoting Access to Voting), which was revoked by Executive Order 14148 of on January 20, 2025 (Initial Rescissions of Harmful Executive Orders and Actions), and, within 90 days of the date of this order, submit to the President, through the Assistant to the President for Domestic Policy, a report describing compliance with this order.

Sec. 10. *Severability.* If any provision of this order, or the application of any provision to any agency, person, or circumstance, is held to be invalid, the remainder of this order and the application of its provisions to any other agencies, persons, or circumstances shall not be affected thereby.

Sec. 11. *General Provisions.* (a) Nothing in this order shall be construed to impair or otherwise affect:

(i) the authority granted by law to an executive department or agency, or the head thereof; or

(ii) the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

THE WHITE HOUSE,
*March 25, 2025.*

[FR Doc. 2025–05523
Filed 3–27–25; 8:45 am]
Billing code 3395–F4–P

<u>**Exhibit 24 – Defense Exhibit A at the Hearing**</u>

**List of federal cases prosecuted for voter fraud in the Southern District of Florida reflecting party affiliation**

| | Name | 18 U.S.C. § 611(a) | 52 U.S.C. 20511 | 18 U.S.C. 1015 | Case Number | Party Affiliation |
|---|---|---|---|---|---|---|
| 1 | Pascal J. Corso | 18 U.S.C. § 611(a) | | | 21-cr-60026-AOV | **Unknown** |
| 2 | Jose Carlos Abreu (C.R.V.) | | | 18 U.S.C. 1015(f) | 25-cr-60015-DSL | **Unknown** |
| 3 | Ashley Rivers (Ashley Rad Hillard, per indictment) | | | 18 U.S.C. 1015(f) | 25-cr-60066-MD | **Florida Democratic Party** |
| 4 | Yelyzaveta Demydenko | 18 U.S.C. § 611(a) | 52 USC 20511 | | 25-cr-80068-EA | **Florida Democratic Party** |
| 5 | Svitlana Demydenko | 18 U.S.C. § 611(a) | 52 USC 20511 | | 25-cr-80068-EA | **Florida Democratic Party** |
| 6 | Gordon Louis | 18 U.S.C. § 611(a) | 52 USC 20511(2)(B) | | 25-cr-20237-DPG | **Florida Democratic Party** |
| 7 | Michael Rigby | 18 U.S.C. § 611(a) | | | 25-cr-80095-DMM | **Florida Democratic Party** |
| 8 | Roberto Figueredo | 18 U.S.C. § 611(a) | 52 USC 20511(2)(B) | | 25-cr-80094-AMC | **Independent Party of Florida** |
| 9 | Ortencia Brown | 18 U.S.C. § 611(a) | 52 USC 20511 | | 25-cr-20358-JB | **Florida Democratic Party** |
| 10 | Moises Lima Jr. | 18 U.S.C. § 611(a) | | 18 U.S.C. 1015(f) | 25-cr-60254-MD | **Florida Democratic Party** |
| 11 | Chelsea Michelle Ann Cox | 18 U.S.C. § 611 | | | 25-cr-60249-DSL | **No Party Affiliation** |

**<u>Exhibit 25 -Defense Exhibit B At the Hearing</u>**

**List of Florida state voter fraud cases against Republicans identified by the defense  (including two non-affiliated voters to correct their voter affiliation)**

| State Cases | Party affiliation |
|---|---|
| Charles Barnes | Unaffiliated |
| Jay Ketcik | Republican |
| Joan Halstead | Republican |
| John Rider | Unaffiliated |
| John Rivers | Republican |
| Nathan Hart | Republican |
| Robert Rivernider Jr | Republican |
| Cheryl Hall | Republican |
| Benjamin Richard Paris | Republican (GOP Chairperson) |
| Anthony Steven Guevara | Republican |
| Kevin Bolton | Republican |